D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

HENRY ARGUDO and DIEGO SANAY, on behalf of themselves and others similarly situated,

        Plaintiff,

v.

PAREA GROUP LLC, d/b/a TRATTORIA IL MULINO, IMNY GS LLC d/b/a IL MULINO TRIBECA, GFB RESTAURANT CORP. d/b/a IL MULINO DOWNTOWN, WONDERFUL RESTAURANT LLC d/b/a IL MULINO UPTOWN, BRIAN GALLIGAN, and GERALD KATZOFF,

        Defendants.

-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Parea Group LLC is a New York limited liability company that owns/operates Tratorria Il Mulino on 36 East 20th Street.

5. Defendant IMNY GS LLC is a New York limited liability company that owns/operates Il Mulino in Tribeca, Manhattan.

6. Defendant GFB Restaurant Corp. is a New York limited liability company that owns/operates Il Mulino in Greenwich Village, Manhattan.

7. Defendant Wonderful Restaurant LLC LLC is a New York limited liability company that owns/operates Il Mulino restaurant on the Upper East Side of Manhattan.

8. Defendants Parea Group LLC, IMNY GS LLC, GFB Restaurant Corp, and Wonderful Restaurant LLC LLC are collectively referred to herein as the "Il Mulino Restaurants."

9. Each of the Il Mulino Restaurants has annual gross sales in excess of $500,000.

10. The Il Mulino Restaurants are part of a single integrated enterprise that jointly employed Plaintiffs and those similarly situated at all relevant times.

11. Each of the Restaurants operates under the same trade name, Il Mulino.

12. The Il Mulino Restaurants share the same website: www.ilmulino.com.

13. The Il Mulino Restaurants share common ownership and management, including the Individual Defendants named herein, Gerald Katzoff and Brian Galligan.

14. For example, on Defendant Gerald Katzoff's webpage, he boasts, "Mr. Jerry Katzoff's other recent projects include ... Il Mulino restaurants, ... which entailed Mr. Jerry Katzoff taking a sought-after single location experience and successfully duplicating it in other cities."

15. Another recent article regarding the opening of Tratorria Il Mulino in the Village Voice stated, "Since Jerry Katzoff and his business partner Brian Galligan bought Il Mulino in the West Village back in 2001, they've envisioned expanding the shrine to Abruzzo into an international empire. And slowly but surely, they're amassing locations: In addition to a second Il Mulino New York on the Upper East Side, they've erected additional outlets in Miami, Vegas, and Tokyo, among other places, and they've spun off a second more casual concept, Trattoria Il Mulino, in Orlando (at Disney World) and Atlantic City."

16. The website Grubstreet similarly reported: "Owners Jerry Katzoff and Brian Galligan have opened Il Mulino outposts all over the country, including a new one on the Upper East Side, not so much by duplicating the menu, but by franchising the restaurant's exclusivity itself. 'If you asked me if I was in the restaurant business,' Katzoff says, 'I would say that I'm really in the brand business.'"

17. The Il Mulino Restaurants share the same general management and have centralized payroll practices.

18. Defendants Brian Galligan and Gerald Katzoff are managing owners of the Il Mulino Restaurants. As such they have ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

19. Plaintiff Henry Argudo worked at Il Mulino on 20th Street as a server for about one and a half years through January 2018.

20. Plaintiff Diego Sanay worked at Il Mulino on 20th Street as a server for about four years through January 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all captains, servers, and bartenders employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

23. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

4

24. Plaintiffs bring the state law Claims for Relief (Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all captains, bartenders, and servers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

25. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

26. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

27. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair

and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

c) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiffs and Class members for overtime.

e) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

    f)    Whether Plaintiffs and Class members were forced to share their tips with parties who are not entitled to their tips.

    g)    Whether Defendants provided Plaintiffs and Class members with the proper notices.

## FACTS

32.    Plaintiffs' Consent to Sue forms are attached as Exhibit A.

33.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

34.    Plaintiffs often worked overtime.

35.    For example, Plaintiffs were often scheduled to and in fact did work two double shifts (lunch and dinner) and three dinner shifts in a week.

36.    A double shift typically entailed at least 12 hours of work, as it began at 10:30 am and ended close to midnight, with just a short break in between.

37.    Dinner shifts typically started about 3:30 p.m. and lasted until about midnight, about 8.5 hours.

38.    Thus, in weeks when Plaintiffs worked two double shifts and there dinner shifts, they worked close to 50 hours.

39.    Nevertheless, Defendants regularly altered Plaintiffs' time cards on these weeks and paid them for less than 40 hours.

40.    Defendants paid Plaintiffs pursuant to the New York food service workers minimum wage. This amount was at all times less than the relevant New York minimum wages and, for 2015, less than the federal minimum wage.

41. Defendants were not entitled to use federal or state tip credits to pay Plaintiffs less than the minimum wage, because (a) they did not give Plaintiffs proper notices of the tip credit, (b) they required Plaintiffs to share tips with tip ineligible individuals, and (c) they at times required Plaintiffs to spend more than 20% of their shifts performing non-tipped work.

42. Defendants did not give Plaintiffs proper notices of the tip credit, as required by NYLL § 195.

43. Defendants required all members of the service teams at their restaurants, including Plaintiffs, to pool their tips.

44. These mandatory tip pools included individuals that did not provide customer service, such as expediters and individuals referred to as "bussers" who in fact performed dishwashing duties for entire shifts.

45. When Plaintiffs worked lunch only shifts, they typically worked from 10:30 a.m. until 3:30 p.m. However, the restaurant did not open for service until 12:00 p.m. Plaintiffs were required to spend the first one and a half hours of their five hour shifts performing non-tipped sidework, such as setting up and arranging the dining room.

46. Plaintiffs' weekly pay statements did not contain accurate statements of their hours worked, in violation of NYLL § 195(3).

47. Defendants knew that nonpayment of minimum wage/overtime and improperly forcing and/or the Plaintiffs to share their tips with management would economically injure Plaintiffs and violated federal and state laws.

48. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)
### (Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

49. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

51. Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

52. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
### (Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

55. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules

of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plianitffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

56.  Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

57.  Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58.  Defendants knowingly failed to pay Plaintiffs and the Class membersthe full New York State minimum wage for all hours worked.

59.  Defendants' failure to pay Plaintiffs and the Class members the New York minimum wage was willful.

60.  As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

61. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

62. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

63. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

64. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)
(Brought by Plaintiffs on Behalf of Themselves and the Class)

65. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

66. Defendants willfully retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

67. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

68. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

69. Defendants did not provide Plaintiffs and members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

70. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 25, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.