**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

HENRY ARGUDO and DIEGO SANAY, on behalf
of themselves and others similarly situated,

                             Plaintiffs,

       -against-

PAREA GROUP LLC, d/b/a TRATTORIA IL
MULINO, IMNY GS LLC d/b/a IL MULINO
TRIBECA, GFB RESTAURANT CORP. d/b/a IL
MULINO DOWNTOWN, WONDERFUL
RESTAURANT LLC D/B/A IL MULINO UPTOWN,
K.G. IM MANAGEMENT, LLC, BRIAN
GALLIGAN, and GERALD KATZOFF,

                          Defendants.

---

Case No. 1:18-cv-678 (JMF) (HBP)

Civil Action

**ORAL ARGUMENT REQUESTED**

---

**MEMORANDUM OF LAW ON BEHALF OF PAREA GROUP LLC, d/b/a TRATTORIA**
**IL MULINO IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED**
**COMPLAINT**

---

Cole Schotz P.C.
Randi W. Kochman
Lauren M. Manduke
1325 Avenue of the Americas
19th Floor
New York, NY  10019
(212) 752-8000
*Attorneys for Defendant Parea*
*Group LLC, d/b/a Trattoria Il*
*Mulino*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................. ii

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY .............................. 3

LEGAL ARGUMENT ..................................................................................................................... 5

    I.    STANDARD OF REVIEW ................................................................................................ 5

    II.    THE AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS TO PAREA BECAUSE PLAINTIFFS FAIL TO SATISFY THE NOTICE PLEADING REQUIREMENTS OF THE FEDERAL RULES AND THE SUPREME COURT ......... 7

        A.    THE COURT SHOULD DISMISS COUNTS ONE AND TWO FOR RELIEF UNDER THE FLSA BECAUSE PLAINTIFFS FAIL TO SUFFICIENTLY DEMONSTRATE THAT PAREA IS THE EMPLOYER ..................................... 8

            1.    PAREA IS NOT AN EMPLOYER UNDER THE FORMAL TEST ....... 11

            2.    PAREA IS LIKEWISE NOT AN EMPLOYER UNDER THE FUNCTIONAL TEST ............................................................................... 14

        B.    THE COURT SHOULD ALSO DISMISS COUNTS THREE, FOUR, AND FIVE BECAUSE PAREA IS NOT AN EMPLOYER UNDER THE NYLL ................ 16

CONCLUSION ................................................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Quraan v. 4115 8th St. NW, LLC*,
   113 F. Supp. 3d 367 (D.D.C. 2015) .......................................................................12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) ................................ *passim*

*Camara v. Kenner*,
   2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018) .......................................9, 10, 11, 16

*Cenage Learning, Inc. v. Buckeye Books*,
   531 F. Supp.2d 596 (S.D.N.Y. 2008) .......................................................................8

*Chen v. Domino's Pizza, Inc.*,
   2009 WL 3379946 (D.N.J. Oct. 16, 2009) ..............................................................15

*Dunham v. City of N.Y.*,
   2018 WL 1305460 (S.D.N.Y. Mar. 13, 2018) ...........................................................7

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ................................................................................5, 6

*Garcia v. Vill. Red Rest. Corp.*,
   No. 15 CIV. 62 92 (JCF), 2017 WL 1906861 (S.D.N.Y. May 8, 2017) ..................16

*Hugee v. SJC Grp., Inc.*,
   No. 13 CIV. 0423 GBD, 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013) .............9, 17

*Lawrence v. Adderley Indus., Inc.*,
   No. CV-09-2309 SJF ETB, 2011 WL 666304 (E.D.N.Y. Feb. 11, 2011) ..........14, 15

*LLM Bar Exam, LLC v. Barbri, Inc.*,
   271 F. Supp.3d 547 (S.D.N.Y. 2017) .......................................................................6

*Mao v. Sands Bethworks Gaming LLC*,
   No. 15-CV-6252, 2016 WL 1717220 (S.D.N.Y. Apr. 28, 2016) ......................15, 16

*Nieto v. Village Red Rest. Corp.*,
   2017 WL 4539327 (S.D.N.Y. Oct. 6, 2017) ...........................................................16

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) .............................................................8

*Olvera v. Bareburger Grp. LLC,*
    73 F. Supp. 3d 201 (S.D.N.Y. 2014)......................................................................................10

*Thomas v. Westchester Cty. Health Care Corp.,*
    232 F. Supp. 2d 273 (S.D.N.Y. 2002)...................................................................................7

**Statutes**

29 U.S.C. § 203(d) ......................................................................................................................16

29 U.S.C. § 203(e)(1)..................................................................................................................10

29 U.S.C. § 203(g) ......................................................................................................................10

NYLL § 190(3) ............................................................................................................................16

NYLL § 195 ..................................................................................................................................4

This Memorandum of Law is respectfully submitted on behalf of Defendant, Parea

Group LLC, d/b/a *Trattoria Il Mulino* ("Parea" or the "Company"), in support of its motion,

pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the March 22, 2018 Amended Complaint

("Amended Complaint" or "AC")[1] filed by Plaintiffs, Henry Argudo and Diego Sanay, on behalf

of themselves and others similarly situated (collectively, "Plaintiffs"), in its entirety as to Parea.

## PRELIMINARY STATEMENT

The flaws in the Amended Complaint are twofold:

First, dismissal is warranted because Plaintiffs fail to allege with the required specificity

facts necessary to support their contention that Parea is liable to Plaintiffs under the governing

wage and hour laws.  Stated differently, while Plaintiffs generally allege that **all** of the captioned

defendants violated certain Federal and State employment laws, Plaintiffs fail to make specific

allegations detailing which of the defendants purportedly did what, when, and with what

authorization.  Indeed, out of 80 paragraphs in the Amended Complaint, **a mere ten paragraphs**

contain allegations (albeit conclusory) relating specifically to Parea.  It is no surprise that the

Amended Complaint is vague and conclusory as to Parea.  Had Plaintiffs attempted to provide

detail as to Parea's role with respect to the alleged improper conduct, they would have to

acknowledge that Parea is not the employer and had no role in the conduct challenged here.

Because claims based on a theory of collective responsibility (such as the Plaintiffs' claims) are

insufficient to satisfy the notice pleading requirement of the Federal Rules as interpreted by the

Supreme Court, the Amended Complaint must be dismissed as to Parea.

Second, the Amended Complaint further fails as to Parea for the simple reason that it

cannot be disputed that Parea is not, and has never been, Plaintiffs' employer.  Tellingly, the

---

[1] A copy of the Amended Complaint is attached to the Declaration of Lauren M. Manduke, Esq. dated
April 5, 2018 ("Manduke Dec.") as Exhibit "A".

Amended Complaint does not come close to alleging the necessary employee-employer relationship under the governing Fair Labor Standards Act ("FLSA") or under the New York Labor Law ("NYLL"). Indeed, as Plaintiffs correctly note in the Amended Complaint, Parea has no operational control over the restaurant at issue, Trattoria Il Mulino ("Il Mulino"). To the contrary, such control lies exclusively with defendant K.G. IM Management, LLC ("K.G. IM") and/or its principals.

By way of brief background, Parea and K.G. IM executed a Management Agreement effective as of May 31, 2013 (the "Agreement")[2] that bestows K.G. IM with the exclusive authority and control to "manage and operate" Il Mulino during all times relevant to this action. As a result, as Plaintiffs themselves allege, operational control of Il Mulino is vested solely in K.G. IM and its principals, defendants Brian Galligan ("Galligan") and Gerald Katzoff ("Katzoff") (K.G. IM, Galligan, and Katzoff are referred to herein collectively as the "Manager"). Indeed, the Agreement provides that K.G. IM is the employer and **not** Parea, stating in pertinent part:

> **All employees shall be the employees or independent contractors of the Manger [K.G. IM]** or its subsidiaries **and not the employees or independent contractors of the Company [Parea].**")

[Agreement, § 6 (emphasis added).]

Likewise, Section 3 of the Agreement confirms that K.G. IM has decision-making authority in the day-to-day operations, direction, and supervision of Il Mulino -- not Parea. Section 6 similarly provides that K.G. IM is charged with hiring, training, supervising, and paying all Restaurant employees, such as Plaintiff. Simply stated, the Agreement places absolute and total

---

[2] A copy of the Agreement is attached as Exhibit "B" to the Manduke Dec.

control of Il Mulino with K.G. IM.  If Plaintiffs are entitled to any relief in this action, they can look no further than K.G. IM, Galligan, and/or Katzoff.

For these reasons, Plaintiffs have not shown, and cannot show, that they have the right to proceed beyond the pleading stage as to Parea.  The Amended Complaint fails to state a plausible claim that Parea was the employer subject to liability under the FLSA and/or NYLL. Accordingly, the Amended Complaint should be dismissed, in its entirety as to Parea and without further delay.

<u>**STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY**</u>

For the purposes of this motion, unless otherwise provided by the terms of the applicable documents, including the Agreement, Parea accepts as true Plaintiffs' allegations contained in the Amended Complaint.  A recitation of the salient facts and procedural history is as follows:

Parea is the owner of Il Mulino restaurant located at 36 East 20th Street, New York, New York.  AC, ¶ 4.  In or about May 2013, Parea and K.G. IM executed the Agreement for the management and operation of Il Mulino.  *See* Agreement (Manduke Dec., Ex. B).  Plaintiffs' employment at Il Mulino began after the execution of the Agreement.  AC, ¶¶ 29-30.  Section 3 of the Agreement outlines K.G. IM's duties and specifically provides that K.G. IM will "operate and manage the Restaurant[3]" on behalf of Parea and will "manage the Company's rights and obligations with respect to the Restaurant."  Agreement, § 3.1.  That includes bestowing K.G. IM with "decision-making authority in the day-to-day operation, direction, management and supervision of the Restaurant and authority with respect to the Restaurant."  *Id.*  This explicitly includes "hiring, training, [and] **compensation**...."  *Id.* at 3.1(a) (emphasis added).  Section 3.3 of the Agreement further requires K.G. IM to "perform its obligations hereunder in full compliance

---

[3] "Restaurant" is defined in the Agreement as Il Mulino.  *See* Agreement, First Whereas Clause.

with all applicable laws, rules and regulations, all applicable licenses and permits, and all terms and provisions of the License Agreement."  *Id.* at § 3.3.

Section 6 of the Agreement similarly provides that K.G. IM "shall, on the Company's behalf, **hire, train, supervise and pay** all Restaurant employees and other personnel necessary to fulfill its obligations hereunder with respect to the Restaurant."  Agreement, § 6 (emphasis added).  The Agreement also unambiguously provides that K.G. IM is the employer and **not** Parea.  *Id.* at § 6 ("**All employees shall be the employees or independent contractors of the Manger [K.G. IM] or its subsidiaries and not the employees or independent contractors of the Company [Parea]**.") (emphasis added).

Plaintiffs initiated this action by Complaint filed on January 25, 2018 and refiled on January 26, 2018 alleging various wage and hour claims against several entities including Parea. [Doc. Nos. 1 & 4.]  Plaintiffs filed the Amended Complaint on March 22, 2018, this time naming K.G. IM, Galligan, and Katzoff as defendants.  [Doc. No. 31.]  Plaintiffs assert six causes of action against all defendants, with each count relating to various wage and hour claims purportedly arising under the FLSA and/or NYLL.  *See* AC, ¶¶ 59-80.

Plaintiffs, however, lump defendants together throughout the Amended Complaint without identifying in any manner whatsoever what each defendant allegedly did or did not do. *Id.* at ¶¶ 49-58.  Instead, Plaintiffs make sweeping allegations that all of the defendants "regularly altered Plaintiffs' time cards on these weeks and paid them for less than 40 hours," AC, ¶ 49, and that "[d]efendants paid Plaintiffs … less than the relevant New York minimum wages and, for 2015, less than the federal minimum wages."  *Id.* at ¶ 50.  Plaintiffs similarly generally allege that "[d]efendants did not give Plaintiffs proper notices of the tip credit, as required by NYLL § 195, *id.* at ¶ 52, and that "[d]efendants committed the foregoing acts against

Plaintiffs…." *Id.* at ¶ 58.  Plaintiffs do not allege who authorized the alleged improper conduct, who performed the purported bad acts on behalf of each defendant or allege any other pertinent and required information.  *See id.* at ¶¶ 42-80.  On the rare occasion Plaintiffs assert their allegations with any specificity, those allegations confirm without doubt that K.G. IM is the employer, not Parea.

First, Plaintiffs allege that K.G. IM's principals, Galligan and Katzoff, "are managing owners of the Il Mulino Restaurants" and, "[a]s such[,] **they have ultimate authority over employees' rate of pay, schedules, hiring and firing, and maintenance of employment records**."  AC, ¶ 18 (emphasis added).  Plaintiffs further acknowledge that K.G. IM was "hired by Parea [] to run the day to day operations of [] Il Mulino."  *Id.* at ¶ 19.  Next, Plaintiffs allege in the Amended Complaint that "KGIM is responsible to maintain full and adequate payroll records for [] Il Mulino's employees," *id.* at ¶ 24, and that "KGIM is responsible for issuing monthly reports to Parea relating to budgets and operations of [] Il Mulino."  *Id.* at ¶ 26.  K.G. IM, as conceded by Plaintiffs, is the unequivocal employer with respect to Il Mulino.

Because there can be no doubt that it was improperly named in this action, Parea now brings this motion to dismiss the Amended Complaint as to Parea in its entirety.

## LEGAL ARGUMENT

### I.      STANDARD OF REVIEW

The Amended Complaint falls woefully short of satisfying the binding precedent regarding "[s]tandards of pleading [that] have been in the forefront of jurisprudence in recent years."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).  With the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss."

*Id.* at 210.  Indeed, "threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Id.* (internal quotations omitted).[4]

Stated another way, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (citation omitted).  Therefore, "[t]o prevent

dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim

is facially plausible.  This then 'allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.'"  *Fowler, supra*, 578 F.3d at 210 *(quoting Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. at 555).

Consistent with those pleading requirements, the Third Circuit has articulated the

following approach for trial courts evaluating the sufficiency of a pleading under Rule 12(b)(6):

> [W]hen presented with a motion to dismiss for failure to state a claim, district
> courts should conduct a two-part analysis.  First, the factual and legal elements of
> a claim should be separated.  The District Court must accept all of the complaint's
> well-pleaded facts as true, but may disregard any legal conclusions.  Second, a
> District Court must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a 'plausible claim for relief.'

> [*Fowler, supra*, 578 F.3d at 210–11 (internal citations omitted).]

This Court has adopted the *Fowler* approach.  *See LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F.

Supp.3d 547, 575 (S.D.N.Y. 2017).  Thus, the Court must determine whether the Amended

Complaint contains enough factual matter (taken as true) to suggest the required elements of the

claims asserted.  *Id.*  Moreover, a complaint that pleads facts "merely consistent with a

defendant's liability, stops short of the line between possibility and plausibility of entitlement of

---

[4] The *Iqbal* decision makes clear that the *Twombly* "facial plausibility" pleading requirement applies to all
civil suits in the federal courts.  *Fowler*, 578 F.3d at 210.

relief" and is insufficient. *Dunham v. City of N.Y.*, 2018 WL 1305460, *5 (S.D.N.Y. Mar. 13, 2018) (citations omitted).

Finally, a court deciding a Rule 12(b)(6) motion may consider certain materials beyond the four corners of the complaint. This includes documents attached to, or documents specifically incorporated by reference in, a complaint such as the Agreement. *See Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) ("In considering a motion to dismiss, the Court may consider documents attached as an exhibit thereto or incorporated by reference, documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference, and matters of which judicial notice may be taken.") (internal citations omitted).

Applying the above standards, Plaintiffs have failed to plead facts sufficient to establish any of their claims against Parea. Accordingly, Parea's motion should be granted and the Amended Complaint dismissed.

II. **THE AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS TO PAREA BECAUSE PLAINTIFFS FAIL TO SATISFY THE NOTICE PLEADING REQUIREMENTS OF THE FEDERAL RULES AND THE SUPREME COURT**

Each claim in the Amended Complaint should be dismissed because Plaintiffs have improperly lumped all defendants (including the moving party here - Parea) together in the Amended Complaint, which is devoid of particularized and specific allegations as to each defendant and claim. As a result, Parea is left to guess as to that particular conduct of which it is accused, making its defense against Plaintiffs' hollow claims impossible. Those vague and unfocused allegations are precisely the types the *Twombly* and *Iqbal* pleading standards are designed to preclude.

7

Because Plaintiffs generally allege violations of the FLSA and NYLL, but do not set out sufficient facts relating to the specific alleged conduct of each defendant giving rise to these claims, the Amended Complaint should be dismissed.  *See Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, 2012 WL 6082387, *5-6 (S.D.N.Y. Dec. 3, 2012) (granting defendant's motion to dismiss, with prejudice, noting that even if the plaintiff's designs were copyrightable, the court would still dismiss the copyright case because it is insufficiently plead because plaintiff lumped together the allegations against the various defendants and holding: "Where a complaint names multiple defendants, that complaint **must provide a plausible factual basis to distinguish the conduct of each of the defendants**.") (emphasis added) (citing *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001)); *Cenage Learning, Inc. v. Buckeye Books*, 531 F. Supp.2d 596, 599 (S.D.N.Y. 2008) (finding that when defendants are "separate entities and are presumptively entitled to have independent existence," plaintiff must establish a basis for subjecting each of them, individually, to the jurisdiction of the court). Indeed, a plaintiff cannot, as Plaintiffs do here, merely "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Ochre*, *supra*, at * 6.

The below subsections demonstrate the reasons why each specific Count should be dismissed for failure to state a claim as to Parea.

### A.     The Court Should Dismiss Counts One and Two For Relief Under the FLSA Because Plaintiffs Fail to Sufficiently Demonstrate that Parea is the Employer

Setting aside Plaintiffs' fatal pleading defects, the First and Second Counts should also be dismissed because it cannot be disputed that Parea is not an employer under the FLSA.

To prevail on their wage and hour claims against Parea, Plaintiffs must first and foremost specifically allege facts that establish an employer-employee relationship with Parea.  Stated differently, to survive a motion to dismiss with respect to the First and Second Counts, Plaintiffs

must establish, *inter alia*, that Parea falls within the definition of an "employer" under the FLSA. *See Camara v. Kenner*, 2018 WL 1596195, * 6 (S.D.N.Y. Mar. 29, 2018) ("Liability under the FLSA extends only to "employer[s]." (citing 29 U.S.C. § 216(b))).

When evaluating whether an employee-employer relationship exists, courts look to the economic reality of the relationship rather than technical concept. *Camara, supra*, 2018 WL 1596195 at * 6. Thus, the overarching question is not whether the employer had some type of control over the business, but rather, whether the employer possessed sufficient (not absolute) power to **control the workers and aspects of employment** covered by FLSA. *Hugee v. SJC Grp., Inc.*, No. 13 CIV. 0423 GBD, 2013 WL 4399226, at *4 (S.D.N.Y. Aug. 14, 2013). The FLSA does not require extensive supervision of employees, nor does it require any sort of absolute control of one's employees. *Id* at *5. This is significant because, under the FLSA, the fact that a defendant may have some control over certain aspects of the business, such as marketing or sales, is entirely inconsequential.

Instead, the key question is **whether the defendant had control over the day-to-day responsibilities of the employees alleging a violation**. *Id* at *6 (holding that the company was not a joint employer with another because, along with other facts, it had no power to hire or fire employees and exercised little control over plaintiffs and noting that "[i]n the economic realities test, the pertinent inquiry is whether the purported joint employer exercised control over the employee's day-to-day conditions of employment.") (internal quotes omitted). Here, Plaintiffs fail to allege such control by Parea in their Amended Complaint. Without such control, Plaintiffs' FLSA claims must fail.

Plaintiffs' claims further fail under both tests utilized by the Second Circuit to determine whether an employee-employer relationship exists. The FLSA defines an "employee" as "any

individual employed by an employer." 29 U.S.C. § 203(e)(1).  To "employ" is defined as one who "suffer[s] or permit[s]" an employee to work. 29 U.S.C. § 203(g).  "For an individual to be an employer, there must be more than just 'evidence that the individual is an owner … or otherwise makes corporate decisions that have nothing to do with an employee's function….  Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment."  *Camara, supra*, at * 6 (granting summary judgment dismissing all claims against moving defendants finding that same were not employers under the FLSA or NYLL because they appeared to be "passive investors with no role in, much less formal or functional control over, the day-to-day operations of the [store at issue]" and, with respect to the other defendant, because he had "no involvement in supervising delivery personnel and d[id] not make hiring or firing decisions with regard to delivery personnel.") (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013)).

In assessing the "economic reality" of an employer-employee relationship, the Court of Appeals for the Second Circuit employs two tests.  *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 205 (S.D.N.Y. 2014).  The first test is called the "Formal Test" ("Formal Test").  Under the Formal Test, courts employ a 4-prong analysis to evaluate the degree of formal control an employer has over an employee.  *Id.*  A court also assesses whether an employer may qualify as a joint employer under the second test employed by the Second Circuit, which is commonly referred to as the "*Zheng* Test" or the "Functional Control Test" ("Functional Test").  The Functional Test applies in cases of joint employment[5] where more than one entity has control over an employee.  *Id.*  Under either the Formal Test or the Functional Test (to the extent even

---

[5] Plaintiffs do not allege a joint employer theory of liability as to Parea and Parea assesses the inapplicability of the Functional Test solely for completeness..

applicable), Plaintiffs fail to allege sufficient facts to show that Parea qualifies as an employer

under the FLSA.

### 1.   Parea is not an Employer Under the Formal Test

Under the Formal Test, courts consider the following factors in determining whether an

employee-employer relationship exists:

> [W]hether the alleged employer (1) had the power to hire and fire
> the employees, (2) supervised and controlled employee work
> schedules or conditions of employment, (3) determined the rate
> and method of payment, and (4) maintained employment records.
>
> [*See Camara*, *supra*, 2018 WL 1596195 at * 7.]

The factors themselves are not dispositive; however, they are guides in evaluating the extent of

the business relationship.  *Id.*  In the case at bar, Parea has unambiguously and legitimately

contracted away any operational control over Il Mulino through the Agreement.  *See* Statement

of Facts ("SOF"), *supra*, pp. 4-6.  The Arrangement between K.G. IM and Parea is exactly the

type of strategically oriented scheme that falls outside the scope of the FLSA.

The Amended Complaint makes clear, through the Agreement, that K.G. IM is the

employer.  Agreement, § 6 ("**All employees shall be the employees or independent**

**contractors of the Manger [K.G. IM]** or its subsidiaries **and not the employees or**

**independent contractors of the Company [Parea].**") (emphasis added).  The Agreement

makes equally clear that K.G. IM has sole authority to "operate and manage the Restaurant" on

behalf of Parea.  *Id.* at § 3.1(a).  As explained above, K.G. IM also has absolute authority in

"hiring, training, compensation, supervision, and discharge" of all K.G. IM employees.  SOF,

*supra*, p. 4.  Indeed, it is K.G. IM that creates the schedules for employees, pays employees, and

oversees employees' work—not Parea.  *Id.*

Here, Plaintiffs' allegations, taken as true, fail to state a claim upon which relief may be

granted.  The Amended Complaint is devoid of any facts to support any reasonable inference that

Parea is liable for the misconduct alleged as employer.  To the contrary, of the few paragraphs in the Amended Complaint that even mention Parea, all ignore the clear terms of the Agreement and are comprised of entirely conclusory statements that fail to demonstrate that an employee-employer relationship existed between the parties. As a result, Plaintiffs fail to allege facts in their Amended Complaint that establish the existence of an employee-employer relationship under the Formal Test.  *See* AC, ¶¶ 42-80.  Such deficiency is fatal to their claim for relief.  *Al-Quraan v. 4115 8th St. NW, LLC*, 113 F. Supp. 3d 367 (D.D.C. 2015) is instructive.

There, the employee-plaintiff, who worked at a boarding house as a resident assistant, brought an action against the limited liability company that owned the boarding house and an investor in the LLC.  The plaintiff claimed that his compensation, in the form of rent reduction, was significantly less than the minimum wage required by the FLSA.  *Al-Quraan*, *supra*, 113 F. Supp.3d at 368-69.  The investor moved to dismiss for failure to state a claim.  The court, applying the Formal Test, granted the motion to dismiss finding that plaintiff had failed to allege that the defendant investor had any "involvement in managing employee work schedules or conditions of employment, maintained any employment records, or had the power to hire and fire Plaintiff or any other employees."  *Id.* at 370.  Similarly here, Plaintiffs fail to allege sufficient facts to establish even the possibility of an employee-employer relationship.  AC, ¶¶ 42-80.  To the contrary, Plaintiffs allege that *K.G. IM*, *Galligan*, and *Katzoff* have, "authority over employees' rates of pay, schedules, hiring, and firing, and maintenance of employment records[,]" and not Parea.  *Id.* at ¶¶ 18-19.

As a final matter, Plaintiffs attempt to distract from the undisputed fact that K.G. IM is the employer, and not Parea, by alleging that Parea retains authority over all of K.G. IM's

*business* decisions.  It remains clear, however, under the actual provisions of the Agreement that K.G. IM has exclusive control over all decisions relating to the <u>employees</u>.

For example, Plaintiffs allege that Parea retains "ultimate authority over all of KGIM's decisions," AC, ¶ 20, and that K.G. IM must abide by certain "Operating Standards" that Parea established.  *Id.* at ¶ 21.  The Agreement, however, clearly provides that K.G. IM is engaged, by Parea, to "(i) operate and manage the Restaurant for the account of, and on behalf of, the Company [Parea] on an **exclusive basis**…."  Agreement, § 3.1 (emphasis added).  The Agreement likewise defines "Operating Standards" as the operating standards outlined in the licensor's operations manuals relating to items like fixtures, equipment, décor, and marketing and absolutely nothing to do with actual control over the Restaurant's employees.  *Id.* at § 1.

Plaintiffs also allege that "Parea must approve and has complete authority to make changes to Il Mulino's annual budget, which include payroll costs, which are set initially by KGIM."  AC, ¶ 23.  This allegation is, again, contradicted by the actual terms of the Agreement which provide that "[t]he parties acknowledge that Manager [K.G. IM] shall prepare the Proposed Annual Operating Budget consistent with the goal of optimizing cash flow."  Agreement, § 3.1(g).  Section 5.1 of the Agreement further provides that K.G. IM dictates the annual operating budget by providing Parea with balance sheet data, cash flow with respect to Il Mulino, and any other information recommended by K.G. IM.  *Id*. at § 5.1.

Plaintiffs further allege that the payroll records are Parea's property, AC, ¶¶ 24-25, and that Parea has authority over the "hiring and firing of employees, staffing and payroll practices" of Il Mulino.  *Id.* at ¶ 28.  Plaintiffs, however, tellingly fail to cite any support in the Agreement for their claims.  To the contrary, Section 6 of the Agreement provides that "Manager [K.G. IM] shall maintain all personnel and payroll records and manage all Employee benefits programs,

including, but not limited to, health insurance, dental insurance, short and long term disability plans, life insurance….”  Agreement, § 6.  Similarly, Section 3.1(a) of the Agreement confirms that K.G. IM maintains exclusive “authority and obligations with respect to the Restaurant, as the case may be, [and] shall include: (a) **hiring**, **training**, compensation, supervision and discharge and determining the number of Restaurants personnel.”  *Id.* at § 3.1(a) (emphasis added); *see also* § 6 (“Manager [K.G. IM] shall, on the Company's behalf, **hire**, **train**, supervise and pay all Restaurant employees and other personnel (“Employees”) necessary to fulfill its obligations hereunder with respect to the Restaurant.”) (emphasis added).  There can simply be no doubt that K.G. IM controls all facets of the employee relationship with Il Mulino.

In light of the foregoing, Plaintiffs fail to allege sufficient facts in the Amended Complaint under the Formal Test to survive Parea's motion to dismiss with respect to Counts One and Two of the Amended Complaint.

### 2.      Parea is likewise not an Employer Under the Functional Test

While Plaintiffs do not allege that Parea is a joint employer, even if they did, Plaintiffs' claims would still fail as to Parea under the Functional Test.

Pursuant to the Functional Test, even when formal control is lacking, a court may find that an employer exercised “functional control” over an employee.  *See Lawrence v. Adderley Indus., Inc.*, No. CV-09-2309 SJF ETB, 2011 WL 666304, at *7 (E.D.N.Y. Feb. 11, 2011) (granting defendant Cablevision's motion for summary judgment and dismissing the complaint, with prejudice, against Cablevision finding that Cablevision is not the joint employer of plaintiff within the meaning of both the FLSA and the NYLL).  The Second Circuit has declined to delineate precise factors for the Functional Test; however, several factors are routinely considered:

(1) whether [the putative employer]'s premises and equipment were used for the plaintiffs' work; (2) whether the [entity at issue] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the putative employer]'s process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [putative employer] or (its) agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the putative employer].

[*Id.* (internal citations omitted).]

Thus, to establish that an entity is a joint employer under the FLSA, the party alleging a violation must allege sufficient facts in its complaint that rise above the "formulaic recitation of the elements of the cause of action." *Twombly*, *supra*, 550 U.S. at 554–56.

In this matter, Plaintiffs have failed to allege a single fact specifically as to Parea that would come close to satisfying the Functional Test. *See* AC, ¶¶ 42-80. Pleadings like the Amended Complaint, with barebones facts that fail to adequately allege the existence of an employee-employer relationship and merely lump defendants together, have been routinely dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Consider *Chen v. Domino's Pizza, Inc.*, 2009 WL 3379946 (D.N.J. Oct. 16, 2009).

In *Chen*, the plaintiffs alleged that Domino's franchise violated the FLSA by failing to pay wages and overtime. Domino's moved to dismiss the complaint for failure to state a claim. The Court granted Domino's motion, finding that the plaintiff-employees "simply [made] the conclusory statement that Domino's is an employer within the meaning" of the FLSA and that the complaint failed to "make any specific allegations against Domino's to support this contention." *Id.* at * 4. Here, like in *Chen*, the Amended Complaint must be dismissed because Plaintiffs fail to allege any facts to support the contention that Parea is an employer under the FLSA or that meet the pleading standard of *Twombly*. *See Mao v. Sands Bethworks Gaming*

15

*LLC*, No. 15-CV-6252, 2016 WL 1717220, *4 (S.D.N.Y. Apr. 28, 2016) (holding that plaintiffs failed to establish with sufficient specificity the existence of an employer-employee relationship under the FLSA); *Nieto v. Village Red Rest. Corp.*, 2017 WL 4539327, at *3 (S.D.N.Y. Oct. 6, 2017) (finding that the defendant was not a joint employer where defendant did not have the power to hire or fire, set wages, maintain employment records, control employee schedules, or set conditions of employment); *Garcia v. Vill. Red Rest. Corp.*, No. 15 CIV. 62 92 (JCF), 2017 WL 1906861, at *4 (S.D.N.Y. May 8, 2017) (granting in part defendant's motion to dismiss under FLSA and NYLL because plaintiff failed to allege that defendant exercised operational authority over the restaurant, indirectly influenced the employee's terms of employment, or played any role in running the restaurant).  Accordingly, Counts One and Two fail under the Functional Test, like they do under the Formal Test, and should be dismissed.

### B.    The Court Should Also Dismiss Counts Three, Four, and Five Because Parea is Not an Employer Under the NYLL

For largely the same reasons explained above, Plaintiffs cannot establish that Parea is an employer under the NYLL.  Like under the FLSA, establishing that Parea is an employer pursuant to the NYLL is a prerequisite to surviving a motion to dismiss.  *Camara, supra*, 2018 WL 1596195 * 7 ("Liability under the NYLL similarly extends only to "employer[s]" and their "agent[s].") (citing N.Y. Lab. Law § 662(1).)

The standard for employer status under the NYLL is indistinguishable from that of the FLSA.  Specifically, the language of 29 U.S.C. § 203(d) with respect to the definition of an employer under the FLSA is nearly identical to that of NYLL § 190(3), which defines an employer as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."  *See* NYLL § 190(3).  The Second Circuit and this Court have consistently applied the same tests to determine whether an

employee-employer relationship exists under the FLSA and NYLL.  *See Hugee*, *supra*, 2013 WL 4399226, at *11 (holding that plaintiff had failed to allege sufficient facts to support allegations that defendant was an employer under NYLL or the FLSA).

Accordingly, for all of the reasons Plaintiffs fail to state viable claims against Parea in the First and Second Counts under the FLSA, Counts Three, Four, and Five under the NYLL also fail and should be dismissed.  *See* § II(A), *supra*.

## **CONCLUSION**

The pleading requirements set forth in the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court, are designed to promote fairness in litigation. Paramount among those requirements is that defendants be confronted with allegations that are asserted with sufficient detail so as to allow them to respond appropriately.  Because Plaintiffs have failed to do so here, this Court should enter an Order dismissing the Amended Complaint, with prejudice, as to Parea.


DATED:  New York, New York           COLE SCHOTZ P.C.
          April 5, 2018                           *Attorneys for Parea Group, LLC, d/b/a*
                                               *Trattoria Il Mulino*


                                        By: */s/ Randi W. Kochman*
                                            Randi W. Kochman
                                            Lauren M. Manduke
                                            1325 Avenue of the Americas
                                            19th Floor
                                            New York, NY 10022-4728
                                            (212) 752-8000