USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/25/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                       :

HENRY ARGUDO, et al.,                          :

                        Plaintiffs,            :         18-CV-678 (JMF)

              -v-                         :        MEMORANDUM OPINION
                                         :             AND ORDER
PAREA GROUP LLC, et al.,                   :

                      Defendants.          :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs, former servers at Trattoria Il Mulino ("Il Mulino") in Manhattan, bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 193, 196-d, 198-b, 650 *et seq.*, against the Parea Group LLC ("Parea"), doing business as Trattoria Il Mulino; IMNY GS LLC, doing business as Il Mulino Tribeca; GFB Restaurant Corp., doing business as Il Mulino Downtown; Wonderful Restaurant LLC, doing business as Il Mulino Uptown; K.G. IM Management, LLC ("KGIM"); Brian Galligan; and Gerald Katzoff. (*See* Docket No. 31 ("Am. Compl."), at ¶¶ 4, 29-30, 59-80). Although most Defendants have answered, Parea moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. (Docket No. 35). Parea — which owns Trattoria Il Mulino, one of the restaurants at issue, but contracts with KGIM to operate the restaurant — contends that it does not qualify as Plaintiffs' "employer" for purposes of the FLSA or NYLL. (Docket No. 35, Ex. 4, at 1-2).

      Whether the allegations with respect to Parea are sufficient to establish an employer-employee relationship is a close question. But, mindful of the fact that the prevailing tests in this Circuit are "fact-intensive," *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 76 n.13 (2d Cir. 2003); *see also, e.g.*, *Tulino v. City of New York*, No. 15-CV-7106 (JMF), 2018 WL 1568970, at *5 (S.D.N.Y. Mar. 27, 2018); *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 1:16-CV-5735 (GHW), 2017 WL 2600051, at *7 (S.D.N.Y. June 15, 2017), and that the Court must treat the allegations in the Amended Complaint as true and draw all reasonable inferences in Plaintiffs' favor, *see, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam), the Court concludes that Parea's motion falls short. Among other things, the Amended Complaint alleges that "Parea retains ultimate authority over all of KGIM's decisions"; that "Parea requires KGIM to abide by certain 'Operating Standards' that Parea established"; that "Parea must approve and has complete authority to make changes to Trattoria Il Mulino's annual budget, which include [sic] payroll costs"; that Plaintiffs' payroll records are Parea's property; that "Parea, not KGIM, issued paychecks directly to Il Mulino employees" during certain periods relevant here; and that, pursuant to the agreement between Parea and KGIM, "Parea has clear ultimate authority over the hiring and firing of employees, staffing and

payroll practices at Trattoria Il Mulino." (Am. Compl. ¶¶ 20-28). Even assuming that some of these allegations are in tension, if not conflict, with the written agreement between Parea and KGIM, they are, taken together, sufficient to state a plausible claim that Parea qualifies as a joint employer for purposes of the FLSA and NYLL. (*See id.* ¶ 10 (alleging that Parea is "part of a single integrated enterprise that jointly employed Plaintiffs . . . at all relevant times")).

Accordingly, Parea's motion to dismiss is DENIED (without prejudice to renewal of its legal arguments at the summary judgment stage). In light of that ruling, the stay of discovery with respect to Parea is hereby lifted. All dates and deadlines set forth in the Case Management Plan and Scheduling Order (Docket No. 44) remain in effect.

The Clerk of Court is directed to terminate Docket No. 35.

SO ORDERED.

Date: May 25, 2018
New York, New York

JESSE M. FURMAN
United States District Judge