# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

September 6, 2018

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

                Re:   *Argudo et al v. Parea Group LLC, et al* **18 CV 0678 (JMF)**

Dear Judge Furman,

      We represent Plaintiffs Henry Agudo, Diego Sanay and Opt-in Plaintiffs (collectively, "Plaintiffs") in the above-referenced matter.  In accordance with Section 2.C of the Court's Individual Practices in Civil Cases, we write to inform the Court of Defendant Parea Group LLC's ("Parea") continued failure to cooperate with Plaintiffs in discovery and to seek the Court's assistance in ensuring that Parea complies with their discovery obligations.   As set forth in further detail below, Parea has neither produced initial disclosures required under Fed. R. Civ P. Rule 26 (a) nor responded to interrogatories.

      On July 16, 2018, Plaintiffs filed an application for the Court to hold a Conference regarding Parea's and Defendants IMNY GS LLC's, GFB Restaurant Corp.'s, Wonderful Restaurant LLC's, K.G. IM Management, LLC's, Brian Galligan's and Gerald Katzoff's (collectively, the "Il Mulino Defendants") failure to respond to discovery in this Action.  In response, Defendants asked for and the Court granted an additional month, until August 15, 2018, for all Defendants to fully respond to discovery.  (*See* Dkt. Nos. 61-62 and the Court's July 19, 2018 Order at Dkt. No. 63 (the "Order").)  Cautioning that Defendants should not expect any further extensions and that further failure to produce responsive materials would result in sanctions, the Court also extended the discovery deadline to September 30, 2018. (*Id*.)

      Plaintiffs certify that we have been unsuccessful in our attempts to meet and confer with Parea's counsel.  After multiple emails to Parea's counsel, he informed us that he was dealing with a family emergency last week, however, he has since made no attempt to confer with us towards resolving his client's outstanding discovery and instead invited Plaintiffs to make a motion to compel.

Plaintiffs served interrogatories and requests for the production of documents on Parea on April 30, 2018. While the Court stayed discovery with respect to Parea pending the outcome of their motion to be dismissed as a Defendant, that motion was denied on May 25, 2018. *See* Dkt No. 53. Since that time and despite the Court's Order and the undersigned's efforts to secure their service, Parea has still not served initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a) or responded to interrogatories that Plaintiffs propounded.

Plaintiffs' requests for the production of documents on Parea include, among other things, requests for payroll records and communications. Given Parea's motion to be dismissed, Plaintiffs anticipate that Parea will assert a defense relating to their employer status under the FLSA and NYLL. Therefore Plaintiffs served request for documents relating to Parea's employer status. Specifically, in their document demands, Plaintiffs seek written communications, such as e-mails, between Parea and the Il Mulino Defendants relating to Trattoria Il Mulino, the restaurant Parea owns. Parea has not produced any responsive documents and, in their formal responses, objected to producing any communications on the grounds that they were "never the managing agent of the business operations of the Restaurant." *See* Exhibit A at Requests Nos. 41-45. ) Moreover, in contravention of Fed. R. Civ. P. 34(b)(2)(C), Parea failed to inform Plaintiffs as to whether any responsive documents exist. (*Id*.) further, since Parea refuses to engage in a good faith a meet and confer, Plaintiffs cannot get a straight answer as to whether responsive documents exist. In the likely event that responsive documents do exist, such information is patently relevant to the issue of Parea's employer status, as communications between them and the Il Mulino Defendants will shed light on the role Parea played in the restaurant they owned.

Plaintiffs respectfully note that it appears that we have reached an agreement with counsel for the Il Mulino Defendants whereby those Defendants will produce documents they have in their possession relating to their interactions with Parea and Parea's employer status.

Finally, Plaintiffs served a notice of deposition pursuant to Fed R. Civ. P. 30(b)(6) on Parea seeking a witness to appear on September 20, 2018. Despite Plaintiffs' multiple requests that Parea confirm their attendance, Parea has still not confirmed that they will produce a witness on that date or that they will make a witness available at another date and time.

In sum, despite Plaintiffs' good faith attempts to engage in the discovery process, Parea continues to thwart of our attempts to secure the production of highly relevant information that Plaintiffs requested months ago. Discovery in this Action is now set to close on September 30, 2018 and Plaintiffs are concerned that, given the outstanding discovery, including three depositions of the Il Mulino Defendants, we will be unable to complete all the depositions we seek by this deadline. Accordingly, Plaintiffs respectfully request that the Court schedule a Conference to discuss these issues and to Order Parea to abide by their discovery obligations and to produce all responsive information forthwith.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

___s/*Josef Nussbaum*___
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640