IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

Henry Argudo and Diego Sanay, et al,   )
                                        )   Docket No.: 18-CV-00678-JMF
              Plaintiffs,               )
                                        )
v.                                      )
                                        )
Parea Group LLC d/b/a Trattoria         )
Il Mulino, et al,                       )
                                        )
              Defendants.               )

---

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANT
GERALD KATZOFF IN SUPPORT OF DISMISSAL OF THE
COMPLAINT**

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | i |
| PRELIMINARY STATEMENT and PROCEDURAL HISTORY | 1 |
| STATEMENT OF RELEVANT FACTS | 1 |
| LEGAL ARGUMENT | 3 |
|     DEFENDANT KATZOFF IS NOT AN EMPLOYER AS DEFINED AND INTERPRETEDIN THE FLSA OR NYLL | |
| CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Cases**

Camara v. Kenenr, 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018)

Chao v. Hotel Oasis Inc., 493 F. 3d 26 (1st Cir. 2007)

De Leon-Granados v. Elelr & Sons Trees, Inc., 581 F. Supp. 2d 1295 (N.D. Ga 2008)

Goldberg v. Whitaker House Corp., 366 U.S. 28 (1961)

Hugee v. SJC Group Inc., 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013)

Irizarry v. Catsimidis, 722 F. 3d 99 (Ct. of Appeal, 2nd Cir. 2013)

Rutherford Food Corp. v. McComb, 331 U.S. 722 (1947)

Zheng v. Liberty apparel Company Inc., 355 F. 3d 69 (2nd Cir. 2003)

**Statutes**

F.R.C.P. Rule 56

29 U.S.C. 201

29 U.S.C. 203 (d)

N.Y.L.L. 190 (3)

## PRELIMINARY STATEMENT and PROCEDURAL HISTORY

This Memorandum of Law is submitted on behalf of Defendant Gerald Katzoff ("Katzoff") pursuant to Federal Rule of Civil Procedure Rule 56 for an Order granting Katzoff summary judgment and dismissing this action against Katzoff.

Plaintiff's commenced this action as a collective action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 201, et seq. and upon violations of the New York State Labor Law. A Second Amended Complaint was filed November 30, 2018 See Exhibit "A". The Defendants, other then the Parea Group LLC filed an Answer to the Second Amended Complaint. See "Exhibit "B".

Parea Group LLC filed for chapter 7 bankruptcy protection on September 21, 2018 resulting in this action being stayed as to this Defendant by Order of this Court dated September 26, 2018.

Katzoff asserts that he is not an "employer" of any of the Plaintiff's, nor of any other employee of any of the Defendants, as that term is defined and the FLSA and in the NYLL.

## STATEMENT OF RELEVANT FACTS

The Defendants own and operate certain restaurants in the City of New York. For purposes of this motion only, the Defendants shall be referred to collectively as "Il Mulino". This reference is without prejudice and shall not be deemed to constitute an admission nor a waiver of any rights that Defendants may assert in this action.

1

Katzoff is an approximate thirty seven (37%) percent owner in Il Mulino USA LLC which is a holding company with various ownership interests in Defendants EXCEPT for Parea Group LLC d/b/a Trattoria Il Mulino.    Parea Group LLC is a licensee of IM Franchise LLC and operated pursuant to a Management Agreement with K.G. IM Management LLC. K.G. IM Management LLC is owned by Gerald Katzoff and Brian Galligan.

Parea Group LLC has filed for bankruptcy and is no longer operating but had been the owner of Trattoria Il Mulino which had operated at 36 East 20th Street, New York, NY.

Katzoff's role in the business is solely limited to finding locations, doing the leasing and financing and arranging for the rollout of the locations.    Katzoff testified at his deposition that in addition to leasing and financing he is involved in looking for locations.    Katzoff Dep. P. 30, L.17-22.   Katzoff is not involved in the hiring of personnel nor in any aspect of human Resources or in the day to day operations.    In fact, Katzoff stated that he has never hired anyone involved in marketing or in any service  position.

Katzoff further testified that he rarely frequents the various locations, except for an occasional meal.   On those occasions that he does go to the locations he does not get involved in personnel or employee issues nor does he give any instructions or otherwise participate in any operational aspects.

At P. 68, L. 12 – 17 of his deposition Katzoff states:

Q.    When you're in the restaurants, have you ever given instructions to any of the Il Mulino service staff or employees?

A. No.

2

Q.    Never?

A. Never.

At P. 72, L. 3 – 13 of his deposition Katzoff states:

Q.    Well, there are things going on - -

A.  I'm not involved in the operation of the restaurant.  Am I familiar? I may be familiar because I owned the restaurants for all these years, but I'm not involved in the operations of the restaurants.  Isn't really what we're trying to get here?
    I'm not involved. No matter how many times you try to ask me the same questions, I'm not involved in the day-to-day operations of the restaurants.

At P. 82, L. 17 – 22 of his deposition Katzoff states:

Q.    Have you ever had anyone hired at the restaurant?

A. No.

Q.    Never did a favor for a friend or family member?

A. No.

See Exhibit "C".

## LEGAL ARGUMENT

### DEFENDANT KATZOFF IS NOT AN EMPLOYER
### AS DEFINED AND INTERPRETED IN THE FLSA OR NYLL

It is well settled that liability under the FLSA extends only to employers.  29 U.S.C 203 (d) defines as an employer "any person acting directly or indirectly in the interest of an employer in relation to an employee.   Personal liability of a corporate owner is generally based

3

upon a multi part test:

a. whether the individual has a significant ownership interest in the corporation;

b. whether the individual had personal responsibility for the decision that lead to the conduct which violated the FLSA;

c. whether the individual supervised and controlled work schedules and conditions of employment;

d. whether the individual maintained employment records; and

e. whether the individual had control of significant aspects of the corporation's day-to-day operations, including the compensation of employees;

See Chao v. Hotel Oasis Inc., 493 F. 3d 26 (1sr Cir. 2007; De Leon-Granados v. Eller & Sons Trees, Inc., 581 F. Supp 2d 1295 (N.D. Ga 2008).

In this case Katzoff does not engage in conduct described in items b, c, d or e above. Katzoff's responsibilities to Il Mulino are limited to the business aspects prior to the opening of a location, such as location approval, lease negotiations and the like.

The fact that a defendant may have some control over certain aspects of the business, such as marketing or sales, is inconsequential. The key questions is whether the defendant had control over the day-to-day responsibilities of the employees alleging a violation. Camara v. Kenner, 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018).

For the reasons set forth above, Katzoff is not an employer under the NYLL. The language of 29 U.S.C. 203 (d) is the same as the definition of employer in NYLL Sec 190 (3). The Second Circuit has consistently applied the same tests to determine whether an employee-

4

employer relationship exists. See Hugee v. SJC Group Inc., 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013)

The facts of this action as it relates to Katzoff is distinguishable from the facts in Irizarry v. Catsimatidis, 722 F. 3d 99 (Ct. of Appeals, sec. Cir 2013). In Irizary, defendant Catsimatdis had far more involvement in the business than Katzoff has in Il Mulino. The Court in Catsimatidis determined that he, in part,:

- was at the business premises for part of the day four days a week;
- was there every day if there was a problem;
- dealt with vendors;
- sat in on merchandising and operational meetings
- was actively involved with the store managers and would make consistent visits to stores on Saturday mornings;
- controlled the company financially, including keeping track of payroll;
- had functional control of the enterprise as a whole and was involved in the company's daily operations.

In the case at bar, Katzoff has essentially no involvement with the operations of the restaurants once they were opened and operating. The determination of the employer-employee relationship depends upon the totality of the relationship and not isolated factors. Rutherford Food Corp. v. McComb, 331 U.S. 722 (1947). The Court should analyze the economic realty rather than technical concepts. Goldberg v. Whitaker House Corp., 366 U.S. 28 (1961), cited in Irizzary v. Catsimatidis, infra.

For an individual to be an employer there must be more than just evidence that the individual is an owner or makes corporate decisions that have nothing to do with an employee's function. Such individual must have control over a company's actual operations in a manner

that relates to plaintiff's employment.   In this case Katzoff has an ownership interest but does not utilize such ownership in the daily operations of the restaurants or in connection with any employee or human resource matters.

The list of factors in determining whether an individual is an employer into exhaustive and no individual factor standing alone is dispositive. Whether a particular individual is an "employer" under the FLSA (and the NYLL) is determined by looking at all the relevant facts. Zheng v. Liberty Apparel Company Inc., 355 F. 3d 69 (2nd Cir. 2003)

## CONCLUSION

For the reasons set forth herein, this motion should be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:   December 3, 2018

Respectfully submitted,

_____
Mark Krassner
Law Office of Mark Krassner
Attorney for Defendant Katzoff
118 Prospect Street,  Suite 3
Ridgewood, NJ   07452
212-431-1300   ext 208
