IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Henry Argudo and Diego Sanay, et al,   )
                                        )   Docket No.: 18-CV-00678-JMF
            Plaintiffs,                 )
                                        )
v.                                      )
                                        )
Parea Group LLC d/b/a Trattoria         )
Il Mulino, et al,                       )
                                        )
            Defendant.                  )


**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITON**

**TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | 1 |
| PRELIMINARY STATEMENT and PROCEDURAL HISTORY | 2 |
| STATEMENT OF RELEVANT FACTS | 3 |
| STANDARD OF REVIEW | 4 |
| LEGAL ARGUMENT | |
|     PLAINTIFF'S HAVE FAILED TO MEET THE COMMONALITY REQUIREMENT | 5 |
|     PLAINTIFFS'S HAVE FAILED TO MEET THE TYPICALITY STANDARD | 7 |
|     THE PROPOSED CLASS NOTICE SHOULD BE MODIFIED | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Statutes**

F.L.S.A.  29 U.S.C 201                                                              2

F.L.S.S. 29 U.S.C. 216 (b)                                                          2

F.R.C.P. Rule 23                                                                    2

**Cases**

Brennan v. Veterans Cleaning Service, Inc., 482 F. 2d 1361 (5th Cir. 1973)          6

Drexel Burnham Lambert Grp, Inc.  960 F. 2d 285 (2nd Cir. 1992)                     7

Hamadou v. Data Products Corp., 976 F. 2d 497 (9th Cir. 1992)                       6

Hanon v. Data Products Corp., 976 F. 2d 497 (9th Cir, 1992)                         8

Roach v. Data Products Corp., 778 F. 3d 401 (2ND Cir. 2015)                         4

Ruiz v. Citibank N.A., 93 F. Supp 3d 279 (S.D.N.Y. 2015)                            4

Santana v. Fishlegs LLC, 2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013)                    5

Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp 2d 544 (S.D.N.Y. 2013)            6

Wal-Mart Stores Inc. v Dukes, 131 S. Ct. 2541 (2011)                                4

Zivali v. AT&T Mobility, LLC, 784 Supp 2d 456 (S.D.N.Y. 2011)                       7

## PRELIMINARY STATEMENT and PROCEDURAL HISTORY

This Memorandum of Law is submitted on behalf of all Defendant's, other than Defendant Parea Group LLC, in opposition to Plaintiff's motion for conditional certification pursuant to FLSA 29 U.S.C. 216 (b); certification of this action as a Rule 23 class action pursuant to FRCP Rule 23; certification of a subclass of Tipped Employees and appointment of Plaintiffs Argudo and Sanay as class representatives.

Plaintiff's commenced this action as a collective action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 201, et seq. and upon violations of the New York State Labor Law.

Parea Group LLC filed for chapter 7 bankruptcy protection on September 21, 2018 resulting in this action being stayed as to this Defendant by Order of this Court dated September 26, 2018.

This action relates to five (5) locations in Manhattan in which restaurants are operated under the "Il Mulino" brand. As will be detailed below, these locations are not operated as a single enterprise as applied to FLSA action. Although there is some cross ownership, the locations are not centrally controlled and managed and each has its own managers and internal operations.

Plaintiff's Argudo and Sanay were employed at the location at 36 East 20th Street, New York, NY which was owned by Parea Group LLC d/b/a Trattoria Il Mulino. Notably, Parea Group LLC had and has absolutely no ownership, management, control or any

involvement with any other IL Mulino location. This location was uniquely operated through a franchise agreement with IM Franchise LLC dated May 31, 2013 and with a Management Agreement with K.G. IM Management LLC dated May 31, 2013.

The proposed class are not employees of the same company nor at the same locations.

### STATEMENT OF RELEVANT FACTS

This action was filed on January 26, 2018 on behalf of all tipped employees, including servers, runners, busboys and bartenders ("Tipped Employees") who were employed at "Il Mulino" restaurants in Manhattan. The locations and the owners of each location are as follows:

a. Parea Group LLC d/b/a Trattoria Il Mulino was located at 36 East 20th Street, New York, NY and was a wholly separate location then the other defendants. This location was owned by Parea Group LLC and operated under the "Il Mulino" name pursuant to a license agreement. The location was managed by Defendant K.G. IM Management LLC.

b. IMNY GS LLC d/b/a Il Mulino Tribeca is located at 361 Greenwich Street, New York, NY and was NOT OPENED AND OPERATING at the time this action was commenced.

c. GFB Restaurant Corp. d/b/a Il Mulino Downtown is located at 86 West 3rd Street, New York, NY.

d. Pasta Perfect LLC is located at 331 West Broadway, New York, NY.

e. IM 60th Street LLC is located at 37 East 60th Street, New York, NY.

Each of these locations has its own managers and internal procedures with regard to tip pools

3

and personnel matters. In addition, each location has annual gross sales in excess of $500,000.00

Il Mulino USA LLC is a holding company in which Gerald Katzoff and Brian Galligan are majority owners. This company has an ownership interest in the Il Mulino locations but has no involvement in the operation of any location.

Plaintiffs Argudo and Sanay were employed at the location owned by Parea Group LLC at 26 East 20th Street, New York, NY. Pursuant to the Management Agreement all employees at Trattoria Il Mulino were employees of K.G. Management LLC and K.G. Management was wholly independent from any other Il Mulino location.

This action is based upon the erroneous presumption that the locations are part of a common enterprise which are centrally operated and managed.

## STANDARD OF REVIEW

To obtain class certification plaintiff must affirmatively demonstrate by a preponderance of the evidence that the requirements of F.R.C.P. 23 are met. Wal-Mart Stores Inc. v. Dukes, 131 S. Ct. 2541 (2011). The district judge may not certify a class without making a ruling that each class action requirement is met, and the party seeking certification must establish the requirements by a preponderance of the evidence. F. R.C.P Rule 23 Ruiz v. Citibank, N.A. 93 F. Supp 3d 279 (S.D.N.Y. 2015).

A class may not be certified unless a rigorous analysis demonstrates by a preponderance of the evidence that each separate Rule 23 requirement is met. Roach v. T.L. Cannon Corp., 778 F. 3d 401 (2nd Cir. 2015).

4

In this action, there are not questions of fact common to the class because the purported class were employed at five (5) different locations. Each location had its own managers and internal policy with regard to the handling of tips. Significantly, the proposed class representatives were employed at the location owned by Parea Group LLC, a location with no legal relationship to the other Defendants and locations.

Consequently, the claims of the purported class are not typical by virtue of them being employed at different locations. Also, Plaintiff's Arguso and Sanay are not proper class representatives because there is no showing that they have knowledge of the employment and tipping practices at the other locations.

In Wal-Mart, the court found that plaintiff's had established the existence of a corporate policy, delegating to local managers decision making authority over personnel matters. However, what was required a showing that local managers exercised this discretion in a common way.

## LEGAL ARGUMENT

### PLAINTIFF'S HAVE FAILED TO MEET THE COMMONALITY REQUIREMENT

Evidence of common ownership is relevant to the question of whether a plaintiff is similarly situated to employees at other locations, courts require a "modest factual" showing from which it is reasonable to infer that the defendants implemented a common illegal wage policy. Santana v. Fishlegs LLC, 2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013). In Santana, the court held that common ownership among and integrated functions across all the restaurants do

5

not be itself suggest any misconduct.

It is well settled that common ownership and integrated functions across all locations do not by this alone suggest any misconduct. Trinidad v. Pret A Manger (USA) LTD., 962 F. Supp. 2d 544 (S.D.N.Y. 2013). The burden is on plaintiffs to show a uniform policy of failure to comply with the FLSA. Hamadou v. Hess Corp., 915 F. Supp. 2d 651 (S.D.N.Y. 2013).

The facts of this action are somewhat unique because the location where the plaintiff's were employed was not to any extent part of a common enterprise with the other locations. Trattoria Il Mulino at 36 East 20th Street, New York, NY was owned by Parea Group LLC and was a licensee of IM Franchise LLC and managed by K.G. Management LLC. The moving papers fail to establish that Parea Group LLC was part of a "common enterprise" with any other defendant.

Plaintiffs in this action do not provide factual details about alleged similar situated employees at the other locations.

The mere claim by employees of the same company that they have suffered a similar injury does not mean that all their claims can be productively litigated at once. Wal-Mart Stores, supra at 2551. **In this action the proposed class are not even employees of the same company since Argudo and Sanay and all the employees at Parea Group LLC were employees of K.G. Management LLC.**

It has been held that more than a common goal to make a profit must be shown to establish separate establishments constitute an enterprise. Brennan v. Veterans Cleaning Service, Inc., 482 F. 2d 1362 (5th Cir. 1973).

Case law has held that plaintiff's must identify a common mode of exercising discretion that invades the entire company since it not believable that all managers would exercise their discretion in a common way without common direction. Wal-Mart Stores, supra at 2554. In this case the plaintiff's have failed to identify a company-wide policy or practice that would support class certification. Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456 (S.D.N.Y. 2011).

Also, the claims in this action relating to hours worked and the accuracy of the payment for hours worked are highly individual and fact intensive. Certification has been denied where the claims require an examination by the court of when an individual was scheduled to work, when he or she actually worked and whether he or she was paid for that work because the court would have to conduct the same inquiry as to each class member. Diaz v. Electronics Boutique of America Inc., 2005 WL 2654270 (S.D.N.Y. 2005).

### PLAINTIFF'S HAVE FAILED TO MEET THE TYPICALITY STANDARD

Pursuant to Rule 23 (a) (3) plaintiff's must show that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Typicality is satisfied when each class member's claim arises for the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. Drexel Burnham Lambert Grp., Inc., 960 F. 2d 285 (2nd Cir. 1992).

In this action each location was separately managed and there is no showing that the alleged improper payroll procedures were similar or typical among the various Il Mulino

7

restaurants. Tip pool procedures and the alleged tip sharing with non-tip employees is unique to each location. Hanon v. Data Products Corp., 976 F. 2d 497 (9th Cir. 1992).

The claims of plaintiff's that defendants have failed to pay plaintiffs for all hours worked and pooled tips with non-tip eligible employees are not common at all locations.

### THE PROPOSED CLASS NOTICE SHOULD BE MODIFIED

In the event Plaintiff's motion is granted, in whole or in part, the Notice should be modified by deleting the names of "Jerry Katzoff" and "Brian Galligan" as employees and as part of the definition of "Il Mulino". It is submitted that adding Mr. Katzoff and Mr. Galligan would be confusing and misleading since neither were "employers" of the members of the proposed class. Their inclusion as named Defendants is due to the broad definition of employer in the F.L.S.A.

No member of the proposed class was employed or paid directly by either Mr. Katzoff or Mr. Galligan. Each employee was employed at a specific location and paid as an employee at that particular location.

In addition, it would be unfair to both Mr. Katzoff and Mr. Galligan to have their names included in the notice since it may increase the likelihood of their names coming up in an internet of "google" search by uninvolved third parties.

Plaintiff's, nor the proposed class, would not suffer any prejudice since all employees identify themselves as employees of Il Mulino and not of either individual. Also, whether their names are or are not included in the Notice their potential liability would not be affected.

8

## CONCLUSION

For the reasons set forth herein, Plaintiff's motion should be denied in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: December 26, 2018

                                              Respectfully submitted,

                                              *s/ Mark Krassner*

                                              Mark Krassner (MK1344)
                                              Law Office of Mark Krassner
                                              Attorney for Defendants
                                              118 Prospect Street, Suite 3
                                              Ridgewood, NJ  07452
                                              212-431-1300  ext 208

9