UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY ARGUDO and DIEGO SANAY, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>PAREA GROUP LLC, d/b/a TRATTORIA IL MULINO, IMNY GS LLC d/b/a IL MULINO TRIBECA, GFB RESTAURANT CORP. d/b/a IL MULINO DOWNTOWN, WONDERFUL RESTAURANT LLC d/b/a IL MULINO UPTOWN, K.G. IM MANAGEMENT, LLC, PASTA PERFECT LLC, IM 60 STREET, IL MULINO USA, IM LLC-I, BRIAN GALLIGAN, and GERALD KATZOFF,<br><br>           Defendants. | No. 18 CV 678 (JMF) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS/COLLECTIVE CERTIFICATION**

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Telephone: (212) 688-5640

January 8, 2018

As set forth in Plaintiffs' original moving papers, Plaintiffs satisfy the requirements for: (a) conditional certification of a Fair Labor Standards Act ("FLSA") collective consisting of tipped employees at Defendants' five Il Mulino locations; (b) certification of a Rule 23 class of all tipped employees at all five Il Mulino locations with respect to Plaintiffs' New York tip-credit and Wage Theft Prevention Act ("WTPA") claims; and (c) certification of a Rule 23 subclass of all tipped employees at Trattoria Il Mulino with respect to Plaintiffs' illegal tip-sharing claims brought pursuant to the New York Labor Law ("NYLL").  The main thrust of Defendants' opposition is that class certification unwarranted because Plaintiffs cannot demonstrate there are common questions of law or fact applicable to all Il Mulino locations.  But the record establishes that Defendants: (1) paid all tipped employees at all five restaurants pursuant to a tip credit: and (2) did not give any employees at any of the five restaurants proper written notice of the tip credit as required by New York law.  Courts in this Circuit have routinely found such alleged violations to be ideally suited for class treatment.  *See Hicks v. T.L. Cannon Corp.*, 2014 U.S. Dist. LEXIS 108434, at *57 (certifying a class of food service workers who were paid a tip credit and alleged that they did not receive the requisite statutory notices); *Marin v. Apple-Metro, Inc*., 2017 U.S. Dist. LEXIS 165568, at *158 (E.D.N.Y. 2017) (same); *Mendez v. Pizza on Stone*, LLC, 2012 U.S. Dist. LEXIS 108605 (S.D.N.Y. Aug. 1, 2012) (same). Defendants offer no persuasive reason why that same treatment should not apply here.

## I. PLAINTIFFS ARE ENTITLED TO CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE

In their opposition, Defendants raise three arguments, all of which relate only to that branch of Plaintiffs' motion seeking class certification under Federal Rule of Civil Procedure 23. *See* Defs.' Br. at 5-8.  The sum of Defendants' arguments is that Plaintiffs cannot meet Rule 23's commonality and typicality requirements, and that the proposed class notice should be modified.

*Id.*  Defendants have included no specific arguments as to why conditional certification of an FLSA collective is improper under the FLSA's more lenient standard.  *See id.*  By choosing to oppose only Plaintiffs' request for Rule 23 certification, Defendants have abandoned any opposition to Plaintiffs' motion to conditionally certify an FLSA collective.  *See Jackson v. Federal Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *cf. D.M. v. City Sch. Dist.*, no. 15-cv-1619 (LGS), 2016 U.S. Dist. LEXIS 8807, at *23-24 (S.D.N.Y. Jan. 26, 2016) (defendant "conceded" an issue it did not address in opposition to plaintiff's motion for summary judgment).

To the extent Defendants' arguments may be construed as challenging the Plaintiffs' showing that they are "similarly situated" to potential FLSA opt-in plaintiffs, such arguments fall flat.  Plaintiffs allege that Defendants had a common policy across all five Il Mulino restaurants at issue in this lawsuit[1] of violating the FLSA by taking advantage of a tip credit to pay tipped employees below the federal minimum wage and required overtime wage without properly notifying those employees of the tip credit.  In opposing certification, Defendants take issue with the fact that the two proposed class representatives (Plaintiffs Sanay and Argudo) worked at Trattoria Il Mulino, which, according to Defendants, was "not to any extent a common enterprise with the other locations."  Defs.' Opp'n at 6.  Defendants also assert that Plaintiffs have failed to "provide factual details about alleged similar[ly] situated employees at the other locations."  *Id.*

These arguments are baseless.  To begin, while Defendants apparently take issue with Plaintiffs' allegations that the five Il Mulino restaurants operated as a single integrated enterprise, Dkt No. 91 (Second Amended Compl.) ¶ 13, the resolution of that issue is a

---

[1] The five Il Mulinos locations are: (1) Trattoria Il Mulino, located at 36 East 20th Street ("Trattoria"); (2) Il Mulino Tribeca, located at 361 Greenwich Street; (3) Il Mulino Downtown, located at 86 West 3rd Street; (4) Il Mulino Prime, located at 331 Broadway; and (4) Il Mulino Uptown, located at 37 East 60th Street.

"complicated and fact-specific inquiry that is not properly determined" at either the collective certification or the Rule 23 class certification stage. *See Tiro v. Pub. House Invs., LLC*, 288 F.R.D. 272, 279 (S.D.N.Y. 2012) (Rule 23); *Escamilla v. Uncle Paul's Pizza & Café, Inc.*, No. 16-cv-6305, 2017 U.S. Dist. LEXIS 206731, at *12 (S.D.N.Y. May 18, 2017) (conditional FLSA collective certification). Instead, authorization of FLSA collective notice is warranted upon Plaintiffs' showing that "they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 479 (S.D.N.Y. 2016) (Furman, *J.*) (internal quotation marks omitted). Indeed, Courts in this Circuit "often authorize notice to employees of restaurant locations where the named plaintiff did not work at all, as long as there is sufficient evidence that those employees were subject to the same unlawful policies." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 370 (S.D.N.Y. 2014) (collecting cases). This is so even where each of the restaurant locations operated "as a separately incorporated entity." *Capsolas v. Pasta Restaurants, Inc.*, No. 10-cv-5595 (RJH), 2011 U.S. Dist. LEXIS 49926, at *6 (S.D.N.Y. May 9, 2011) (certifying FLSA collective consisting of employees at eight restaurants operated by separate entities where individual defendants had ownership stakes in each of the entities and oversaw restaurant operations).

Here, Plaintiffs have submitted six declarations from the named and opt-in plaintiffs, who, collectively, had experience working at four of the five Il Mulino locations at issue in this lawsuit.[2] All attest that they were never given proper notice of the tip credit.[3] Further, Defendants own witnesses have provided ample "factual details" that "similarly situated"

---

[2] Argudo Decl. ¶¶ 1-9 (worked at Trattoria, Il Mulino Downtown, and Il Mulino Uptown); Sanay Decl. ¶¶ 3-6 (worked at Trattoria); Movileanu Decl. ¶¶ 2-5 (worked at Il Mulino Prime); Morales Decl. ¶¶ 3-6 (worked at Trattoria); Zecevic Decl. ¶¶ 3-6 (worked at Trattoria); Gonzalez Decl. ¶¶ 3-6 (worked at Trattoria).
[3] *Id.*

3

employees exist at all five locations. In particular, the existence of a common policy across all five Il Mulino locations is supported by the testimony of Defendants Galligan and Katzoff that:

- Food service employees at all Il Mulino locations were paid pursuant to a tip credit, *see* Nussbaum Decl., Ex. C ("Galligan Dep.") at 73:2-12, 136:17-22;
- Defendant Galligan decided that all food service employees at all Il Mulino locations would be paid pursuant to the tip credit, *id.* at 137:21-138:10;
- All Il Mulino locations used the same "universal" employee handbook, *id.* at 131:5-16;
- All Il Mulino locations used the same hiring procedure for food service employees that was developed by Defendant Galligan, *id.* at 133:19-135:10, 142:4-143:15;
- New hires at all Il Mulino locations received the same wage forms, *id.* at 135:25-136:6, 144:13-17, 147:9-15;
- Tipped employees at all Il Mulino locations received the same form of wage statements issued by the same payroll companies, *id.* at 194:14-195:22, 239:3-8;
- Payroll and accounting for all Il Mulino locations is run out of the same office, *id.* at 49:8-50:3; Nussbaum Decl., Ex. B. ("Katzoff Dep.") at 36:21-37:6, 39:10-24, 43:20-25;
- Defendant Galligan hires and oversees the managers at each Il Mulino location, Galligan Dep. at 61:16-62:3; Katzoff Dep. at 44:2-18; and
- Defendants Galligan and Katzoff have ownership interests in all five Il Mulino locations, Galligan Dep. 9:8-9, 21:24-22:4; 26:14-27:18; Katzoff Dep. 12:16-13:5, 45:5-8.

Moreover, Defendants do not (and cannot) dispute that despite being ordered by this Court to produce written wage notices for all five locations, Defendants *have not produced a single written wage notice that accurately states the amount of Defendants' tip credit. See* Nussbaum Decl. ¶¶ 7-10 & Ex. F (Wage Notices).

This evidence of common ownership, management, and policies across all the Il Mulino locations is more than sufficient to warrant FLSA notice being sent to employees of all five locations, as it shows it is "likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs" at all locations. *Korenblum*, 195 F. Supp. 3d at 482. Specifically, that Defendants failed to provide proper notice of the tip credit at all five locations may be inferred from the facts that: (a) Defendants failed to provide proper notice to any of the Plaintiffs

at the four locations at which the Plaintiffs worked, (b) employees at all Il Mulino locations received the same wage forms, the same wage statements, and the same employee handbooks; (c) Defendants have not produced one accurate written notice of the tip credit for any of the five locations; (d) all Il Mulino's employees were subject to the same hiring system developed by Defendant Galligan; (e) Defendant Galligan hires and oversees all managers at all Il Mulino locations; and (f) payroll and accounting for all the Il Mulino locations are run out of a centralized office.  *See, e.g.*, *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12-cv-1054 (TPG) (evidence of unlawful pay practices at one location together with evidence that the same individual supervised other locations adequate to support collective certification across three restaurants); *Diaz v. S&H Bondi's Dep't Store, Inc.*, No. 10-cv-7676 (PGG), 2012 U.S. Dist. LEXIS 5683, at 18-19 (S.D.N.Y. Jan. 27, 2012) (collective certification granted across three store locations where the stores had common ownership, one manager oversaw all stores, and employees at the different locations were subject to the same wage policies).

## II.   PLAINTIFFS SATISFY THE REQUIREMENTS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23

### A. Plaintiffs Have Established Commonality

Defendants mistakenly rely on the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes* to attack Plaintiffs' showing of commonality.  *See* Defs.' Opp'n at 5-7.  In *Dukes*, the plaintiffs sought to certify a class of female employees who had faced gender discrimination at thousands of Wal-Mart stores nationwide based on allegations that the "corporate culture" made each female employee "the victim of one common discriminatory practice."  *Dukes*, 564 U.S. 338, 345 (2011).  The Supreme Court held that the plaintiffs failed to meet the commonality requirement because the alleged discrimination was the result of "literally millions of employment decisions" made by managers at Wal-Marts across the country and the plaintiffs had

5

failed to show that one common policy resulted in the disparate treatment. *Id.* Here, although their threadbare arguments are difficult to follow, Defendants appear to equate the Il Mulino managers with the Wal-Mart mangers, asserting that commonality cannot exist because of the individual managers exercised "discretion." Defs.' Opp'n at 7.

This case is nothing like *Dukes*. There are only five locations at issue here, as to which Plaintiffs *have* identified company-wide illegal practices of (a) paying tipped employees at all five locations pursuant to a tip credit; (b) failing to provide those tipped employees with accurate written notice of the tip credit as required by N.Y.C.R.R. §§ 146-1.3 and 146-2.2; and (c) failing to provide tipped employees at all five locations with accurate wage notices and wage statements as required by N.Y. Lab. Law § 195(1) and (3). *See supra* at 4. It is as to these *common* illegal practices that Plaintiffs seek class certification across all five restaurant locations. Defendants make no claim that *these practices* are the product of individual managers' discretion. *See generally* Defs.' Opp'n at 5-7. Nor could they—Defendants' witnesses testified that (a) tipped employees at all locations were paid the same tip credit rate; (b) the decision to pay that rate was made by Defendant Galligan; and (c) employees at all five locations received the same wage forms at the time of hiring and the same wage statements during their employment. *See* Galligan Dep. at 73:2-12, 135:25-136:6, 136:17-22, 137:21-138:10, 144:13-17, 147:9-15, 194:14-195:22, 239:3-8. It is quite telling that the only actual difference between the locations that Defendants have identified is that "[e]ach location had its own . . . internal policy with regard to handling of tips." Defs.' Opp'n at 5. But Plaintiffs do not seek certification of a five-location class with respect to how tips are "handled"—that is an issue relevant only to the *subclass* of tipped employees at the Trattoria for which Plaintiffs seek certification of their tip-sharing claim. *See* Pls. Br. at 3, 10-11, 19.

6

Defendants next argue that commonality is not satisfied because "the accuracy of the payment for hours worked [is] highly individual and fact intensive." Defs.' Opp'n at 7. This argument – that commonality is defeated because individualized proof will be necessary to determine the accuracy of payment for hours worked – has been roundly rejected by courts in this Circuit. *See, e.g.*, *Vargas v. Howard*, 324 F.R.D. 319, 326 (S.D.N.Y. 2018) ("[T]he differences among the Plaintiffs as to the number of hours worked, the precise work they did, and the amount of pay they received concern the amount of damages to which any individual may be entitled if and when liability is found, and not whether there are common questions of law and fact." (quotation omitted)); *Marin*, 2017 U.S. Dist. LEXIS 165568, at *143-44 ("to the extent that individualized questions exist as to the amount of damages to which class members may be entitled, including minimum wages, overtime wages, and/or liquidated damages, the common issue of whether those class members received adequate notice may nonetheless be certified"). Here, commonality is satisfied because the "Plaintiffs' claims depend upon the common contention that Defendants allegedly provided all class members with deficient wage and tip notices," which renders the case "'capable of classwide resolution' as its 'truth or falsity will help resolve the issue . . . in one stroke.'" *Marin*, 2017 U.S. Dist. LEXIS 165568, at *143-44 (citing *Hicks*, 35 F. Supp. 3d at 352).[4]

Finally, to the extent Defendants argue that commonality is defeated because one of the locations—the Trattoria—was under separate ownership, *see* Opp'n at 6, that contention should be rejected for several reasons. First, as noted above, Plaintiffs have alleged that all the Il Mulino locations were part of a single integrated enterprise, an issue that is not to be resolved at

---

[4] Even if Plaintiffs were required to establish class members' hours worked (they are not), this would involve simple mechanical arithmetic which can be computed on the basis of Defendants' own payroll records. Courts have repeatedly held that such mechanical calculations, despite necessarily being computed on an individual basis, do not defeat commonality. *See, e.g.*, *Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 364 (S.D.N.Y 2014).

7

the class certification stage. *See Tiro*, 288 F.R.D. at 279. Second, the Plaintiffs' evidence conclusively demonstrates that, whatever the nominal differences in the ownership structure of the Trattoria, the tipped employees in that location were subject to the same common policies as employees who worked in all the other locations, including being paid pursuant to a tip credit without being provided with accurate written notice of that tip credit. *See supra* at 4.

In the alternative, because the Trattoria is the only location Defendants assert is under separate ownership, any concerns about employees of that location being classed with employees of the other locations may be addressed through the creation of two subclasses—one consisting of employees who worked at the Trattoria and the other consisting of employees at the four other locations. *Cf., e.g.*, *Tiro*, 288 F.R.D. at 279 ("Certifying four subclasses within each of the tipped and non-tipped classes disposes of the commonality concern. The harms suffered by Plaintiffs in each subclass are shared by members of the same subclass—*i.e.*, failure to pay regular, overtime, and spread of hours wages at one particular restaurant and tip stealing for employees in the tipped class."). This is easily done because one of the proposed class representatives, Henry Argudo, worked at both the Trattoria and one of the other locations (Il Mulino Uptown) during the limitations period of this case. *See* Argudo Decl. ¶¶ 2-4. Indeed, Plaintiffs have already sought certification of a subclass of Trattoria employees as to their tip-sharing claims, which Plaintiffs acknowledge have been established only as to that location.

**B. Plaintiffs Have Established Typicality**

With respect to typicality, Defendants' only argument is their unsupported assertion that "there is no showing that the alleged improper payroll procedures were similar or typical among the various Il Mulino locations." Defs.' Opp'n at 7-8. This assertion is decidedly false given the extensive testimonial evidence of Defendants' own witnesses attesting to common payroll

practices across all locations.  *See supra* at 4.  Defendants also reiterate their irrelevant argument that "tip pool procedures and the alleged tip sharing with non-tip employees is unique to each location."  Defs.' Opp'n at 8.  Again, Plaintiffs are not seeking to certify a class across all five locations with respect to their claims of illegal tip-sharing—that claim is limited only to the Trattoria subclass (as to which Defendants have advanced no arguments).

## III. THE CLASS NOTICE IS PROPER

Defendants contend that Plaintiffs' proposed class notice should be modified to exclude the names of the individual Defendants Jerry Katzoff and Brian Galligan.  Defs.' Opp'n at 8.  Defendants cite no authority at all for this proposition.  *See id.*  While the individual Defendants take issue with Plaintiffs' allegation that they are "employers" under the FLSA, *id.*, that is a legal determination on which this Court has not yet ruled.[5]  The simple fact is that the individual Defendants are named parties to this action.  Indeed, the failure to list all the defendants on a class notice would appear to run afoul of Rule 23(c)(2)(B), which requires that class notices "clearly and concisely state in plain, easily understood language . . . the nature of the action."  Fed. R. Civ. P. 23(c)(2)(B).  There is no more basic information about the "nature of the action" than the names of those who are parties to it.  Defendants' unsupported request to modify the class notice to exclude named Defendants should be rejected out of hand.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court authorize this case to proceed as a collective action, certify this case as a class action, appoint Plaintiffs' counsel as Class counsel, order Defendants to produce a class list, and (5) authorize the mailing of the proposed notice to all FLSA Covered Employees and Class Members.

---

[5] Moreover, despite their bald assertion that neither of the individual Defendants is an "employer" under the FLSA, *see* Defs.' Opp'n at 8, Defendants have chosen to move for summary judgment on that issue only as to Defendant Katzoff, and not Defendant Galligan.  *See* ECF Dkt No. 94.

Case 1:18-cv-00678-JMF   Document 115   Filed 01/08/19   Page 11 of 11

Dated: New York, New York　　　　　Respectfully submitted,
　　　　　January 8, 2019

**JOSEPH & KIRSCHENBAUM LLP**

　　　/s/ *Lucas C. Buzzard*
D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs, proposed collective action members and proposed Class Members*