UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
           :
HENRY ARGUDO et al.,           :
           :
           Plaintiffs,        :      18-CV-0678 (JMF)
           :
      -v-        :      <u>OPINION AND ORDER</u>
           :
PAREA GROUP LLC d/b/a TRATTORIA IL           :
MULINO et al.,           :
           :
           Defendants.      :
           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs Henry Argudo and Diego Sanay bring this action on behalf of themselves and others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, 196-d. *See* ECF No. 91 ("Compl."). Plaintiffs were employed as servers at restaurants owned and operated by Defendants under the "Il Mulino" brand name. Plaintiffs allege that Defendants failed to properly notify them that Defendants were claiming a "tip credit" for the tips that Plaintiffs earned, forced Plaintiffs to share their tips with employees who do not ordinarily earn tips, and failed to pay Plaintiffs the minimum wage and overtime. On December 3, 2018, after an extended period of fact discovery, *see* ECF Nos. 44, 63, 74, Plaintiffs moved for conditional certification of an FLSA collective action and a Rule 23 class action. ECF No. 98.[1] The same day, Katzoff moved for summary judgment as to the claims against him. ECF No. 93. For the reasons that follow, Katzoff's motion is DENIED, and Plaintiffs' motion is GRANTED.

---

[1] Plaintiffs' motion does not apply to its claims against Defendant Parea Group LLC, which are stayed pending Parea Group LLC's bankruptcy proceedings. *See* ECF No. 77.

**BACKGROUND**

Sanay and Argudo worked as servers at three of five New York City restaurants operating under the name "Il Mulino." *See* ECF No. 100 ("Argudo Decl."), ¶¶ 1-4; ECF No. 101 ("Sanay Decl."), ¶ 1. Four of these restaurants — "Il Mulino Uptown," "Il Mulino Downtown," "Il Mulino 60th Street," and "Il Mulino Prime" — are owned by Galligan and Katzoff through a holding company, Il Mulino USA LLC. *See* ECF No. 106-2 ("Katzoff Dep."), at 45; ECF No. 106-3 ("Galligan Dep."), at 27. The fifth, "Trattoria Il Mulino," was owned by Parea Group LLC and operated pursuant to licensing and management agreements with Galligan and Katzoff, through their companies IM Franchise, LLC, and K.G. IM Management LLC. *See* ECF Nos. 109-1 & 114-9; Katzoff Dep. at 16-17; Galligan Dep. at 107.

Defendants pay their service employees at the Il Mulino restaurants the so-called "tip credit minimum wage." *See* Galligan Dep. 71-72. In other words, Defendants pay their service employees only part of the legally required minimum wage and claim a "tip credit" for the remainder, based on tips the employees earn. Plaintiffs allege that Defendants failed to provide the notice required to claim the tip credit under the FLSA and NYLL, denied them part of their tips by forcing them to pool their tips with non-tipped employees, and failed to pay them the minimum wage and overtime. *See* Compl. ¶¶ 64-82. They move for conditional certification of an FLSA collective action for all tipped employees who worked at any of the five Il Mulino restaurants from January 26, 2015, to the present. *See* ECF No. 98. They also move for certification of a class action under Rule 23 of the Federal Rules of Civil Procedure for all Il Mulino tipped employees who worked from January 26, 2012, to the present, and for a subclass of tipped employees who worked at Trattoria Il Mulino from January 26, 2012, to the present. *Id.* In addition, Katzoff moves for summary judgment, arguing that he cannot be held liable because he does not qualify as an "employer" of Plaintiffs. *See* ECF Nos. 93 & 94.

2

## KATZOFF'S SUMMARY JUDGMENT MOTION

The Court begins with Katzoff's summary judgment motion. Summary judgment is appropriate when the admissible evidence in the record demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over an issue of material fact qualifies as "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, to defeat a motion for summary judgment, the nonmoving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and a court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Applying those standards here, Katzoff's motion — premised entirely on the argument that he does not qualify as Plaintiffs' "employer" for purposes of the FLSA and the NYLL, *see* ECF Nos. 94 & 118 — is easily denied. To be an "employer" under the FLSA and NYLL, a person must "possess control over a company's actual operations in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013) (internal quotation marks omitted); *see also Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *7 (S.D.N.Y. Mar. 29, 2018) (noting that courts apply the same standards to the NYLL and collecting cases). "[T]his does not mean that the individual 'employer' must be responsible for managing plaintiff employees — or, indeed, that he or she must have directly come into contact with the plaintiffs,

3

their workplaces, or their schedules." *Irizarry*, 722 F.3d at 109. Instead, the inquiry is a flexible one whose "overarching concern" is whether, under the totality of the circumstances, "the alleged employer possessed the power to control the workers in question." *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

Four "nonexclusive and overlapping" factors — known as the *Carter* factors — guide that flexible inquiry. *Irizarry*, 722 F.3d at 105, 110. These factors are: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (internal quotation marks omitted). "Because *Carter* defines employment more narrowly than FLSA requires," satisfying all of these factors is not necessary to establish "employer" status. *See Greenawalt v. AT&T Mobility LLC*, 642 F. App'x 36, 37 (2d Cir. 2016) (summary order). Moreover, "[n]o one factor is dispositive and the inquiry into an employment relationship is fact intensive." *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, No. 12-CV-5565 (PKC), 2014 WL 4793825, at *3 (E.D.N.Y. Sept. 24, 2014).

Viewing the evidence in the light most favorable to Plaintiffs, the Court concludes that a reasonable jury could conclude that Katzoff possessed "operational control" over Plaintiffs' employment. *See Irizarry*, 722 F.3d at 109. Among other things, Defendants' own depositions indicate that, as in *Irizarry*, Katzoff satisfied two *Carter* factors "in ways that [the Second Circuit has] particularly emphasized": "the hiring of managerial employees," such as CFO William Minner, *see* Galligan Dep. at 245, and "overall financial control of the company," *see* Katzoff Dep. at 45 ("I do the finance and leasing."); Galligan Dep. at 246. *See Irizarry*, 722 F.3d at 116. More broadly, there is evidence that Katzoff possessed authority over decisions that would affect the conditions of Plaintiffs' employment, including the ultimate power to open and close restaurants, *see* Galligan

4

Dep. at 116, as well as the power to make operational adjustments, *see* Katzoff Dep. at 76-77 ("I sent a picture of a chicken parm that didn't look right to me and they changed it."). Given this evidence and the inherently "fact-intensive character" of the inquiry, *see Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 143-44 (2d Cir. 2008), summary judgment is inappropriate and thus denied.

## PLAINTIFFS' CERTIFICATION MOTION

With that, the Court turns to Plaintiffs' motion for certification of an FLSA collective action and a Rule 23 class action. At the initial certification stage of an FLSA collective action, the plaintiffs have the "low" burden of making a "modest factual showing" that they and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted). "The key element of that showing is a shared unlawful policy; that is, while the proposed collective need not be identical in every possible respect, its potential members must be similarly situated with respect to the allegedly unlawful policy or practice." *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 479 (S.D.N.Y. 2016). Although courts typically decide motions for preliminary certification "based on the pleadings, affidavits and declarations submitted by the plaintiff," greater scrutiny is appropriate where, as here, discovery has occurred. *See id.* at 480-82 (internal quotation marks omitted). Accordingly, the Court will consider the evidence submitted by both parties to determine whether discovery has shown "that it is more likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs." *Id.* at 482 (internal quotation marks omitted).

Under Rule 23, the party seeking certification must demonstrate by a preponderance of the evidence that all the requirements of the Rule have been met. *See Levitt v. J.P. Morgan Secs., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013). That means, first, satisfying the "four threshold requirements of Rule 23(a) — numerosity, commonality, typicality, and adequacy of representation." *In re U.S.*

5

*Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013).  On top of those requirements, the Second Circuit has "recognized an implied requirement of ascertainability."  *In re Petrobras Secs.*, 862 F.3d 250, 260 (2d Cir. 2017) (internal quotation marks omitted).  If those threshold requirements are met, the moving party must also "demonstrate through evidentiary proof that the class satisfies at least one of the three provisions for certification found in Rule 23(b)."  *In re U.S. Foodservice*, 729 F.3d at 117 (internal quotation marks omitted).  Here, Plaintiffs seek certification of a Rule 23(b)(3) class, which means that they "must establish: (1) predominance — that the questions of law or fact common to the class members predominate over any questions affecting only individual members; and (2) superiority — that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  *Id.* (internal quotation marks omitted).  In evaluating whether the moving party has met its burden, the Court must engage in a "rigorous analysis," in which it is permitted to "probe behind the pleadings before coming to rest on the certification question."  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

**A.  Plaintiffs' Motion for FLSA Collective Action Certification**

The Court begins with the motion to certify an FLSA collective action.  The FLSA mandates that "[e]very employer shall pay to each of his employees" the statutory minimum wage.  29 U.S.C. § 206(a).  For "[t]ipped employee[s]," however — *i.e.*, those who "customarily and regularly receive[] more than $30 a month in tips" — an employer may pay less than the full minimum wage and claim a "tip credit" for tips the employees earn.  29 U.S.C. § 203(m), (t).  Employers who wish to claim a tip credit, however, must "satisfy two conditions: (1) inform the employee of the 'tip credit' provision of the FLSA, and (2) permit the employee to retain all of the tips the employee receives."  *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) (internal quotation marks omitted).  To satisfy the first condition, an employer must inform its employees in advance of, among other things, "the base cash wage and amount of tip credit

6

increase, as well as . . . 'that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement.'" *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-CV-7549 (LAK) (JCF), 2014 WL 12768922, at *7 (S.D.N.Y. Apr. 7, 2014) (quoting 29 C.F.R. § 531.59(b)). To satisfy the second, an employer must allow tipped employees to keep their tips. "Thus, an employer loses its entitlement to the tip credit where it requires tipped employees to share tips with (1) employees who do not provide direct customer service or (2) managers." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 240 (2d Cir. 2011). Significantly, both "prerequisites" are "strictly construed, and must be satisfied even if the employee received tips at least equivalent to the minimum wage." *Copantitla*, 788 F. Supp. 2d at 287 (internal quotation marks omitted).

Plaintiffs here plainly carry their "low" burden of making a "modest factual showing" that they and "potential opt-in plaintiffs were victims of a common policy or plan that violated" the FLSA. *Myers*, 624 F.3d at 555 (internal quotation marks omitted). In particular, they present evidence that they and other servers at the Il Mulino restaurants were "tipped employees" and that Defendants claimed a tip credit for their wages, *see, e.g.*, Galligan Dep. at 71-73; that they were "never informed" that Defendants would be claiming a tip credit, the amount thereof, or the other information required by the FLSA, *see* ECF Nos. 100-105; ECF No. 106-6; and that this lack of notice was the result of a common policy at the five Il Mulino restaurants, *see* Galligan Dep. at 147-48 (conceding that "if employees at one location didn't receive [proper tip credit notice], then the employees at the other location didn't receive" it either); *id.* at 227-28 ("Every new employee, we do the exact same thing."). Moreover, they establish that they and other tipped employees at Trattoria Il Mulino were forced to pool their tips with employees who did not provide direct customer service, such as dishwashers and expeditors. *See, e.g.*, Argudo Decl. ¶¶ 15-24; Sanay Decl. ¶¶ 12-23.

Notably, Defendants barely oppose Plaintiffs' request for certification of an FLSA collective action, but to the extent they do it is on the ground that Plaintiffs are not "similarly situated" to employees of the restaurants at which they did not work. *See* ECF No. 108 ("Defs.' Cert. Opp."), at 5-7. It may be that the Il Mulino restaurants vary in some respects, but a "proposed collective" seeking certification "need not be identical in every possible respect." *Korenblum*, 195 F. Supp. 3d at 479. Instead, "its potential members must be similarly situated *with respect to the allegedly unlawful policy or practice.*" *Id.* (emphasis added). For the reasons stated above, Plaintiffs make a sufficient showing that they and potential opt-in plaintiffs "were victims of a common policy or plan that violated the law." *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 646 (S.D.N.Y. 2013) (internal quotation marks omitted); *see Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 174 (S.D.N.Y. 2011) (granting certification where plaintiffs established "that the defendants maintain a number of uniform tip credit policies"); *Elmajdoub v. MDO Dev. Corp.*, No. 12-CV-5239 (NRB), 2013 WL 6620685, at *3 (S.D.N.Y. Dec. 11, 2013) (granting certification where plaintiffs established that they and other tipped employees participated in the same allegedly unlawful tip pool). Accordingly, Plaintiffs' motion for certification of an FLSA collective action is GRANTED.

## B. Plaintiffs' Rule 23 Motion

The Court turns, then, to Plaintiffs' motion for certification of a Rule 23 class action with respect to their NYLL claims. Like the FLSA, the NYLL imposes a strict notice requirement on employers who wish to claim a tip credit. *See* N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.2. In particular, the NYLL requires that "written" notice containing certain specific information be provided "[p]rior to the start of employment," in both English and "any other language spoken by the new employee as his/her primary language." *See id.* § 146-2.2(a). If the employer fails to satisfy these requirements, "then no tip credit can be taken and the employer is

8

liable for the full minimum-wage." *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 497 (S.D.N.Y. 2015); *see also* N.Y. Lab. Law § 198(1-b).  Like the FLSA, the NYLL also "prohibits employers from requiring tipped employees to share tips with non-service employees or managers." *Shahriar*, 659 F.3d at 241 (citing N.Y. Lab. Law § 196-d).  Plaintiffs move to certify a Rule 23 class action for all tipped employees who worked at any of the Il Mulino restaurants from January 26, 2012, to the present, based on their claims that none of these employees were given proper notice of their wages and Defendants' claimed tip credit under the NYLL.  They also seek certification of a subclass of tipped employees who worked at Trattoria Il Mulino during the same period, based on their claim that these employees were subject to an improper tip pooling arrangement.

With respect to the overall class, Defendants do not dispute that most of the Rule 23(a) and (b)(3) requirements — namely, numerosity, adequacy, ascertainability, predominance, and superiority — are satisfied, and the Court so finds, substantially for the reasons stated in Plaintiffs' memorandum of law.  *See* Pl. Cert. Mem. at 15-23.  Defendants' sole argument is that Plaintiffs do not establish commonality and typicality because "each location was separately managed."  Defs.' Cert. Opp. 7.  As discussed above, however, the evidence — including the testimony of Galligan himself — shows that tipped employees across all five Il Mulino restaurants received information about their wages pursuant to a uniform policy promulgated by Defendants.  Thus, the proposed class's claims plainly "depend upon a common contention" whose "truth or falsity will resolve an issue that is central to the validity of each one of the claims," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality), and their alleged injuries plainly "arise from the same allegedly unlawful practices and policies," *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 127 (S.D.N.Y. 2011) (typicality).  The fact that damages would have to be calculated on an individualized basis does not alter those conclusions.  *See, e.g.*, *Vargas v. Howard*, 324 F.R.D. 319, 326-27 (S.D.N.Y. 2018); *Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 365 (S.D.N.Y. 2014).

Defendants' arguments have even less purchase with respect to Plaintiffs' request for certification of a subclass of employees of Trattoria Il Mulino since, by definition, the subclass is composed of employees in only one restaurant.  Perhaps not surprisingly, therefore, Defendants do not even bother to address that request.  In any event, the Court finds that certification of the subclass is warranted, for largely the same reasons.  The only requirement that arguably calls for independent analysis is the numerosity requirement of Rule 23(a)(1) because the list of employees Plaintiffs submit does not specify the restaurants at which each employee worked.  Nevertheless, given that there are "more than 250 individual names" in the overall class, ECF No. 106, ¶ 13, and some of those employees likely worked at multiple restaurants, as Argudo did, it is reasonable to infer that the subclass of Trattoria Il Mulino employees would number more than forty.  *See Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y. 2004) ("[A] plaintiff need not present a precise calculation of the number of class members and it is permissible for the court to rely on reasonable inferences drawn from available facts.").

Accordingly, Plaintiffs' motion for certification of the Rule 23 class and subclass is GRANTED.  So too is their request to appoint Joseph & Kirschenbaum LLP as class counsel.  Under Rule 23(g), the Court must consider: (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).  In addition, the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  Weighing those factors here, Joseph & Kirschenbaum LLP is an obvious choice for class counsel.  The firm is qualified and experienced in wage and hour class actions.  *See, e.g.*, *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 77 (S.D.N.Y. 2018); *Masoud v. 1285 Bakery Inc.*,

No. 15-CV-7414 (CM), 2017 WL 448955, at *6 (S.D.N.Y. Jan. 26, 2017).  Further, it has invested considerable time investigating and litigating this case, and it has demonstrated to the Court's satisfaction that it will fairly and adequately represent the class and subclass.

Finally, the Court approves Plaintiffs' proposed Notice and Consent to Join form, except that (1) Section 16 of the Notice shall be modified to make clear that opt-in plaintiffs are entitled to retain their own counsel (or represent themselves) in connection with their claims under the FLSA; (2) putative members of the collective action and class shall be given sixty days (rather than thirty) to opt in to the collective action and to opt out of the class; and (3) the Consent to Join form shall be revised to make clearer that plaintiffs are free to retain counsel of their choosing (or to represent themselves) and are not required to have Plaintiffs' counsel represent them with respect to their FLSA claims.  (To the extent that the parties want further guidance on the last of these issues, the Court recommends that they review the form approved by the Court in *Saleem v. Corporate Transportation Group, Ltd.*, 12-CV-8450 (JMF), appearing at ECF No. 67.)  Defendants' request to omit Katzoff's and Galligan's names from the Notice, for which they cite no authority, is DENIED as meritless.  *See* Defs.' Cert. Opp. 8.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification pursuant to Rule 23 and conditional certification of a collective action under the FLSA is GRANTED, and Joseph & Kirschenbaum LLP is appointed as class counsel.  Additionally, Katzoff's motion for summary judgment is DENIED.  **Within one week of the date of this Opinion and Order**, Defendants shall produce to Plaintiffs a list, in Microsoft Excel format, of all persons employed by Defendants as captains, waiters, bussers, runners, bartenders, and barbacks, from January 26, 2012, to the present, including the employee's name, last known address, alternate address(es) (if any), all known telephone numbers, all known e-mail addresses, social security numbers, dates of employment, and

11

job titles.  **By the same date**, the parties shall confer and submit an agreed-upon proposed order (or competing proposed orders), consistent with this Opinion and Order, regarding the procedures to be used in connection with the mailing of the Notice and Consent to Join forms.  And finally, **by the same date**, the parties shall submit a joint letter setting forth their views on the need for discovery following the conclusion of the opt-in and opt-out period and whether the Court should hold a conference to discuss those issues or anything else.

The Clerk of Court is directed to terminate ECF Nos. 93 and 98.

SO ORDERED.

Dated: September 24, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge