UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY ARGUDO and DIEGO SANAY,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

        v.

PAREA GROUP LLC, d/b/a TRATTORIA IL
MULINO, IMNY GS LLC d/b/a IL MULINO
TRIBECA, GFB RESTAURANT CORP. d/b/a IL
MULINO DOWNTOWN, WONDERFUL
RESTAURANT LLC d/b/a IL MULINO UPTOWN,
K.G. IM MANAGEMENT, LLC, PASTA
PERFECT LLC, IM 60 STREET, IL MULINO
USA, IM LLC-I, BRIAN GALLIGAN, and
GERALD KATZOFF,

        Defendants.

No. 18 CV 678 (JMF)

**[PROPOSED] ORDER**

---

        WHEREAS, on September 24, 2019, the Court certified a collective action pursuant 29 U.S.C. § 216(b) of all Tipped Employees who worked at five Il Mulino restaurants located in Manhattan ("Il Mulino") from January 26, 2015, until the present (the "Collective"); and

        WHEREAS, on September 24, 2019, the Court also certified a Fed. R. Civ. P. Rule 23 class of all Il Mulino Tipped Employees who worked at Il Mulino from January 26, 2012 until the present (the "Class"); and

        WHEREAS, the Parties have agreed on procedures to be used in connection with the mailing of the Notice and Consent to Join forms,

        NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

        1) On October 30, 2019, Joseph & Kirschenbaum LLP shall mail the class notice (attached hereto) to all members of the Collective and the Class by United States Mail;

2) Putative Collective Members shall have until December 30, 2019 to opt-in to the collective action;

3) Class Members shall have until December 30, 2019 to opt-out of the class action;

SO ORDERED.

Dated: October 10, 2019
       New York, New York

_____
Hon. Jesse M. Furman, U.S.D.J.

# NOTICE OF WAGE & HOUR LAWSUIT AGAINST Il MULINO

**TO ALL INDIVIDUALS WHO WORK, OR FORMERLY WORKED, AS TIPPED EMPLOYEES AT IL MULINO RESTAURANTS BETWEEN JANUARY 26, 2012 AND THE PRESENT PLEASE READ THIS NOTICE**

**A pending collective and class action lawsuit may affect your legal rights.**

*This is a Court authorized Notice.  This is not a solicitation from a lawyer*

**If you are or were employed as tipped employee at an Il Mulino restaurant in Manhattan at any time from January 26, 2012 to the present, please read this notice.**

**A pending class/collective action lawsuit may affect your legal rights.**

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

Two Il Mulino employees (collectively, the "Plaintiffs" and "Class Representatives") have sued the Il Mulino restaurants in Manhattan and its owners Jerry Katzoff and Brian Galligan (collectively, "Il Mulino") claiming that Il Mulino did not pay them the proper minimum wage and overtime wage. Defendants deny all claims in this lawsuit.

- The Court has conditionally certified this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA").  The collective members consist of tipped employees who were employed by Il Mulino at any time January 26, 2015 to the present.

- The Court has also allowed the lawsuit to proceed as a certified class action under the New York Labor Law ("NYLL").  The class consists of tipped employees who were employed by Il Mulino at any time between January 26, 2012 and the present. (There is also a subclass of tipped employees who worked at Trattoria Il Mulino only.)

- The Court has not decided who is right and who is wrong.  There is no money or settlement available now and, pending the outcome of this case, there is no guarantee that any money will be made available to those who join the collective action.

- Your legal rights may be affected, and you have a choice to make now.

## I.   BASIC INFORMATION

**1.  Why did I get this Notice?**

Il Mulino's records show that you have worked for Il Mulino as a captain, server, busser, runner, bartender and/or barback at some time between January 25, 2012 and the present. This Notice explains that the Court has authorized Plaintiffs to proceed with a collective action lawsuit under the FLSA and a class action lawsuit under New York Labor Law.

You have legal rights and options that you may exercise.  A trial may be necessary to decide whether the claims being made against Il Mulino, on your behalf, are correct or whether the various defenses to those claims are correct.  The Honorable Jesse M. Furman, a judge in the United States District Court for the Southern District of New York, is overseeing this lawsuit.  The lawsuit is known as <u>Argudo et al v. Parea Group LLC et al</u>., Case No. 18 Civ. 678.

### 2. What is this lawsuit about?

This lawsuit is about whether Il Mulino violated the FLSA and NYLL by paying employees a lower tip credit wage when Il Mulino were not entitled to.  The lawsuit is also about whether or not employees at Trattoria Il Mulino had to share tips with employees that did not serve customers.

### 3. What is Il Mulino's position?

Il Mulino denies all of Plaintiffs' claims.  It maintains that it has fully complied with all of the federal and state wage and hour laws at issue, and that no current or former employees are legally entitled to any additional compensation.

### 4. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims under the FLSA.  All captains, servers, bussers, runners, bartenders and barbacks who decide to participate in the case must file the attached Consent to Sue form and become "opt-in plaintiffs."  One court resolves the issues for everyone who decides to join the case as opt-in plaintiffs.

### 5. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims.  In this case, the Class Representatives, Henry Argudo and Diego Sanay, sued Il Mulino under the New York Labor Law.  The court procedure for class actions is different from the collective action described in paragraph 4.  For the New York Labor Law claim, everyone who worked for Il Mulino in Manhattan as a captain, server, busser, runner, bartender and/or barback from January 26, 2012 to the present is automatically included in the case, except for those people who choose to exclude themselves from the Class.

### 6. Has the Court decided who is right?

The Court has not decided whether Il Mulino or the Plaintiffs are correct.  By establishing the Class and issuing the Notice, the Court is not suggesting that the plaintiffs will win or lose the case.

**7. Is there any money available now?**

No money or benefits are available now because the Court has not yet decided whether Il Mulino did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits will ever be obtained. If they are, and if you join the FLSA collective action or remain in the New York Labor Law class action, you will be notified how to ask for a share.

## II.  WHO IS IN THE CLASS

**8. Am I part of the FLSA Collective?**

Judge Furman has decided that any individual employed by Il Mulino as a captain, server, busser, runner, bartender and/or barback at any time between **January 26, 2015** and the present is eligible to join the FLSA Collective. You are not a member of the FLSA Collective unless you return the Consent to Sue form, which will be filed with the Court.

**9. Am I part of the New York Labor Law Class?**

Judge Furman decided that all captain, server, busser, runner, bartender and/or barback who were employed by Il Mulino between January 26, 2012 and the date of final judgment in this matter are members of the New York State Labor Law Class, unless they request to be excluded from the Class.

**10. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling or writing Class Counsel, Josef Nussbaum at Joseph & Kirschenbaum LLP at (212) 688-5640 or jnussbaum@jk-llp.com.

**11. Can I participate in this lawsuit even though, due to my immigration status, I am not working at Il Mulino legally?**

Yes. Your immigration status does not affect your entitlement to recover back wages or to participate in this lawsuit.

**12. Can Il Mulino fire me or take other action against me because I am a part of this case?**

No. Federal and New York law prohibit Il Mulino from discharging or in any other manner discriminating against any worker for joining this lawsuit. If you have any questions about this, contact Class Counsel, Joseph & Kirschenbaum LLP, at the telephone number or address listed on the last page of this Notice.

## III.  YOUR RIGHTS AND OPTIONS

You have to decide whether to file the attached Consent to Sue form to assert your FLSA claim.

**13. How do I join the FLSA Collective?**

If you choose to join the FLSA Collective, you have to read, sign, and promptly return the Consent to Sue form at the end of this Notice.  The form must be sent to:

**Josef Nussbaum**
**Joseph & Kirschenbaum LLP**
**32 Broadway Suite 601**
**New York, NY 10004**

The form must be postmarked by **[60 days from mailing]**.

**14. How do I ask to be excluded from the New York Labor Law Class?**

If you choose to be excluded from the New York Labor Law Class, you have to send a request to be excluded from the Class to:

**Josef Nussbaum**
**Joseph & Kirschenbaum LLP**
**32 Broadway Suite 601**
**New York, NY 10004**

The form must be postmarked by **[60 days from mailing]**.

**15. What happens if I do nothing at all?**

If you do nothing, you will be bound by all of the orders the Court issues and judgments the Court enters in the NYLL class action lawsuit, but not the FLSA collective action claim.  Thus, you keep the possibility of getting money or benefits that may come from a trial or settlement of the NYLL claim, but you will not be eligible for money or benefits that may come from a trial or settlement of the FLSA claim.

Keep in mind that if you do nothing now, regardless of whether the plaintiffs win or lose at trial, you will not be able to sue Il Mulino about the same legal claims that are the subject of this lawsuit under New York State Labor Law.

**THE LAWYERS REPRESENTING YOU**

**16. Do I have a lawyer in the case?**

The Court decided that the law firm of Joseph & Kirschenbaum LLP is qualified to represent you and all Class Members and has been designated as "Class Counsel" in this lawsuit.  More information about Joseph & Kirschenbaum LLP is available at http://www.jk-llp.com.  You are permitted to hire a separate attorney (or represent yourself) if you so choose.

| 17. How will the lawyers be paid? |
|---|

Joseph & Kirschenbaum LLP is handling this matter on a contingency basis, *i.e.,* the attorneys' fees and costs will be determined on a percentage basis and Plaintiffs will not be responsible for fees and/or costs if there is no recovery for the Plaintiffs.  The agreement further provides that in the event that the Plaintiffs prevail on their claims at the conclusion of the case, Plaintiffs' counsel will make an application to the Court for the recovery of fees and costs, that the Court has discretion of the amount of fees to award, and that the fees may be as much as 33.1/3% of any settlement fund or judgment, after the deduction of costs and expenses.

### IV.   THE TRIAL

| 18. How and when will the Court decide who is right? |
|---|

As long as the case is not dismissed or resolved by a settlement, Class Counsel will have to prove the plaintiffs' claims at trial.  Any trial would take place in the United States District Court for the Southern District of New York.  During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit.  There is no guarantee that Plaintiffs will win, or that they will get any money for tipped employees.

| 19. Do I have to come to the trial? |
|---|

You do not need to attend the trial, unless you are called as a witness by either Plaintiffs or Defendants.  Class Counsel will present the case for the Plaintiffs, and Il Mulino will present the defenses.  If you are not called as a witness, you and your own lawyer are welcome to come at your own expense.

### V.   GETTING MORE INFORMATION

| 20. Are there more details available? |
|---|

Yes.  If you have any questions or require additional information, please contact:
**Josef Nussbaum**
**Joseph & Kirschenbaum LLP**
**32 Broadway, Suite 601**
**New York, NY 10004**
**Tel: 212-688-5640**
**http://www.jk-llp.com**
**E-mail: jnussbaum@jk-llp.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY ARGUDO and DIEGO SANAY,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

        v.

PAREA GROUP LLC, d/b/a TRATTORIA IL MULINO, IMNY GS LLC d/b/a IL MULINO TRIBECA, GFB RESTAURANT CORP. d/b/a IL MULINO DOWNTOWN, WONDERFUL RESTAURANT LLC d/b/a IL MULINO UPTOWN, K.G. IM MANAGEMENT, LLC, PASTA PERFECT LLC, IM 60 STREET, IL MULINO USA, IM LLC-I, BRIAN GALLIGAN, and GERALD KATZOFF,

        Defendants.

No. 18 CV 678 (JMF)

## **CONSENT TO JOIN**

    **I WANT TO JOIN THE LAWSUIT** entitled Argudo, on behalf of himself and other similarly situated v. Parea Group LLC et al, which is pending in the United States District Court for the Southern District of New York, New York in which claims are asserted under the Fair Labor Standards Act and New York Labor Law.

    I understand that this lawsuit seeks unpaid wages that may be owed to me and that by joining this lawsuit I will become a plaintiff pursuant to the Fair Labor Standards Act and New York Labor Law.  I agree to be bound by any adjudication in the lawsuit whether it is favorable or unfavorable.  I understand that, by filing this form, I am voluntarily becoming a party plaintiff to this action, with the obligations and rights of a plaintiff in a case explained in this form.  I authorize the representative plaintiffs or plaintiff's attorneys to file this consent with the Clerk of Court.  I hereby further authorize and designate the named plaintiffs to act on my behalf concerning this litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.  I understand that unless I inform the third-party administrator in writing, I will be represented by Plaintiffs' Counsel, Joseph & Kirschenbaum LLP and will be bound by the Attorney Retainer Agreement that Plaintiffs, Messrs. Argudo and Sanay, entered into with Joseph & Kirschenbaum LLP.  I understand that I am permitted to proceed with alternative counsel of my own choosing at my own expense.

2

_____          _____
Date                                 Signature

_____          _____
Phone Number*                        Full Legal Name (Print)

_____          _____
E-mail address*                      Mailing Address (street)*

_____          _____
Position(s) held*                    Mailing Address (city, state, zip code)*

**\* This information will not be
   filed with the Court but will
   be provided to Plaintiffs' Counsel**

2