# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY ARGUDO and DIEGO SANAY, on behalf
of themselves and others similarly situated

                     Plaintiffs,

    v.

PAREA GROUP LLC, d/b/a TRATTORIA IL
MULINO, IMNY GS LLC d/b/a IL MULINO
TRIBECA, GFB RESTAURANT CORP. d/b/a IL
MULINO DOWNTOWN, WONDERFUL
RESTAURANT LLC d/b/a IL MULINO
UPTOWN, K.G. IM MANAGEMENT,
LLC, PASTA PERFECT LLC, IM 60 STREET, IL
MULINO USA, IM LLC-I, BRIAN GALLIGAN,
and GERALD KATZOFF,

                   Defendants.

18 CV 678 (JMF)

---

## SETTLEMENT AGREEMENT AND RELEASE

       This Settlement Agreement and Release (the "Agreement") is entered into by and between Henry Argudo and Diego Sanay (hereinafter "Named Plaintiffs" or "Class Representatives"), on behalf of themselves and a class of individuals they represent, and Defendants IMNY GS LLC d/b/a Il Mulino Tribeca, GFB Restaurant Corp. d/b/a Il Mulino Downtown, Wonderful Restaurant LLC d/b/a Il Mulino Uptown, K.G. IM Management, LLC, Pasta Perfect LLC, IM 60 Street, Il Mulino USA, IM LLC-I, Brian Galligan, and Gerald Katzoff.

## RECITALS AND BACKGROUND

       WHEREAS, on January 25, 2018, the Named Plaintiffs filed a Collective and Class Action Complaint in which they asserted claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL") for the alleged failure to pay certain wages and tips to the Named Plaintiffs and other employees who they alleged are similarly situated (the "Litigation"); and

       WHEREAS, in litigating the Named Plaintiffs' claims, the Parties engaged in substantial discovery, including reviewing tens of thousands of payroll documents exchanged by the Parties, analyzing personnel documents, wage notices and payroll records, and conducting depositions; and

WHEREAS, on September 24, 2019, the Court certified a Fed. R. Civ. P. Rule 23 Class of all tipped, food-service employees who worked for Defendants at five Il Mulino restaurants located in Manhattan from January 26, 2012 through the present (collectively, the "Class Members"); and

WHEREAS, Defendants deny all the allegations made by the Named Plaintiffs relating to their claims in the Litigation and deny any and all liability and damages to Plaintiffs with respect to the alleged facts or causes of action asserted in the Litigation; and

WHEREAS, on February 6, 2020, the Parties attended a full day mediation with Ruth D. Raisfeld, Esq. during which the Parties made significant progress towards settling the claims in the Litigation but did not reach a final resolution; and

WHEREAS, the Parties continued to negotiate and, in May 2020, finally agreed to settle the Named Plaintiffs' and the Class Members' claims; and

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that wages, gratuities, and/or other amounts improperly were withheld from any employees, Defendants have agreed to resolve the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on the Named Plaintiffs and the Class Members, and based upon Class Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that, if not settled now, litigation might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Class;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims between the Named Plaintiffs, the Class Members, and Defendants; and

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1**   **Agreement.**   "Agreement" means this Settlement Agreement and Release.

**1.2**   **Alternative Minimum Benefit**. "Alternative Minimum Benefit" means the settlement amount of Fifty Dollars and Zero Cents ($50.00) for Class Members whose settlement

allocation pursuant to 3.4(B) below falls below Fifty Dollars and Zero Cents ($50.00). This Alternative Minimum Benefit is considered to be 100% liquidated damages and is not subject to tax withholdings.

1.3 **Claim Form**. "Claim Form" shall mean the Court approved form provided to Class Members that they must submit, along with an IRS Form W-9, in order to obtain their Individual Settlement Amount pursuant to this Agreement.  The Claim Form will include an IRS Form W-9 and shall be in the form attached as Exhibit B to this Agreement, or in such other form as approved by the Court.

1.4 **Claim Form Deadline**.  "Claim Form Deadline" shall mean the date that is sixty (60) calendar days after the Settlement Claims Administrator mails the Notice, Claim Form, and IRS Form W-9 to Class Members pursuant to Section 2.6 of this Agreement.  If the Claims Administrator re-mails the Claim Form to any individual pursuant to Section 2.6 of this Agreement because the first mailing was returned as undeliverable or because an individual has requested a reissued Claim Form, the Claim Form Deadline for such individuals shall be the earlier of (a) sixty (60) days after the re-mailing, or (b) 90 days after the Claims Administrator's initial mailing to all Class Members.  If the Claim Form Deadline falls on a Sunday or national bank holiday, the Claim Form Deadline will be the next business day that is not a Sunday or national bank holiday.

1.5 **Claimant**.   "Claimant" shall mean any Class Member who submits a Claim Form and IRS Form W-9 by the Claim Form Deadline in accordance with Sections 1.4 and 2.6 of this Agreement.

1.6 **Claims Administrator** or **Settlement Claims Administrator**.    The "Claims Administrator" or "Settlement Claims Administrator" will be mutually selected by the Parties, subject to approval by the Court, to mail the Notices, Claim Forms, IRS Forms W-9 and administer the calculation, allocation, and distribution of the QSF, as defined herein.  The Settlement Claims Administrator's fees shall be borne by the QSF as defined herein.   The Parties have preliminarily identified Rust Consulting as the Settlement Claims Administrator.

1.7 **Class Members**.  "Class Members" shall mean all individuals who by their current or former employment for Defendants are included in the Court's September 24, 2019 class certification Order, namely, all tipped food-service employees who worked at the Manhattan Il Mulino restaurants (as defined below) during the Relevant Statutory Period.

1.8 **Class Counsel**.   "Class Counsel" shall mean D. Maimon Kirschenbaum and Josef Nussbaum of Joseph & Kirschenbaum LLP.

1.9 **Court**.   "Court" means the United States District Court for the Southern District of New York.

1.10 **Days**.  "Days" means calendar days unless otherwise stated.

1.11 **Defendants**.  "Defendants" shall mean IMNY GS LLC d/b/a Il Mulino Tribeca, GFB Restaurant Corp. d/b/a Il Mulino Downtown, Wonderful Restaurant LLC d/b/a Il Mulino

Uptown, K.G. IM Management, LLC, Pasta Perfect LLC d/b/a Il Mulino Prime, IM 60 Street, Il Mulino USA, IM LLC-I, Brian Galligan, and Gerald Katzoff.

1.12    **Defendants' Counsel**.   "Defendants' Counsel" shall mean Amanda M. Fugazy, Ilan Weiser, and Nicole Vescova of Ellenoff, Grossman & Schole LLP.

1.13    **Effective Date**.   "Effective Date" of the settlement shall mean the last of the following dates: (a) the date thirty-five (35) days after the entry of the Final Approval Order, if there are no appeals; or (b) if there is an appeal of the Final Approval Order, the day after all appeals are finally resolved in favor of complete and final approval the Agreement.

1.14    **Fairness Hearing**.   "Fairness Hearing" means the hearing before the Court relating to the Parties' motion seeking a Final Approval Order.  The Fairness Hearing shall be held at the Court's convenience and shall be scheduled at the earliest practicable date of the Court's choosing that is not less than forty-five (45) days after the Claim Form Deadline.

1.15    **Final Approval Order**.   "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement.

1.16    **Final Payable Amount**.   "Final Payable Amount" refers to the sum total of all money payable under this Agreement, including the Settlement Claims Administrator Fees, Attorneys' Fees and Costs awarded under paragraph 3.2, Service Awards awarded under paragraph 3.3, and the sums of all Claimants' Individual Settlement Amounts under paragraphs 3.4(B)(2), plus any applicable amounts owed as Defendants' share of payroll taxes.  Under no circumstances shall the Final Payable Amount exceed the amount of the Settlement Common Fund.

1.17    **Il Mulino**.   "Il Mulino" refers to five Defendant Il Mulino restaurants that operate or operated in New York, New York at the following locations: (1) 36 East 20th Street, (2) 37 East 60th St, (3) 86 West 3rd St, (4) 361 Greenwich St, and (5) 331 West Broadway.

1.18    **Individual Settlement Amount**.   "Individual Settlement Amount" shall mean each Class Member's potential share of the Net Settlement Fund, as calculated pursuant to Section 3.4 of this Agreement.

1.19    **Letter**.   "Letter" refers to the cover-letter that will be mailed to Class Members which includes the Notice, Claim Form and IRS Form W-9 as enclosures.  Subject to Court approval, the form of the letter will be the proposed template attached hereto as the first page of "Exhibit A."

1.20    **Litigation**.   "Litigation" means the above-captioned case.

1.21    **Named Plaintiffs**.   "Named Plaintiffs" means Henry Argudo and Diego Sanay.

1.22    **Net Settlement Fund**.   "Net Settlement Fund" means the remainder of the Qualified Settlement Fund (as defined below in Section 1.30) after deductions for: (1) the Settlement Claim Administrator's fees and costs; (2) Court-approved attorneys' fees and costs for Class Counsel; and (3) Court-approved Service Awards to the Named Plaintiffs.

**1.23**   **Notice or Notices**.   "Notice" or "Notices" means the Court-approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit.  Subject to Court approval, the form of the Notice will be the proposed template attached hereto of "Exhibit A."

**1.24**   **Objector**.  "Objector" means a Class Member who files an objection to this Agreement, and does not include any Class Member who opts-out of this Agreement.

**1.25**   **Opt-out Statement**.  "Opt-out Statement" is a written statement signed by an individual Class Member that has decided to opt-out and not be included in this Agreement.

**1.26**   **Participating Class Members**.   "Participating Class Members" are all Class Members who do not submit a valid Opt-out Statement.

**1.27**   **Parties**.   "Parties" means the Named Plaintiffs, Class Members and Defendants.

**1.28**   **Plaintiffs.**  "Plaintiffs" means the Names Plaintiffs and Class Members.

**1.29**   **Preliminary Approval Order**.  "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Notice to the Class Members.

**1.30**   **Qualified Settlement Fund** or **QSF**.  "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Claims Administrator into which Defendants shall pay the Final Payable Amount as per Section 3.1.  The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Preliminary Approval Order and Final Approval Order.  Interest, if any, earned on the QSF will become part of the Gross Settlement Amount.

**1.31**   **Released Claims**.  "Released Claims" means any claims released by Class Members and/or Named Plaintiffs pursuant to Section 4 of this Agreement.

**1.32**   **Relevant Statutory Period**.  The "Relevant Statutory Period" refers to the period from January 25, 2012 to the date of the Preliminary Approval Order.

**1.33**   **Settlement Checks**.   "Settlement Checks" means the set of checks issued to Class Members for their share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.34**   **Settlement Common Fund**.  "Settlement Common Fund" means Two Million Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00), which is the maximum amount Defendants will pay to settle the Litigation as set forth in this Agreement.  The employers' share of applicable taxes shall be borne Defendants and not deducted from the Settlement Common Fund.

**1.35**   **Subclass Members**.   Subclass Members shall mean the Subclass Members certified by the Court in its September 24, 2019 Opinion and Order.  For the avoidance of doubt, Subclass Members shall include all tipped food-service employees who worked for

Defendants at the Trattoria Il Mulino location in Manhattan between January 26, 2012 and December 31, 2018.

## 2.  INITIAL PROCEDURAL ISSUES

2.1     **Binding Agreement**.  This Agreement is a legally binding agreement and contains all material agreed-upon terms for the parties to seek a full and final settlement of the Litigation.

2.2     **Preliminary Approval Motion.**

(A)     Within ten (10) days after the Named Plaintiffs' and Defendants' execution of this Agreement, Class Counsel will file a Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") with the Court.  The Preliminary Approval Motion will seek an Order: (a) approving the Notice and Claim Form; (b) scheduling a fairness hearing; (c) directing the mailing of the Notice, Claim Form and IRS Form W-9, and providing the Class Members an opportunity to object to or request to "opt-out" from the settlement; (d) preliminarily approving the Agreement, subject only to the objections of Class Members and Final Approval by the Court; (e) preliminarily approving costs of administration; and (f) appointing a Settlement Administrator.  The Preliminary Approval Motion will also seek deadlines for individuals to opt-out of this Agreement or provide objections to this Agreement, which deadline will be the date sixty (60) days from the mailing of the Notice, Claim Form and IRS Form W-9 to the Class Members, and for a Fairness Hearing for Final Approval of the Agreement before the Court at the earliest practicable date of the Court's choosing but no earlier than forty-five (45) days after the Claim Form Deadline.  Defendants will not oppose the Preliminary Approval Motion provided it is consistent with the terms of this Agreement.

(B)     If the Court denies the Preliminary Approval Motion, the Litigation will continue as if no settlement had been attempted, unless the Parties jointly agree to seek reconsideration of the ruling, Plaintiffs or Defendants appeal the ruling, or if the Parties seek Court approval of a renegotiated Agreement.,

(C)     The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal.

2.3     **Class Action Fairness Act ("CAFA") Notice.**  Defendants shall be responsible for ensuring that this Agreement complies with CAFA and that the appropriate CAFA notices are issued.

2.4     **Retention and Responsibilities of the Settlement Claims Administrator.**

(A)     Within five (5) days after the filing of a Motion for Preliminary Approval, the Parties shall engage a Settlement Claims Administrator whose fee shall be paid from the Qualified Settlement Fund.

(B)     The Settlement Claims Administrator will be responsible for:

(1)     opening and maintaining an FDIC insured account to deposit the payments set forth in Section 3 of this Agreement;

(2)     preparing, printing and disseminating to Class Members the Notice, Claim Form and IRS Form W-9;

(3)     copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Class Member;

(4)     receiving, reviewing, and responding to any Opt-Out Statements, Objections or any other inquiries submitted by Class Members;

(5)     furnishing to counsel for the Parties copies of any Opt-Out Statements, objections or other written or electronic communications from Class Members which the Claims Administrator receives;

(6)     keeping track of Opt-Out Statements, including maintaining the original mailing envelope in which the request was mailed;

(7)     keeping track of returned Notices;

(8)     keeping track of returned Claim Forms and IRS Forms W-9;

(9)     ascertaining current address information for each Notice, Claim Form and IRS Form W-9 returned as undeliverable and re-mailing of Notices, Claim Forms and IRS Forms W-9 in accordance with Section 2.6(D) of this Agreement within five (5) days of receipt.

(10)    calculating distribution amounts to Class Members in accordance with this Agreement;

(11)    preparing and mailing the Settlement Checks and the related tax reporting forms to the Named Plaintiffs, Class Members, Class Counsel, and any other party, entity, or individual for whom receipt of such documents is necessary or required;

(12)    calculating any employer-side payroll taxes required pursuant to the Agreement;

(13)    timely responding to inquiries from Class Members, Class Counsel, or Defendants' Counsel consistent with the Claims Administrator's duties specified herein;

(14)    referring to Class Counsel all inquiries by Class Members regarding matters not within the Claims Administrator's duties specified herein;

(15)  promptly apprising Class Counsel and Defendants' Counsel of the activities of the Claims Administrator and maintaining adequate records of its activities, including the dates of the mailing of Notice(s), returned mail and other communications and attempted written or electronic communications with the Class;

(16)  promptly providing copies to Class Counsel and Defendants' Counsel of any Opt-out Statements and Objections submitted by Class Members;

(17)  distributing the Service Awards to Class Representatives;

(18)  preparing and mailing Class Counsel's attorneys' fees, expenses, and costs and settlement payments in accordance with this Agreement and the Court's Final Approval Order;

(19)  providing copies of the Settlement Checks and the endorsement of same to Class Counsel and Defendants' Counsel upon request;

(20)  providing a final report, deliverable to Class Counsel and Defendants' Counsel, detailing the results of the class mailings and participation;

(21)  providing Class Counsel with any necessary documents regarding the claims administration process that Class Counsel may need in order to file a Motion for Final Approval of the Agreement; and

(22)  such other tasks upon which the Parties mutually agree.

(C)  The Parties will have equal access to the Settlement Claims Administrator, and the Settlement Claims Administrator will provide regular reports to the Parties, but no less frequently than every two (2) weeks, regarding the status of the mailing of the Notices, Claim Forms and IRS Forms W-9 to Class Members, the claims administration process, the identity and number of Class Members who object and/or opt-out of the Agreement, and the distribution and redemption of the Settlement Checks.

(D)  In addition, no later than fifteen (15) days prior to the Fairness Hearing, the Settlement Claims Administrator shall certify jointly to Class Counsel and Defendants' Counsel (a) a list of all Class Members who filed a timely objection, and (b) a list of all Class Members who requested to opt-out of the settlement at any time during the opt-out period. The Settlement Claims Administrator shall also provide Defendants with an updated address list for Class Members. Throughout the period of claims administration, the Settlement Claims Administrator will provide reports to the Parties upon request by either Party, regarding the status of the mailing of the Notices to Class Members, the claims administration process, and distribution of the Settlement Checks or any other aspect of the claims administration process.

**2.5**   The Parties agree to reasonably cooperate with the Settlement Claims Administrator, provide accurate information, to the extent reasonably available, necessary to calculate the Settlement Checks, and reasonably assist the Settlement Claims Administrator in locating Class Members.

**2.6**   **Notice to Class Members**

(A)   Within thirty (30) calendar days of the date of this Agreement is fully executed, Defendants will provide the Claims Administrator and Class Counsel with a list, in Microsoft Excel format, of each Class Member's (1) name, (2) last known address, (3) last known e-mail address, (4) last known telephone number, (5) social security number, (6) dates of employment, (7) the total number of hours worked by each Class Member at the tip credit minimum wage between January 1, 2015 and the date the Court enters the Preliminary Approval Order, and (8) the total amount of tips earned by each Subclass Member between January 1, 2015 and the date the Court enters the Preliminary Approval Order (the "Class List"). Defendants will also certify by way of affidavit to be provided to Class Counsel that they have in good faith searched for all of the above-listed necessary information, to the extent that it is in Defendants' possession, including reviewing Class Member's onboarding documents (*e.g.*, I-9 forms, employment application forms).

(B)   Prior to mailing the Letter, Notice, IRS Form W-9 and Claim Form, the Claims Administrator will update the addresses for Class Members on the Class List using the National Change of Address database and other available resources deemed suitable by the Claims Administrator.

(C)   Within the later of (a) fourteen (14) calendar days after receiving the Class List, or (b) fourteen (14) calendar days after the Court issues an Order preliminarily approving the Agreement, or as soon thereafter as is practicable, the Claims Administrator shall distribute the Letter, Notice, IRS Form W-9 and Claim Form via First Class United States mail, postage prepaid, to each Class Member. For those Class Members for whom an e-mail address and/or phone number is included in the Class List, the Claims Administrator will also notify such Class Members of the Agreement via e-mail in the form appended hereto as Exhibit C and/or via text message in the form appended hereto as Exhibit D. For those Class Members who are notified via e-mail, the Claims Administrator will include the Letter, Notice, and electronically fillable versions of the Claim Form and IRS W-9 Form as attachments to the email.

(D)   The Letter, Notice and Claim Form shall inform all Class Members of their rights under this Agreement and the Claim Form shall also inform Class Members of their estimated Individual Settlement Amount. Should the Class List not contain a Class Member's e-mail address or last known telephone number, the Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and shall attempt re-mailings as described below in Section 2.6(D).

Defendants' Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator related to the claims administration process.

(E)     If any Notices, IRS Forms W-9 or Claim Forms are returned as undeliverable, the Claims Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service.  If no such forwarding address is provided, the Claims Administrator shall perform one (1) skip trace to attempt to obtain the most recent addresses for these Class Members. The Claims Administrator shall, within ten (10) calendar days after the first mailing of Notice, notify Class Counsel and Defendants' Counsel of the any corrected or updated addresses.

(F)     The Claims Administrator shall notify Class Members who submit deficient claim forms ("Deficient Claimants") of the deficiency within five (5) business days of receipt.  Deficient Claimants will have until the later of the Claim Form Deadline or fifteen (15) days from the date the notice of deficiency is postmarked to cure said deficiency.  If the deficiency is not cured by the Deficient Claimant within this time period, the Deficient Claimant's claim will be waived and he/she will not receive any monies under this Agreement, but the Deficient Claimant will still be bound by the release in this Agreement, unless the deficiency is excused by mutual written agreement between Class Counsel and Defendants' Counsel.

(G)     Each Class Member must submit his/her completed Claim Form to the Settlement Claims Administrator no later than the Claim Form Deadline in order to receive his or her Individual Settlement Amount.  For Claim Forms submitted by first class mail, the postmark date of the Claim Form mailed by the Settlement Claims Administrator to the Class Member and the postmark date of the Claim Form mailed by the Class Member to the Settlement Claims Administrator shall be deemed the exclusive means for determining whether a Class Member timely submitted his/her Claim Form.

(H)     Only those Class Members who timely complete and return a Claim Form and IRS Form W-9 as set forth herein will be deemed Claimants.  The Named Plaintiffs who sign this Agreement will be deemed Claimants even if they do not submit a Claim Form.  Any money unclaimed from the Settlement Common Fund will either remain with Defendants, or, if the money has already been transferred to the QSF, revert back to Defendants.

(I)     Defendants will instruct managers at Il Mulino who have contact with Class Members who are current employees of Defendants to not discourage Class Members from participating in this settlement and to instruct Class Members who may have questions about the settlement to review the Court-approved Notice.

**2.7    Class Member Opt-outs.**

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, postage prepaid, a

written, signed statement to the Settlement Claims Administrator that states he or she is opting out of the settlement, and include his or her name, job title, address, and telephone number, and state: "I opt out of the Il Mulino wage and hour settlement" ("Opt-out Statement").  To be effective, such Opt-Out Statements must be postmarked by the Claim Form Deadline.

(B)     The Settlement Claims Administrator will stamp the date received on the original of each Opt-out Statement that it receives, if any, and shall serve copies of each Opt-out Statement on Class Counsel and Defendants' Counsel not later than three (3) days after receipt thereof.  The Settlement Claims Administrator will also, within three (3) days of the end of the Opt-out Period, file with the Clerk of Court, stamped copies of any Opt-out Statements.  The Settlement Claims Administrator will, within 24 hours of the end of the Opt-out Period, send a final list of all Opt-out Statements it received to Class Counsel and Defendants' Counsel by e-mail. The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(C)     If more than 5% of Class Members choose to exclude themselves in writing from participating in the class settlement Agreement by filing an Opt-out Statement described under this Agreement, then Defendants shall have the option, to be exercised within 10 calendar days following the date on which the Settlement Claims Administrator notifies the parties of the Class Members that have timely opted-out of this Agreement by the Claim Form Deadline, of revoking this Agreement and proceeding with the case as if no settlement has been attempted. In that event, the Settlement Claims Administrator is required to distribute the full amount of the Settlement Common Fund, less any earned Administration Fees through that time, back to Defendants within five (5) days of Defendants' exercise of this option.  The Parties thereafter shall have no further rights or obligations under this Agreement.

**2.8     Objections to Settlement.**

(A)     Class Members who wish to present objections to the proposed settlement Agreement at the Fairness Hearing must first do so in writing.  To be considered, such objections must be submitted to the Claims Administrator by the Claim Form Deadline.  The statement must include all reasons for the objection and any reasons not included in the statement will not be considered.  The statement must also include the name, job title, address, e-mail address, and telephone number for the Class Member making the objection.  The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendants' Counsel by e-mail no later than three (3) days after receipt thereof.  The Settlement Claims Administrator will also file the date-stamped originals of any and all objections with the Court within three (3) days after the end of the Opt-out Period.

11

(B)     An individual who files objections to the settlement Agreement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections.  An Objector may withdraw his or her objections at any time.  No Objector may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections.  A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement Agreement.

(C)     The parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.9     Motion for Judgment and Final Approval.**  No later than seven (7) days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval. Defendants will not oppose the Final Approval Motion provided it is consistent with the terms of this Settlement Agreement.  The Fairness Hearing shall be held at the Court's convenience.

**2.10    Entry of Judgment.**  At the Fairness Hearing, the Parties will request that the Court, among other things, (a) dismiss the Litigation with prejudice against all Defendants in accordance with the terms of this Agreement, (b) approve the settlement Agreement as fair, adequate, reasonable, and binding on all Class Members who do not successfully opt-out, (c) enter an order permanently enjoining all Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement by incorporating the terms of this Agreement, and (d) retain jurisdiction to enforce the terms of the Agreement.

**2.11    Effect of Failure to Grant Final Approval.**  In the event the Court denies the Motion for Final Approval, the Parties jointly agree to seek reconsideration of the ruling or will endeavor to renegotiate the terms of the settlement and enter into a new settlement agreement, addressing the issues raised by the Court.  Should reconsideration be denied and/or the Parties' attempt to renegotiate the settlement and then secure Court approval of a renegotiated settlement be denied, the Parties will return to their positions prior to entering into the Agreement and the case will proceed as if no settlement had been attempted.

## 3.   SETTLEMENT TERMS

**3.1     Settlement Common Fund.**

(A)     Defendants agree to pay One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00) towards the settlement, and Defendants IMNY GS LLC d/b/a Il Mulino Tribeca,  GFB Restaurant Corp. d/b/a Il Mulino Downtown, Wonderful Restaurant LLC d/b/a Il Mulino Uptown, IM 60 Street LLC, K.G. IM Management, LLC, Brian Galligan and Gerald Katzoff agree to pay the Final Payable Amount, if any, towards the settlement, to fund up to the maximum

settlement amount of Two Million Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00), which shall fully resolve and satisfy any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Claimants, any Court-approved Service Awards to Named Plaintiffs, any fees and costs associated with investing and liquidating the Qualified Settlement Fund, and the Settlement Claims Administrator's fees and costs. Defendants will not be required to pay more than Two Million Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00) under the terms of this Agreement, except that the employers' share of applicable taxes shall be borne by Defendants and not deducted from the Settlement Common Fund, and Defendants Pasta Perfect LLC, Il Mulino USA, and IM LLC-1 shall not be required to contribute to the payment to the Settlement Common Fund to the extent the payment exceeds One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00).

(B)     Defendants shall fund the Qualified Settlement Fund in three installments, as follows:

    (1)     Defendants shall cause the first installment payment of One Million Dollars ($1,000,000.00) to be paid to the Settlement Claims Administrator on or before August 12, 2020;

    (2)     Defendants shall cause the second installment payment of Five Hundred Thousand Dollars ($500,000.00) to be paid to the Settlement Claims Administrator on or before October 15, 2020;

    (3)     The third installment payment shall consist of the total Final Payable Amount, if any, less any amounts already paid to the Settlement Claims Administrator.  Defendants IMNY GS LLC, GFB Restaurant Corp., Wonderful Restaurant LLC, K.G. IM Management, LLC, IM 60 Street LLC, Brian Galligan and Gerald Katzoff shall cause the fourth installment payment to be paid to the Settlement Claims Administrator within thirty (30) days after the Claim Form Deadline.

(C)     If the first installment payment is not funded by August 12, 2020 (as set forth in subparagraph 3.1(B)(1)), Plaintiffs shall have the option, to be exercised by August 24, 2020, of revoking this Agreement and proceeding with the case as if no settlement has been attempted.

**3.2     Amounts Payable as Attorneys' Fees and Costs.**

(A)     Prior to the Fairness Hearing, Class Counsel shall petition the Court for reimbursement of their reasonable litigation costs and expenses from the Settlement Fund.  In addition, Class Counsel shall petition the Court for no more than one-third of the Settlement Common Fund, after costs, as an award of attorneys' fees.  Defendants will not oppose such applications.  Defendants shall have no additional liability for attorneys' fees and costs.

(B)     The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Agreement settling the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.  Any reduction by the Court of Class Counsel's application for attorneys' fees and costs shall become part of the Net Settlement Fund.

**3.3     Service Awards to Named Plaintiffs.**

(A)     In return for services rendered to the Class Members, at the Fairness Hearing, Named Plaintiffs Argudo and Sanay will each apply to the Court to receive no more than Ten Thousand Dollars and Zero Cents ($10,000.00) from the QSF as Service Awards and in consideration for signing the Agreement.

(B)     The outcome of the Court's ruling on the application for the Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.  Should all or part of any Service Award sought not be approved by the Court, the amount not approved shall become part of the Net Settlement Fund.

(C)     In consideration for receipt of the Service Award, if any, and their respective shares of the QSF, Named Plaintiffs and Opt-in Plaintiffs agree to the release set forth in Section 4.1(C).

**3.4     Net Settlement Fund and Distribution to Class Members.**

(A)     The allocation to Claimants for Settlement Checks will be made from the Net Settlement Fund.

(B)     A Class Member's proportionate share of the Net Settlement Fund will be determined by the Settlement Claims Administrator pursuant to the following terms:

(1)     The Net Settlement Fund shall be distributed among Class Members who worked at the five (5) Il Mulino locations during the Relevant Statutory Period.

(2)     Notwithstanding the formula agreed upon by the Parties as set forth in subparagraph (3) below, no Claimant will be awarded a payment that is less than the Alternative Minimum Benefit, which equals Fifty Dollars ($50.00).  In the event that any Claimant's award must be increased to the Alternative Minimum Benefit the difference shall be borne proportionately by other Claimants.

(3)     The Net Settlement Fund shall be allocated according to the following formula:

(a) **The Tip Credit Fund:**  The Tip Credit Fund shall constitute 70% of the Net Settlement Fund.  This fund shall be further divided into two separate subfunds whereby one subfund will be divided between Class Members who worked at Il Mulino between January 1, 2012 and December 31, 2014 ("Period A") and the second subfund will be divided between Class Members who worked at Il Mulino between January 1, 2015 and the date the Court enters the Preliminary Approval Order ("Period B").   These funds shall be allocated according to the following formulas:

    (i)    **The Period A Tip Credit Fund:**  The Period A Tip Credit Fund shall constitute 17.5% of the Net Settlement Fund (*i.e.*, 25% of the Tip Credit Fund) and shall be allocated to each Class Member on the basis of the percentages set forth in "Exhibit E."

    (ii)    **The Period B Tip Credit Fund:** The Period B Tip Credit Fund shall constitute 52.5% of the Net Settlement Fund (*i.e.*, 75% of the general Tip Credit Fund) and shall be allocated as follows: (1) compute the total amount of hours worked by each Class Member during Period B; (2) multiply the total amount of hours worked by each Class Member during Period B by one point; (3) compute the total number of points assigned to all Class Members; (4) divide each Class Member's individual points total into the sum of all the Class Members' points; (5) multiply the amount derived in (4) by the dollar amount in the Tip Credit Fund to determine each Class Member's potential individual Tip Credit Fund benefit.

    (iii)    Class Members who may have worked at Il Mulino during time periods covered by both Period A and Period B shall be entitled to receive an individual benefit from both the Period A Tip Credit Fund and the Period B Tip Credit Fund.

(b) **The WTPA Notice Fund**: The WTPA Notice Fund shall constitute 25% of the Net Settlement Fund and shall be allocated to each Class Member on the basis of the percentages set forth in "Exhibit F."

(c) **The Trattoria Subclass Fund:**  The Trattoria Subclass Fund shall constitute 5% of the Net Settlement Fund and shall be allocated to Subclass Members only according to the following formula: (1) compute the total amount of tips earned by each Subclass Member during the Limitations Period; (2) multiply the total number of tips earned by each Subclass Member during the Limitations Period by one point; (3) compute the total number of points assigned to all Subclass

> Members; (4) divide each Subclass Member's individual points total into the sum of all the Subclass Members' points; (5) multiply the amount derived in (4) by the dollar amount in the Tip Credit Fund to determine each Subclass Member's potential Trattoria Subclass Fund benefit.

(C)     In the event a Class Member believes the information the Settlement Claims Administrator relied on to calculate their Individual Settlement Amount was in error, the Class Member may raise their concerns with Class Counsel.  If Class Counsel believes there is merit to any such concerns, they will bring these concerns to Defendants' counsel's attentions and the Parties will work together to resolve the issue.

(D)     The Parties and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in Section 3.5.

(E)     Only those Class Members that have submitted a timely Claim Form (with a valid IRS Form W-9 enclosed) will be able to participate as Claimants and receive a portion of the Net Settlement Fund.

(F)     The Claims Administrator shall mail to all Claimants their share of the Net Settlement Fund.  The Claims Administrator shall use reasonable efforts to make an additional mailing to Claimants whose checks are returned because of incorrect addresses.   Such efforts shall include using social security numbers to obtain updated address information. Participating Class Members who do not return timely Claim Forms (with a valid IRS Form W-9 enclosed) will not receive any distribution from the Net Settlement Fund.

(G)     Claimants will have one hundred thirty (130) calendar days after each check date to redeem their settlement payment check.  If a Claimant does not redeem their settlement payment check within the 130-day period, their settlement checks will be void and a stop-payment will be placed.   In such event, the Claims Administrator shall remit any such Claimant's uncashed check amount to the Defendants.

**3.5     Tax Characterization.**

(A)     For tax purposes, the payments to Claimants pursuant to Section 3.4 will be allocated as follows for tax purposes: (i) 50% in consideration for time worked as back-wage payments and/or wage income subject to W-2 reporting, and (ii) 50% in consideration for liquidated damages, statutory fines and interest as non-wage payments subject to 1099 reporting.

(B)     Payments treated as back wages pursuant to Section 3.5(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the

payee's name and social security number on an IRS Form W-2. The employers' share of applicable taxes shall be borne by Defendants and not deducted from the Settlement Common Fund. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding. Class Counsel will receive an IRS Form 1099 for this payment of attorneys' fees and costs, and individual Claimants shall receive a Form 1099 with their pro rata share for their payment of liquidated damages.  Any Service Award payments pursuant to Section 3.3 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(C)    The Claims Administrator shall be responsible for making all withholdings from Claimants' settlement payments required pursuant to any federal, state, or local tax law or regulation, with respect to the amounts treated as wages pursuant to Section 3.5(A).

(D)    Each individual Claimant will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement, other than FICA tax and any federal and state unemployment tax due that are traditionally borne by employers.  The Named Plaintiffs, on behalf of the Class, acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

## 4.  RELEASE

### 4.1   Release of Claims.

(A)    **Release of State Claims.**  Upon the Order Granting Final Approval, and except as to such rights or claims as may be created by this Agreement, each Participating Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint venture, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any claims under the New York Labor Law, New York Wage Theft Prevention Act and/or any applicable New York State Wage Order, including but not limited to claims related to the time they worked at Il Mulino, claims for unpaid wages, overtime pay, unpaid tips, failure to maintain and furnish employees with proper wage records, paystubs, and/or notices, and all other claims that were or could have been asserted in the Litigation under New York State wage and hour laws and employment laws, whether known or unknown, through the date of execution of this Agreement by the Named Plaintiffs, including but not limited to New York

State law claims for overtime, unpaid wages, unpaid tips, interest, liquidated damages, and attorneys' fees and costs related to such claims.

(B) **Release of Claimants' Federal Claims.** In addition, each Claimant, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, forever and fully releases Defendants and Releasees from any FLSA claims relating to the time they worked at Il Mulino, including claims for unpaid wages and/or overtime wages, unpaid tips, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date each respective Claimant signs a Claim form.

(C) **Release of Named Plaintiffs' Claims.**

(1) **General Release.** In addition to the waiver and release contained in 4.1(A)-(B) above, Named Plaintiffs knowingly and voluntarily, on their behalf and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Releasees from any and all claims arising up to and as of the date of this Agreement, both known and unknown, which the Named Plaintiffs have or may have against Releasees relating to the time they worked at Il Mulino including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1965; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; The Equal Pay Act; The Employee Retirement Income Security Act of 1974; The Immigration Reform and Control Act; The Consolidated Omnibus Budget Reconciliation Act; The Age Discrimination in Employment Act; The Americans with Disabilities Act of 1990; Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; The Fair Credit Reporting Act; The Sarbanes Oxley Act; The Occupational Safety and Health Act; The New York Corrections Law, including Sections 750-755 thereof; The Family and Medical Leave Act of 1993; The New York Labor Law; The New York Wage Theft Prevention Act; The New York State Human Rights Law; The New York Civil Rights Law; The New York City Human Rights Law; NYC Administrative Code, and any other federal, state, and/or local law or ordinance. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, penalties, interest, and attorneys' fees' and costs.

(2) **Revocation.** Named Plaintiffs both represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same and that they have been represented by Joseph & Kirschenbaum LLP. Named Plaintiffs each further represent that they have been provided the opportunity of at least twenty-one (21) days to consider, execute and return this Agreement. To the extent any Named Plaintiff executes this Agreement before that twenty-one (21) day period

expires, s/he freely and voluntarily elects to forgo waiting twenty-one (21) days prior to execution and acknowledges that (a) the benefits provided in this Agreement are available notwithstanding her/his choice to waive, or not waive this period and (b) that this waiver was not in any way coerced or compelled by any of the Releasees.

(a) Named Plaintiffs each acknowledge and represent that they fully understand all of the provisions of this Agreement, have had the opportunity to ask questions and are executing same freely and voluntarily.

(b) Named Plaintiffs each further understand that they can revoke their acceptance by communicating such revocation in writing, via e-mail, so as to be received by the Defendants' Counsel at the addresses set forth below within seven (7) days of her/his execution of the Agreement.

*Defendants' Counsel*

Amanda M. Fugazy, Esq. (afugazy@egsllp.com)
Ilan Weiser, Esq.  (iweiser@egsllp.com)
Ellenoff Grossman & Schole LLP

(c) In the event that any Named Plaintiff revokes their signature to the Agreement, such Named Plaintiff shall forfeit their entitlement to receive a Service Award pursuant to paragraph 3.3.

(D) **Defendants' Release of claims against Named Plaintiffs**.  Defendants, in consideration of each Named Plaintiff's Released Claims as set forth in Paragraphs 4.1(A)-(C) above and for other promises and covenants contained in this Agreement, releases and forever discharges each Named Plaintiff, and his or her respective current, former, and future heirs, executors, administrators, fiduciaries, insurers, agents, attorneys, successors, and assigns, and all persons acting by, through, under, or in concert with any of them, in their individual or representative capacities from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of Named Plaintiffs' purported employment and/or employment with Defendants, any agreement concerning such employment, or the termination of such employment, which the Defendants ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of the respective Named Plaintiff's execution of this Agreement, including, but not limited to claims arising under all Federal, State and local statutes, regulations, decisional law and ordinances and all contract and tort laws.

(E) **Release of Fees and Costs for Settled Matters.** Class Counsel and Named Plaintiffs, on behalf of the Class and each individual Class Member and Claimant, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of the Named Plaintiffs, the Class, and/or the Claimants in this Litigation. Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals in this Litigation.

(F) **Non-Admission of Liability**. By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Named Plaintiffs and/or the Class, individually or collectively, with all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Named Plaintiffs and the Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

## 5. INTERPRETATION AND ENFORCEMENT

**5.1 Cooperation Between the Parties; Further Acts.** The Parties and their respective counsel shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2 No Assignment.** Class Counsel and Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**5.3 Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be superseded by this Agreement.

5.4 **Binding Effect.**  This Agreement is a binding agreement and contains all material agreed-upon terms, subject to court approval.

5.5 **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length, including participating in a mediation session.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6 **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7 **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8 **Blue Penciling.**  If any provision of this Agreement, with the exception of the release terms contained in Section 4 and the payment amount schedule contained in Section 3.1(A), is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect, and the parties will make all reasonable efforts to renegotiate the provisions(s) held void, voidable, unlawful or unenforceable, and enter into a new Agreement on terms similar to those herein so that such provision(s) will be upheld.

5.9 **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10 **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Court shall not have jurisdiction or authority to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

5.11 **Remedies for Breach.**  Should any party breach the terms of this Agreement as determined by the Court which retains jurisdiction over enforcement of this Agreement, the non-breaching party shall be entitled, in addition to any other legal and equitable remedies which may be available, to recover all costs and attorneys' fees incurred by such non-breaching party in enforcing the terms of this Agreement.

5.12 **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment to the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Named Plaintiffs and Defendants, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure

21

by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.13    **When Agreement Becomes Enforeceable; Counterparts.**    This Agreement shall become enforceable upon the execution of all signatories below.    The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.14    **Signatures of Defendants and Plaintiffs.**    This Agreement is valid and binding if signed by the all Defendants and Named Plaintiffs.

5.15    **Facsimile and Email Signatures.**    Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**PLAINTIFFS:**

HENRY ARGUDO

7/14/2020

_____    By: _____
Date                                                    Henry Argudo

DIEGO SANAY

7/14/2020

_____    By: _____
Date                                                    Diego Sanay

**DEFENDANTS**

IMNY GS LLC d/b/a IL MULINO TRIBECA

_____    By: _____
Date                                                    Name:
                                                            Title:

22

by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.13    **When Agreement Becomes Enforeceable; Counterparts.**   This Agreement shall become enforceable upon the execution of all signatories below.   The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.14    **Signatures of Defendants and Plaintiffs.**  This Agreement is valid and binding if signed by the all Defendants and Named Plaintiffs.

5.15    **Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**PLAINTIFFS:**

HENRY ARGUDO

_____    By: _____
Date                                          Henry Argudo

DIEGO SANAY

_____    By: _____
Date                                          Diego Sanay

**DEFENDANTS**

IMNY GS LLC d/b/a IL MULINO TRIBECA

7/15/20                    By: _____
Date                              Name: Gerald KATZOFF
                                       Title: MANAGER

22

GFB RESTAURANT CORP. d/b/a IL MULINO
DOWNTOWN

7 - 15 - 20
Date

By: _Gerald Katzoff_
Name: _Gerald Katzoff_
Title: _President._

WONDERFUL RESTAURANT LLC d/b/a IL
MULINO UPTOWN

7 - 15 - 20
Date

By: _Gerald Katzoff_
Name: _Gerald Katzoff_
Title: _Manager_

K.G. IM MANAGEMENT, LLC

7 - 15 - 20
Date

By: _Gerald Katzoff_
Name: _Gerald Katzoff_
Title: _Manager_

PASTA PERFECT LLC

7 - 15 - 20
Date

By: _Gerald Katzoff_
Name: _Gerald Katzoff_
Title: _Manager_

IM 60 STREET

7 - 15 - 20
Date

By: _Gerald Katzoff_
Name: _Gerald Katzoff_
Title: _Manager_

**IL MULINO USA**

7·15·20
Date

By: _____
Name: GERALD KATZOFF
Title: MANAGER

**IM LLC-I**

7-15-20
Date

By: _____
Name: GERALD KATZOFF
Title: MANAGER

**BRIAN GALLIGAN**

_____
Date

By: _____
Brian Galligan

**GERALD KATZOFF**

7·15·20
Date

By: _____
Gerald Katzoff

24

IL MULINO USA

_____          By: _____
Date                                                         Name:
                                                                  Title:


IM LLC-I

_____          By: _____
Date                                                         Name:
                                                                  Title:


BRIAN GALLIGAN

_____7/15/2020_____          By: _____
Date                                                         Brian Galligan


GERALD KATZOFF

_____          By: _____
Date                                                         Gerald Katzoff


24

# EXHIBIT A

**COVER LETTER (to be sent on Settlement Claims Administrator letterhead)**

DATE

NAME
ADDRESS
CITY, STATE ZIP CODE

      Re:    **NOTICE OF CLASS ACTION SETTLEMENT AGAINST**
               **IL MULINO RESTAURANTS IN MANHATTAN**
               (***Argudo, et al v. Parea Group LLC***, No. 18 CV 678)

Dear [NAME],

      According to Il Mulino's records, you worked as a tipped food-service employee at an Il Mulino restaurant in Manhattan during the time period covered by a class action lawsuit for unpaid wages.  The Parties have reached a settlement in that lawsuit under which you are eligible to receive a portion of the settlement.   Enclosed herein is a Court approved Notice, Claim Form and Form W-9.  **In order to receive payment under the settlement, you must sign the two enclosed forms entitled "CLASS MEMBER CLAIM FORM" and "SUBSTITUTE FORM W-9 REQUEST FOR TAXPAYER IDENTIFICATION NUMBER."  You will not receive money from the settlement unless you submit a Claim Form and IRS Form W-9 by [DATE].  In order to receive your settlement amount, both these forms must be mailed or emailed to the addresses listed in the Claims Form.**

      For full information about the settlement and how to claim your share of the settlement, please contact the employees' attorney Josef Nussbaum at (212) 688-5640 or jnussbaum@jk-llp.com.

                                        Sincerely,

                                        [Settlement Claims Administrator]

**NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
AND FAIRNESS HEARING**

**TO:   PERSONS WHO WORKED AS A FOOD-SERVICE EMPLOYEE AT AN
IL MULINO RESTAURANT IN MANHATTAN BETWEEN JANUARY 26,
2012** AND [DATE OF PRELIMINARY APPROVAL].

Based on information in the records of Il Mulino restaurants, you were employed as food-service employee at an Il Mulino restaurant in Manhattan between January 26, 2012 and [DATE OF PRELIMINARY APPROVAL].   and are entitled to participate in the proposed settlement of the case captioned *Argudo et al v. Parea Group LLC*, et al, 18 CV 678 (S.D.N.Y.) (the "Lawsuit").   The Lawsuit was brought by Henry Argudo and Diego Sanay against IMNY GS LLC d/b/a Il Mulino Tribeca, GFB Restaurant Corp. d/b/a Il Mulino Downtown, Wonderful Restaurant LLC d/b/a Il Mulino Uptown, K.G. IM Management, LLC, Pasta Perfect LLC, IM 60 Street, Il Mulino USA, IM LLC-I, Brian Galligan, and Gerald Katzoff (collectively "Defendants" or "Il Mulino").

Under the terms of the settlement, you may claim money under the Settlement.  **A CLAIM FORM IS ENCLOSED WITH THIS NOTICE.   YOU WILL RECEIVE MONEY FROM THIS SETTLEMENT ONLY IF YOU RETURN THE ATTACHED CLAIM FORM AND A VALID AND FULLY EXECUTED IRS FORM W-9 TO THE CLAIMS ADMINISTRATOR ON OR BEFORE [INSERT DATE].**

| 1.   WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

**PLEASE READ THIS NOTICE CAREFULLY.**  It contains important information about your rights concerning the settlement of the Lawsuit.  If the Court approves the Settlement Agreement, each Class Member will be bound by its terms unless he/she affirmatively opts-out of the Settlement Agreement.

The Court has ordered that this Notice be sent to you to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

| 2.   WHAT IS THIS CASE ABOUT? |
|---|

The Lawsuit asserts claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that Il Mulino failed to properly compensate certain front of the house food-service employees at its Manhattan, NY locations for all hours worked, including overtime for hours worked in excess of forty per workweek.  The Lawsuit also alleges that employees were not provided with the appropriate notices that Il Mulino was required to provide them with.  Finally, the Lawsuit alleges that—at the Trattoria Il Mulino location—Defendants misappropriated portions of employees' tips, by forcing them to share tips with individuals who did not perform customer service.

Defendants deny these allegations in their entirety and maintain that all food-service employees were paid properly and received all monies owed. The Parties have entered into this Settlement Agreement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any ruling on the merits of the claims in the Lawsuit, and no party has prevailed in this action.

## 3. WHO IS INCLUDED IN THE CLASS?

The Parties have agreed to settle the Lawsuit for a class consisting of all food-service employees employed at certain Il Mulino locations in Manhattan between January 26, 2012 and [THE DATE OF PRELIMINARY APPROVAL] ("Class Members"). You have received this notice because Il Mulino has identified you as a Class Member based on their records.

## 4. HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

If the Settlement Agreement is given final approval by the Court, Defendants will pay up to a maximum of $2,500,000.00 in total settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $2,500,000.00 prior to distribution of the settlement funds to Claimants:

1.  Attorneys' Fees and Costs: Class Counsel will apply to the Court for recovery of costs and attorneys' fees of one-third of the Settlement Fund after deducting their costs. This amount will be requested pursuant to the Named Plaintiffs' professional services agreement.

2.  Service Awards: If the Court approves such payments, $10,000 will be paid to the Named Plaintiffs Henry Argudo and Diego Sanay.

3.  Claims Administrator Costs: Class Counsel will apply to the Court for recovery of all costs of administration of this settlement.

4.  If the Court approves the payments listed above, the remaining Settlement Fund (the "Net Settlement Fund") will be allocated to Class Members based on the wages they earned and amount of time they worked as food-service staff between January 26, 2012 and [THE DATE OF PRELIMINARY APPROVAL].

-   No Class Member will be allocated a settlement share that is less than $50.

-   Once checks are issued they will be valid for only 130 days.

-   For more information about how individual settlement awards are calculated, you may contact Class Counsel, Josef Nussbaum at Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 at 212-688-5640 or jnusbsaum@jk-llp.com.

- **If you do nothing, you will remain part of the case, not receive payment and still be bound by the terms of this Settlement Agreement.**

### 5. HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the settlement, you must fill out the enclosed Claim Form and IRS Form W-9. If you do not fill out a Claim Form or do not provide an IRS Form W-9, you will not receive any money from this settlement.** Attached to this Notice is a Claim Form and IRS Form W-9 which you must fill out and mail, postmarked on or before _____, _____, to:

CLAIMS ADMINISTRATOR'S INFO

You may also email the Claim Form and IRS Form W-9 to Josef Nussbaum at jnussbaum@jk-llp.com or to [tpa info] on or before _____, _____.

Il Mulino cannot retaliate against you for participating in this Settlement and/or filing a Claim Form.

It is your responsibility to retain proof of timely mailing or submission of a Claim Form and IRS Form W-9 until receipt of your settlement payment. If you move, you must send the Claims Administrator your new address. It is your responsibility alone to provide a forwarding address to the United States Post Office and your current address to the Claims Administrator.

If you are found eligible to participate in the Settlement, you should not expect to receive any payment until the Settlement is final, which will likely be several months away.

### 6. WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

Upon the Order Granting Final Approval of the Settlement Agreement, and except as to such rights or claims as may be created by this it, each Participating Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint venture, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any claims under the New York Labor law and/or any applicable New York State Wage Order or local law, including but not limited to, claims related to the time they worked at Il Mulino, claims for unpaid wages and/or tips, overtime pay, failure to maintain and furnish employees with proper wage records, paystubs, and/or notices, liquidated damages, attorneys' fees and costs, and all other

claims that were or could have been asserted in the Lawsuit under state wage and hour or employment laws, whether known or unknown, through the date of preliminary approval, including but not limited to state law claims for overtime, unpaid wages/tips, interest, liquidated damages, and attorneys' fees and costs related to such claims.

In addition, if you sign and return a Claim Form that is accepted pursuant to this Settlement, you, on your own behalf, and on behalf of your respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, will forever and fully release Defendants and Releasees from any FLSA claims relating to the time you worked at Il Mulino in Manhattan, claims for unpaid wages and/or overtime wages, unpaid tips, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date you sign the Claim Form.

## 7. HOW DO I OPT OUT OF THE SETTLEMENT CLASS?

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement or be bound by the release of claims described above. To opt-out of the Settlement Agreement you must do so by _____. If you do not opt out, you will be bound by the terms of the Settlement Agreement. To opt out, you must mail a signed letter which specifically states, "I elect to exclude myself from the settlement in *Argudo, et al. v. Parea Group, LLC, et al.,* Case No. 18 Civ. 678" postmarked no later than _____. You must include your name and address in the letter. If you choose to opt out, send your letter to:

[CLAIMS ADMINISTRATOR]

## 8. WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you have not opted out of the Settlement, and if you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing. You are not required to submit an objection. Written objections must be postmarked no later than _____ and sent to:

[CLAIMS ADMINISTRATOR]

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *Argudo, et al. v. Parea Group, LLC, et al.,* Case No. 18 Civ. 678. If you opt-out of the settlement, you may not also object to the settlement.

## 9. WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable Jesse M. Furman, U.S.D.J., will be held on _____ at _____ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the

4

Settlement Agreement is fair, adequate, and reasonable and should be approved by the Court.  The Court will take into account any comments or objections filed in accordance with the procedures described above.

## 10. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings.  For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.

Additionally, if you have questions about this Notice or want additional information, you can contact Josef Nussbaum of Joseph & Kirschenbaum LLP at 212-688-5640 or jnussbaum@jk-llp.com or the Claims Administrator at the address/phone number listed above.

# EXHIBIT B

## CLASS MEMBER CLAIM FORM

*Argudo, et al. v. Parea Group, LLC, et al.,* Case No. 18 Civ. 678 (JMF)

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE,  SIGN AND RETURN THIS CLAIM FORM AND THE ENCLOSED IRS FORM W-9.  YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT UNLESS YOU SUBMIT BOTH THIS CLAIM FORM AND THE IRS FORM W-9.  THE CLAIM FORM MUST BE POSTMARKED OR E-MAILED NO LATER THAN _____, \_\_\_\_**

**MAIL TO:**
***Argudo, et al. v. Parea Group, LLC, et al***.
**[CLAIMS ADMINISTRATOR]**
**[ADDRESS / PHONE/FAX]**

**E-MAIL TO:**
**Josef Nussbaum**
**jnussbaum@jk-llp.com**

The records of Il Mulino indicate that you were employed by Il Mulino in Manhattan as a tipped food-service employee between January 26, 2012 and [THE DATE OF PRELIMINARY APPROVAL].  Based on the hours you worked according to Il Mulino's records, your estimated Individual Settlement Amount is approximately _____.  Please note that this is just an estimate and is subject to change.

By signing and returning this form and the enclosed IRS Form W-9, you are claiming your Individual Settlement Amount and opting-in to the above-captioned lawsuit brought to recover wages under the Fair Labor Standards Act and New York Labor Law.

By signing and returning this form an the IRS Form W-9, you acknowledge that you are releasing claims against Defendants and Releasees, as set forth in greater detail in the Notice of Settlement.

Date: _____      _____
(Sign your name here)

| **CORRECTIONS OR ADDITIONAL INFORMATION** |
|---|
| Write any name and address corrections below if any is necessary **OR** if there is no preprinted data to the left, please provide your name and address here: |
| _____ |
| _____ |
| _____ |
| _____ |

| Daytime Telephone Number: | Evening Telephone Number: |
|---|---|

## SUBSTITUTE FORM W-9 REQUEST FOR TAXPAYER
## IDENTIFICATION NUMBER AND CERTIFICATION

In order to satisfy your tax reporting obligations related to any payment you may receive for the *Argudo, et al v. Parea Group LLC et al.* settlement to the IRS, please complete and return this Substitute IRS Form W-9 to the Third Party Administrator at the address or email address listed above no later than _____, ____.

Thank you,
[Third Party Administrator]

| TAXPAYER IDENTIFICATION NUMBER |
|---|

Name (as shown on your income tax return): _____

Exempt payee code (if any)_____ Exemption from FATCA reporting code (if any)_____

Enter your social security number: _____ _____ _____ - _____ _____ - _____ _____ _____ _____

| CERTIFICATION |
|---|

**Under penalties of perjury, I certify that:**

1.  The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2.  I am not subject to backup withholdings because: (a) I am exempt from backup withholdings, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholdings as a result of failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholdings, and

3.  I am a U.S. person (including a U.S. resident alien), and

4.  The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct

_____        _____
W-9 Signature                                           W-9 Signature Date

**Note**: If you have been notified by the IRS that you are subject to backup withholdings, you must cross out item two above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholdings.

# EXHIBIT C

## <u>PROPOSED E-MAIL NOTICE</u>

**Subject: NOTICE OF CLASS ACTION SETTLEMENT AGAINST IL
MULINO** (*Argudo, et al. v. Parea Group, LLC, et al.,* Case No. 18
Civ. 678 (JMF)**)**

According to Il Mulino's records, you worked as a tipped, food-service employee at an Il
Mulino restaurant in Manhattan, NY from January 26, 2012 through the present, and
covered by in a class action settlement for unpaid wages and are eligible to receive a
portion of the settlement.   For full information about the settlement and how to claim
your share of the settlement, please see the attached notice, claim form and IRS W-9
Form.  You may also contact the employees' attorney Josef Nussbaum at (212) 688-5640
or jnussbaum@jk-llp.com.  You will not receive money from the settlement unless you
submit a signed and completed claim form and IRS Form W-9 by [DATE].

# EXHIBIT D

**Body of the text message to Class Members:**

According to Il Mulino's records, you worked as a tipped, food-service employee at an Il Mulino restaurant in Manhattan, NY from January 26, 2012 through the present, and covered by in a class action settlement for unpaid wages and are eligible to receive a portion of the settlement.   For additional information about the case, including how to join, please contact the employees' attorney Josef Nussbaum at (212) 688-5640 or jnussbaum@jk-llp.com.

**Spanish translation:**

Si trabajó como empleado de servicio de alimentos con propina en un restaurante Il Mulino en Manhattan, NY en cualquier momento entre el 26 de enero de 2012 y el presente, puede unirse a una demanda que reclama salarios no pagados. Para obtener información adicional sobre el caso, incluido cómo unirse, comuníquese con el abogado de los empleados Josef Nussbaum al (212) 688-5640 o jnussbaum@jk-llp.com.

# EXHIBIT E

| Employee | DOH | DOT | Days Worked (Max 561) | Total Days Worked by Group | Percentage of Total Days Worked |
|---|---|---|---|---|---|
| Errico, Mario | 1/28/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Meira,Valdemir | 8/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Meira,Valdemir | 8/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Hossain, Alomgir | 8/12/12 | 9/28/14 | 561.00 | 69016.00 | 0.8129% |
| Hossain, Alomgir | 8/12/12 | 9/28/14 | 561.00 | 69016.00 | 0.8129% |
| Jaramillo, Selso | 8/19/12 | 7/27/13 | 342.00 | 69016.00 | 0.4955% |
| Jaramillo, Selso | 8/19/12 | 7/27/13 | 342.00 | 69016.00 | 0.4955% |
| Tello, Edison P | 8/26/12 | 3/31/14 | 561.00 | 69016.00 | 0.8129% |
| Tello, Edison P | 8/26/12 | 3/31/14 | 561.00 | 69016.00 | 0.8129% |
| Bukarica, Zdenko | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Bukarica, Zdenko | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Cimpean, Claudiu | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Cimpean, Claudiu | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Ghita, Ionela | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Ghita, Ionela | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Gjonbalaj, Reggiano | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Gjonbalaj, Reggiano | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Mambelli, Christian | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Mambelli, Christian | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Meira, Valdemir | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Meira, Valdemir | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Pera, Leo | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Pera, Leo | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Quizpi, Wilson R | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Quizpi, Wilson R | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Sanchez, Ricardo | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Sanchez, Ricardo | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Tenezaca, Manuel S | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Tenezaca, Manuel S | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Yupa, Javier | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Yupa, Javier | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Yupa, Javier | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Yupa, Javier | 9/5/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Jara, Hector | 9/6/12 | 2/20/13 | 167.00 | 69016.00 | 0.2420% |
| Jara, Hector | 9/6/12 | 2/20/13 | 167.00 | 69016.00 | 0.2420% |
| Penafiel, Franklin E | 9/12/12 | 4/25/13 | 225.00 | 69016.00 | 0.3260% |
| Penafiel, Franklin E | 9/12/12 | 4/25/13 | 225.00 | 69016.00 | 0.3260% |
| Zhindon, Damian | 9/12/12 | 12/1/12 | 80.00 | 69016.00 | 0.1159% |
| Zhindon, Damian | 9/12/12 | 12/1/12 | 80.00 | 69016.00 | 0.1159% |
| Rojas, Cristian | 9/14/12 | 1/6/13 | 114.00 | 69016.00 | 0.1652% |
| Rojas, Cristian | 9/14/12 | 1/6/13 | 114.00 | 69016.00 | 0.1652% |
| Blake, Hassan | 9/16/12 | 2/1/13 | 138.00 | 69016.00 | 0.2000% |

| Employee | DOH | DOT | Days Worked (Max 561) | Total Days Worked by Group | Percentage of Total Days Worked |
|---|---|---|---|---|---|
| Blake, Hassan | 9/16/12 | 2/1/13 | 138.00 | 69016.00 | 0.2000% |
| Criollo, Jorge | 9/16/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Criollo, Jorge | 9/16/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Espinoza, Efrain A | 9/18/12 | 1/8/13 | 112.00 | 69016.00 | 0.1623% |
| Espinoza, Efrain A | 9/18/12 | 1/8/13 | 112.00 | 69016.00 | 0.1623% |
| Marquez, Segundo | 9/18/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Marquez, Segundo | 9/18/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Marquez, Segundo | 9/18/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Marquez, Segundo | 9/18/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Djsevic, Elvis | 9/19/12 | 12/14/13 | 451.00 | 69016.00 | 0.6535% |
| Djsevic, Elvis | 9/19/12 | 12/14/13 | 451.00 | 69016.00 | 0.6535% |
| Avila, Franklin I | 9/21/12 | 2/20/13 | 152.00 | 69016.00 | 0.2202% |
| Avila, Franklin I | 9/21/12 | 2/20/13 | 152.00 | 69016.00 | 0.2202% |
| Cabrera, Manuel B | 9/23/12 | 3/31/14 | 554.00 | 69016.00 | 0.8027% |
| Cabrera, Manuel B | 9/23/12 | 3/31/14 | 554.00 | 69016.00 | 0.8027% |
| Collaguazo, Abel R | 9/23/12 | 8/9/13 | 320.00 | 69016.00 | 0.4637% |
| Collaguazo, Abel R | 9/23/12 | 8/9/13 | 320.00 | 69016.00 | 0.4637% |
| Espinoza, Ruben | 9/30/12 | 5/2/13 | 214.00 | 69016.00 | 0.3101% |
| Espinoza, Ruben | 9/30/12 | 5/2/13 | 214.00 | 69016.00 | 0.3101% |
| Alvarez, Ivan | 10/1/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Alvarez, Ivan | 10/1/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Hernandez, Rene | 10/15/12 | 3/31/14 | 532.00 | 69016.00 | 0.7708% |
| Hernandez, Rene | 10/15/12 | 3/31/14 | 532.00 | 69016.00 | 0.7708% |
| Molina, Windsor | 10/15/12 | 1/23/13 | 100.00 | 69016.00 | 0.1449% |
| Molina, Windsor | 10/15/12 | 1/23/13 | 100.00 | 69016.00 | 0.1449% |
| Salsiniia, Roy | 10/15/12 | 2/12/13 | 120.00 | 69016.00 | 0.1739% |
| Salsiniia, Roy | 10/15/12 | 2/12/13 | 120.00 | 69016.00 | 0.1739% |
| Dutan, Romulo | 10/19/12 | 1/10/13 | 83.00 | 69016.00 | 0.1203% |
| Dutan, Romulo | 10/19/12 | 1/10/13 | 83.00 | 69016.00 | 0.1203% |
| Caguate, Carlos E | 10/23/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Caguate, Carlos E | 10/23/12 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Enache, Andrei | 10/23/12 | 5/17/13 | 206.00 | 69016.00 | 0.2985% |
| Enache, Andrei | 10/23/12 | 5/17/13 | 206.00 | 69016.00 | 0.2985% |
| Villota, Gary B | 11/1/12 | 3/20/13 | 139.00 | 69016.00 | 0.2014% |
| Villota, Gary B | 11/1/12 | 3/20/13 | 139.00 | 69016.00 | 0.2014% |
| Gonzales, Antonio | 11/6/12 | 10/28/13 | 356.00 | 69016.00 | 0.5158% |
| Gonzales, Antonio | 11/6/12 | 10/28/13 | 356.00 | 69016.00 | 0.5158% |
| Loforese, Giuliana | 12/17/12 | 3/2/13 | 75.00 | 69016.00 | 0.1087% |
| Loforese, Giuliana | 12/17/12 | 3/2/13 | 75.00 | 69016.00 | 0.1087% |
| Carrillo, Martin | 2/9/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Carrillo, Martin | 2/9/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |

| Employee | DOH | DOT | Days Worked (Max 561) | Total Days Worked by Group | Percentage of Total Days Worked |
|---|---|---|---|---|---|
| Remache, Edison | 2/16/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Remache, Edison | 2/16/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Duran, Hernan | 3/14/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Duran, Hernan | 3/14/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Saldava, Silvio | 5/20/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Saldava, Silvio | 5/20/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Mulic, Mirsada | 5/24/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Mulic, Mirsada | 5/24/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Busillo, Michael | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Gomez, Mario | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Gonzalez, Luis | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Navarette, Felipe | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Negron, Carlos | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Nelson, Henry | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Portillo, Luis | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Qorkadiu, Trim | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Rodriguez, Mario | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Rojas, Raul | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Zecevic, Miljan | 6/18/13 | 12/31/14 | 561.00 | 69016.00 | 0.8129% |
| Chirinos, Mario | 7/7/13 | 12/31/14 | 542.00 | 69016.00 | 0.7853% |
| Chirinos, Mario | 7/7/13 | 12/31/14 | 542.00 | 69016.00 | 0.7853% |
| Davydova, Olga | 7/7/13 | 12/31/14 | 542.00 | 69016.00 | 0.7853% |
| Davydova, Olga | 7/7/13 | 12/31/14 | 542.00 | 69016.00 | 0.7853% |
| Fikru, Shuba | 7/20/13 | 9/30/14 | 437.00 | 69016.00 | 0.6332% |
| Fikru, Shuba | 7/20/13 | 9/30/14 | 437.00 | 69016.00 | 0.6332% |
| Patino, Alfredo | 8/1/13 | 2/1/14 | 184.00 | 69016.00 | 0.2666% |
| Sanay, Diego | 8/4/13 | 12/31/14 | 514.00 | 69016.00 | 0.7448% |
| Ronkainen, Logan | 8/7/13 | 12/31/14 | 511.00 | 69016.00 | 0.7404% |
| Hernandez, Rene | 8/15/13 | 9/14/13 | 30.00 | 69016.00 | 0.0435% |
| Bermeo, Juan | 8/19/13 | 5/3/14 | 257.00 | 69016.00 | 0.3724% |
| Cuellar, Desi | 8/19/13 | 7/12/14 | 327.00 | 69016.00 | 0.4738% |
| Guilfucci, Megan | 8/19/13 | 9/28/13 | 40.00 | 69016.00 | 0.0580% |
| Morales, Marco Antonio | 8/19/13 | 12/31/14 | 499.00 | 69016.00 | 0.7230% |
| Ougribe, Hakima | 8/19/13 | 9/20/14 | 397.00 | 69016.00 | 0.5752% |
| Portillo, Christian | 8/19/13 | 12/31/14 | 499.00 | 69016.00 | 0.7230% |
| Ramirez, Atonio | 8/26/13 | 1/18/14 | 145.00 | 69016.00 | 0.2101% |
| Rivera, Angel | 8/27/13 | 8/23/14 | 361.00 | 69016.00 | 0.5231% |
| Rivera, Jamie | 8/27/13 | 12/31/14 | 491.00 | 69016.00 | 0.7114% |
| Fadali, Sarra | 8/28/13 | 12/31/14 | 490.00 | 69016.00 | 0.7100% |

| Employee | DOH | DOT | Days Worked (Max 561) | Total Days Worked by Group | Percentage of Total Days Worked |
|---|---|---|---|---|---|
| Panora, Manuel | 8/28/13 | 1/11/14 | 136.00 | 69016.00 | 0.1971% |
| Anderson, Narciso | 9/1/13 | 7/5/14 | 307.00 | 69016.00 | 0.4448% |
| Flores, Diana | 9/4/13 | 1/4/14 | 122.00 | 69016.00 | 0.1768% |
| Garcia, Rey | 9/7/13 | 3/15/14 | 189.00 | 69016.00 | 0.2738% |
| Gjonbalaj, Leutrim | 9/7/13 | 5/24/14 | 259.00 | 69016.00 | 0.3753% |
| Gutierez, Marco | 9/9/13 | 12/31/14 | 478.00 | 69016.00 | 0.6926% |
| Gutierrez, Marco | 9/9/13 | 12/31/14 | 478.00 | 69016.00 | 0.6926% |
| Heras, Bolivar | 9/9/13 | 2/22/14 | 166.00 | 69016.00 | 0.2405% |
| Heras, Bolivar | 9/9/13 | 2/22/14 | 166.00 | 69016.00 | 0.2405% |
| Miah, Jubair | 9/10/13 | 10/18/14 | 403.00 | 69016.00 | 0.5839% |
| Varbanciu, Ciprian | 9/10/13 | 8/16/14 | 340.00 | 69016.00 | 0.4926% |
| Dailey, Robert | 9/12/13 | 4/19/14 | 219.00 | 69016.00 | 0.3173% |
| Flores, Joel | 9/12/13 | 6/21/14 | 282.00 | 69016.00 | 0.4086% |
| Papagiani, Thanassi | 9/13/13 | 4/5/14 | 204.00 | 69016.00 | 0.2956% |
| Bakalli, Arvit | 9/16/13 | 10/25/13 | 39.00 | 69016.00 | 0.0565% |
| Taza, Carlos | 9/16/13 | 12/31/14 | 471.00 | 69016.00 | 0.6825% |
| Taza, Carlos | 9/16/13 | 12/31/14 | 471.00 | 69016.00 | 0.6825% |
| Mehmedovic, Hariz | 9/20/13 | 6/7/14 | 260.00 | 69016.00 | 0.3767% |
| Gjonbalaj, Pajtim | 9/23/13 | 10/12/13 | 19.00 | 69016.00 | 0.0275% |
| Ariza, Alberto | 9/28/13 | 10/25/13 | 27.00 | 69016.00 | 0.0391% |
| Markovic, Goran | 9/30/13 | 7/26/14 | 299.00 | 69016.00 | 0.4332% |
| Teles, Rodolfo | 9/30/13 | 12/21/13 | 82.00 | 69016.00 | 0.1188% |
| Truscello, Nicholas | 9/30/13 | 6/14/14 | 257.00 | 69016.00 | 0.3724% |
| Xhaferi, Genci | 9/30/13 | 12/6/14 | 432.00 | 69016.00 | 0.6259% |
| Leinwand, Eric | 10/2/13 | 10/18/13 | 16.00 | 69016.00 | 0.0232% |
| Martinez, Guillermo | 10/7/13 | 12/31/14 | 450.00 | 69016.00 | 0.6520% |
| Mustafaj, Almir | 10/7/13 | 12/14/13 | 68.00 | 69016.00 | 0.0985% |
| Rojas, Luis | 10/7/13 | 3/1/14 | 145.00 | 69016.00 | 0.2101% |
| Sukaj, Anton | 10/7/13 | 12/31/14 | 450.00 | 69016.00 | 0.6520% |
| Keller, Berkeley | 10/14/13 | 12/31/14 | 443.00 | 69016.00 | 0.6419% |
| Rosas, Carmelo | 10/15/13 | 3/8/14 | 144.00 | 69016.00 | 0.2086% |
| Marin, Julian D | 10/21/13 | 12/31/14 | 436.00 | 69016.00 | 0.6317% |
| Diaz, Ivo | 10/24/13 | 11/23/13 | 30.00 | 69016.00 | 0.0435% |
| Offerman, Jose | 11/6/13 | 11/1/14 | 360.00 | 69016.00 | 0.5216% |
| Padilla, Manuel | 11/11/13 | 2/1/14 | 82.00 | 69016.00 | 0.1188% |
| Urbina, Leonardo | 11/17/13 | 12/21/13 | 34.00 | 69016.00 | 0.0493% |
| Calle, Jaime | 11/25/13 | 1/18/14 | 54.00 | 69016.00 | 0.0782% |
| Garcia, Rey | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |
| Garcia, Rey | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |

| Employee | DOH | DOT | Days Worked (Max 561) | Total Days Worked by Group | Percentage of Total Days Worked |
|---|---|---|---|---|---|
| Sanchez, Eddy | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |
| Sanchez, Eddy | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |
| Saula, Milton | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |
| Saula, Milton | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |
| Wong, Jose L | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |
| Wong, Jose L | 1/1/14 | 12/31/14 | 364.00 | 69016.00 | 0.5274% |
| Rodriquez, Rafael | 1/8/14 | 2/1/14 | 24.00 | 69016.00 | 0.0348% |
| Huerta, Rolando | 1/10/14 | 10/31/14 | 294.00 | 69016.00 | 0.4260% |
| Huerta, Rolando | 1/10/14 | 10/31/14 | 294.00 | 69016.00 | 0.4260% |
| Dyevoich, Vincent | 3/5/14 | 12/28/14 | 298.00 | 69016.00 | 0.4318% |
| Binakaj,Rrona | 3/23/14 | 10/11/14 | 202.00 | 69016.00 | 0.2927% |
| Voshki Korab | 5/18/14 | 7/19/14 | 62.00 | 69016.00 | 0.0898% |
| Gjonbalaj, Edon | 5/19/14 | 12/31/14 | 226.00 | 69016.00 | 0.3275% |
| Gutierrez -Moctezuma, Fredy | 5/19/14 | 12/31/14 | 226.00 | 69016.00 | 0.3275% |
| Markovic, Peter | 5/19/14 | 12/31/14 | 226.00 | 69016.00 | 0.3275% |
| Meci, Endrit | 5/19/14 | 12/31/14 | 226.00 | 69016.00 | 0.3275% |
| Movileanu, Liviu | 5/19/14 | 12/31/14 | 226.00 | 69016.00 | 0.3275% |
| Errico, Mario | 5/22/14 | 12/31/14 | 223.00 | 69016.00 | 0.3231% |
| Caceres, Hugo | 5/24/14 | 12/31/14 | 221.00 | 69016.00 | 0.3202% |
| Bermeo, (Patricio) Walter | 5/27/14 | 6/14/14 | 18.00 | 69016.00 | 0.0261% |
| Bermeo, Patricio | 5/27/14 | 12/31/14 | 218.00 | 69016.00 | 0.3159% |
| Bermeo, Walter | 5/27/14 | 12/31/14 | 218.00 | 69016.00 | 0.3159% |
| Brezinsky, Stephan | 5/27/14 | 9/30/14 | 126.00 | 69016.00 | 0.1826% |
| Romano, Trinidad | 5/28/14 | 6/30/14 | 33.00 | 69016.00 | 0.0478% |
| Tapia, Miguel A | 5/28/14 | 12/31/14 | 217.00 | 69016.00 | 0.3144% |
| Djesevic, Elvis | 6/1/14 | 12/31/14 | 213.00 | 69016.00 | 0.3086% |
| Calle, Joseph | 6/6/14 | 12/31/14 | 208.00 | 69016.00 | 0.3014% |
| Gutierrez-Florez, Jose | 6/6/14 | 12/31/14 | 208.00 | 69016.00 | 0.3014% |
| Carangui, Paul | 6/8/14 | 7/19/14 | 41.00 | 69016.00 | 0.0594% |
| Orlando, Justin | 6/8/14 | 6/21/14 | 13.00 | 69016.00 | 0.0188% |
| Brandi, Salvator | 6/15/14 | 7/12/14 | 27.00 | 69016.00 | 0.0391% |
| Portillo, Christian | 6/17/14 | 12/31/14 | 197.00 | 69016.00 | 0.2854% |
| Redrovan, Carlos | 6/17/14 | 12/31/14 | 197.00 | 69016.00 | 0.2854% |
| Secolo, Angelo | 6/17/14 | 6/30/14 | 13.00 | 69016.00 | 0.0188% |
| Sudru, Alexandru | 6/17/14 | 9/30/14 | 105.00 | 69016.00 | 0.1521% |
| Dedusevic,Gzim | 7/1/14 | 9/30/14 | 91.00 | 69016.00 | 0.1319% |
| Mambelli, Cameron | 7/1/14 | 12/31/14 | 183.00 | 69016.00 | 0.2652% |
| Rezaul, Jaimee | 7/1/14 | 9/30/14 | 91.00 | 69016.00 | 0.1319% |
| Rojas, Jessica | 7/1/14 | 9/30/14 | 91.00 | 69016.00 | 0.1319% |

5

| Employee | DOH | DOT | Days Worked (Max 561) | Total Days Worked by Group | Percentage of Total Days Worked |
|---|---|---|---|---|---|
| Huerta,Rolando | 7/14/14 | 9/30/14 | 78.00 | 69016.00 | 0.1130% |
| Cabrera, Benjamin | 8/12/14 | 12/31/14 | 141.00 | 69016.00 | 0.2043% |
| Cortes, Marcos | 10/1/14 | 12/31/14 | 91.00 | 69016.00 | 0.1319% |
| Flores, Cesar | 10/1/14 | 12/31/14 | 91.00 | 69016.00 | 0.1319% |
| Pejovic, Filip | 10/1/14 | 12/31/14 | 91.00 | 69016.00 | 0.1319% |
| Lachowski, Samer | 12/22/14 | 12/31/14 | 9.00 | 69016.00 | 0.0130% |
|  |  |  | 69016.00 |  | 1.00 |

6

# EXHIBIT F

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| AAllali, Karim | 8/2/18 | 8/3/18 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Ahmed, MD Murshad | 7/11/18 | 9/16/18 | 68.00 | $3,400.00 | $5,000.00 | $8,400.00 | $4,170,050.00 | 0.20143643% |
| Ajala, Malik | 6/18/18 | 11/24/18 | 160.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ajeti, Nol | 3/12/19 | 5/24/19 | 74.00 | $3,700.00 | $5,000.00 | $8,700.00 | $4,170,050.00 | 0.20863059% |
| Alarcon, Joanna | 12/11/18 | 12/11/18 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Albano, Eric John | 4/5/19 | 4/10/19 | 6.00 | $300.00 | $1,500.00 | $1,800.00 | $4,170,050.00 | 0.04316495% |
| Alberico, Francesco | 9/11/2017 | 10/1/2017 | 21.00 | $1,050.00 | $5,000.00 | $6,050.00 | $4,170,050.00 | 0.14508219% |
| Alo, Stefano | 1/1/15 | 5/1/15 | 121.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Alvarado, Oswaldo | 3/28/18 | 3/31/18 | 4.00 | $200.00 | $1,000.00 | $1,200.00 | $4,170,050.00 | 0.02877663% |
| Alvarez, Adenawer | 12/25/18 | 1/6/19 | 13.00 | $650.00 | $3,250.00 | $3,900.00 | $4,170,050.00 | 0.09352406% |
| Alvarez, Ivan | 10/1/12 | 1/6/20 | 2654.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Alzate, Nicolas D | 8/28/19 | 8/28/19 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Anderson, Narciso | 9/1/13 | 7/5/14 | 307.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Andrade, Brandon Xavier | 12/5/19 | 1/6/20 | 33.00 | $1,650.00 | $5,000.00 | $6,650.00 | $4,170,050.00 | 0.15947051% |
| Anguiano, Francisco | 12/1/14 | 12/31/15 | 396.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Antonio, Manuel | 5/14/14 | 12/31/14 | 232.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Aparicio-Romero, Rodolfo A | 8/20/17 | 8/20/17 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Argudo Piedra, Henry F | 12/20/16 | 1/19/17 | 31.00 | $1,550.00 | $5,000.00 | $6,550.00 | $4,170,050.00 | 0.15707246% |
| Argudo, Hasan Roberto | 12/5/19 | 1/6/20 | 33.00 | $1,650.00 | $5,000.00 | $6,650.00 | $4,170,050.00 | 0.15947051% |
| Argueta, Ruby A | 5/10/18 | 6/1/18 | 23.00 | $1,150.00 | $5,000.00 | $6,150.00 | $4,170,050.00 | 0.14748025% |
| Ariza, Alberto | 9/28/13 | 10/25/13 | 28.00 | $1,400.00 | $5,000.00 | $6,400.00 | $4,170,050.00 | 0.15347538% |
| Aryani, Sammi Abdul Ghani | 8/13/18 | 10/23/18 | 72.00 | $3,600.00 | $5,000.00 | $8,600.00 | $4,170,050.00 | 0.20623254% |
| Avella, Vito | 12/4/17 | 4/9/18 | 127.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Avila, Franklin I | 9/21/12 | 2/20/13 | 153.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Axelbank, Rachel | 4/6/16 | 6/21/16 | 77.00 | $3,850.00 | $5,000.00 | $8,850.00 | $4,170,050.00 | 0.21222767% |
| Bakalli, Arvit | 9/16/13 | 10/25/13 | 40.00 | $2,000.00 | $5,000.00 | $7,000.00 | $4,170,050.00 | 0.16786369% |
| Bako, Andrew | 4/4/13 | 5/14/13 | 41.00 | $2,050.00 | $5,000.00 | $7,050.00 | $4,170,050.00 | 0.16906272% |
| Bako, Gerald P | 6/4/18 | 10/24/18 | 143.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Barla, Tudor | 12/15/14 | 3/17/15 | 93.00 | $4,650.00 | $5,000.00 | $9,650.00 | $4,170,050.00 | 0.23141209% |
| Barrera, Davey | 7/25/18 | 12/13/18 | 142.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Becerro, Jorge | 12/27/18 | 12/30/18 | 4.00 | $200.00 | $1,000.00 | $1,200.00 | $4,170,050.00 | 0.02877663% |
| Bektashi, Milot | 10/16/19 | 10/30/19 | 15.00 | $750.00 | $3,750.00 | $4,500.00 | $4,170,050.00 | 0.10791238% |
| Belpulsi, Leonardo | 5/23/19 | 10/12/19 | 143.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Bermeo, (Patricio) Walter | 5/27/14 | 6/14/14 | 19.00 | $950.00 | $4,750.00 | $5,700.00 | $4,170,050.00 | 0.13668901% |
| Bermeo, Juan | 8/19/13 | 5/3/14 | 258.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Bermeo, Patricio | 5/27/14 | 1/6/20 | 2051.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Bermeo, Walter | 5/27/14 | 1/6/20 | 2051.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Bernal, Harold | 12/26/16 | 10/13/17 | 292.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Bernal, Harold | 2/3/13 | 12/31/15 | 1062.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Binakaj,Rrona | 3/23/14 | 10/11/14 | 203.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Blake, Hassan | 9/16/12 | 2/1/13 | 139.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Boka, Jeremy | 4/1/17 | 5/14/17 | 44.00 | $2,200.00 | $5,000.00 | $7,200.00 | $4,170,050.00 | 0.17265980% |
| Brancaleone, Bruno | 3/22/15 | 5/3/18 | 1139.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Brandi, Salvator | 6/15/14 | 7/12/14 | 28.00 | $1,400.00 | $5,000.00 | $6,400.00 | $4,170,050.00 | 0.15347538% |
| Brennan, Thomas | 8/9/15 | 12/31/15 | 145.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Brezinsky, Stephan | 5/27/14 | 9/30/14 | 127.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Bukarica, Zdenko | 9/5/12 | 1/6/20 | 2680.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Bunjaj, Arjan | 4/5/15 | 5/1/15 | 27.00 | $1,350.00 | $5,000.00 | $6,350.00 | $4,170,050.00 | 0.15227635% |
| Buqaj, Arben | 4/25/17 | 6/16/17 | 53.00 | $2,650.00 | $5,000.00 | $7,650.00 | $4,170,050.00 | 0.18345104% |
| Busillo, Michael | 6/18/13 | 4/30/16 | 1048.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cabal, Carlos Andres Reyes | 9/26/11 | 1/6/20 | 3025.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cabrera, Benjamin | 8/12/14 | 1/30/15 | 172.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cabrera, Benjamin | 8/12/14 | 1/6/20 | 1974.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cabrera, Johnny | 5/18/17 | 6/26/17 | 40.00 | $2,000.00 | $5,000.00 | $7,000.00 | $4,170,050.00 | 0.16786369% |
| Cabrera, Manuel B | 9/23/12 | 3/31/14 | 555.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cabrera, Santiago | 6/5/18 | 10/20/18 | 138.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Caceres, Hugo | 5/24/14 | 12/31/14 | 222.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Caguana, Pedro | 8/4/15 | 4/19/17 | 625.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Caguate, Carlos E | 10/23/12 | 1/6/20 | 2632.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Calderone, Alejandro | 8/7/19 | 1/6/20 | 153.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Calero, Francisco | 1/1/09 | 6/30/15 | 2372.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Calia, Nicolas | 11/16/16 | 1/6/20 | 1147.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Calle Franco, Raul | 9/27/19 | 9/28/19 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Calle Tacuri, Juan Rene | 1/3/18 | 4/14/18 | 102.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Calle, Jaime | 11/25/13 | 1/18/14 | 55.00 | $2,750.00 | $5,000.00 | $7,750.00 | $4,170,050.00 | 0.18584909% |
| Calle, Joseph | 6/6/14 | 12/31/14 | 209.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Calle, Luis | 1/1/09 | 6/30/15 | 2372.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| Campigotto, Franco | 5/15/13 | 6/15/13 | 32.00 | $1,600.00 | $5,000.00 | $6,600.00 | $4,170,050.00 | 0.15827148% |
| Canamares, Eloy | 2/26/19 | 3/11/19 | 14.00 | $700.00 | $3,500.00 | $4,200.00 | $4,170,050.00 | 0.10071822% |
| Cara, Andrea | 11/1/18 | 11/2/18 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Carangui, Paul | 6/8/14 | 7/19/14 | 42.00 | $2,100.00 | $5,000.00 | $7,100.00 | $4,170,050.00 | 0.17026175% |
| Cardillo, Simone | 12/28/18 | 5/25/19 | 149.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Carrillo, Martin | 2/9/2013 | 11/12/2017 | 1738.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Carrillo, Pedro | 5/4/15 | 3/1/16 | 303.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Catrambone, Caterina | 7/7/18 | 7/13/18 | 7.00 | $350.00 | $1,750.00 | $2,100.00 | $4,170,050.00 | 0.05035911% |
| Cedeno, Otto | 11/7/18 | 11/8/18 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Ceroti, Gianni | 10/6/16 | 12/31/16 | 87.00 | $4,350.00 | $5,000.00 | $9,350.00 | $4,170,050.00 | 0.22421794% |
| Cervantes, Gabriel | 6/6/18 | 10/19/18 | 136.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Chahrour, Sied | 3/5/19 | 3/19/19 | 15.00 | $750.00 | $3,750.00 | $4,500.00 | $4,170,050.00 | 0.10791238% |
| Chauca, Carlos | 3/31/12 | 10/6/12 | 190.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Chavez, Fausto | 4/14/14 | 12/31/14 | 262.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Chernykh, Maksim M | 10/1/18 | 11/10/18 | 41.00 | $2,050.00 | $5,000.00 | $7,050.00 | $4,170,050.00 | 0.16906272% |
| Chiguil, Rodrigo | 4/13/16 | 6/30/16 | 79.00 | $3,950.00 | $5,000.00 | $8,950.00 | $4,170,050.00 | 0.21462572% |
| Chirinos, Mario | 7/7/2013 | 1/26/2018 | 1665.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Chowdhury, Mozharul Islam | 11/27/18 | 1/1/19 | 36.00 | $1,800.00 | $5,000.00 | $6,800.00 | $4,170,050.00 | 0.16306759% |
| Chowdhury, Taksim Hasan | 8/1/18 | 8/6/18 | 6.00 | $300.00 | $1,500.00 | $1,800.00 | $4,170,050.00 | 0.04316495% |
| Cimpean, Claudiu | 9/5/12 | 1/6/20 | 2680.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cintron, Eduardo | 7/6/18 | 8/14/18 | 40.00 | $2,000.00 | $5,000.00 | $7,000.00 | $4,170,050.00 | 0.16786369% |
| Clamani, Alfredo | 6/15/18 | 7/26/18 | 42.00 | $2,100.00 | $5,000.00 | $7,100.00 | $4,170,050.00 | 0.17026175% |
| Collaguazo, Abel R | 9/23/12 | 8/9/13 | 321.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Conover, Linda | 12/8/16 | 12/16/16 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |
| Cordero, Guiseppe | 10/2/15 | 10/9/15 | 8.00 | $400.00 | $2,000.00 | $2,400.00 | $4,170,050.00 | 0.05755327% |
| Cordova, Jorge | 10/5/2016 | 12/31/2016 | 88.00 | $4,400.00 | $5,000.00 | $9,400.00 | $4,170,050.00 | 0.22541696% |
| Cordova, Jorge | 2/21/14 | 12/31/14 | 314.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cortes, Marcos | 10/1/14 | 1/30/15 | 122.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Criollo, Jorge | 9/16/12 | 1/6/20 | 2669.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cuellar, Desi | 8/19/13 | 7/12/14 | 328.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Cuentas Acosta, Jose | 12/27/18 | 12/28/18 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Cuevas Alavez, Josue | 8/30/19 | 1/6/20 | 130.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dahlkemper, Cristina | 7/9/18 | 12/23/18 | 168.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dailey, Robert | 9/12/13 | 4/19/14 | 220.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dashnor, Gegaj | 3/11/19 | 1/6/20 | 302.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| David, Elijah Lee | 1/3/19 | 1/3/19 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Davidson, Lindsay | 12/5/16 | 12/16/16 | 12.00 | $600.00 | $3,000.00 | $3,600.00 | $4,170,050.00 | 0.08632990% |
| Davidson, Lindsay | 6/13/2016 | 12/31/2016 | 202.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Davydova, Olga | 7/7/13 | 9/25/15 | 811.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Decicco, Michele | 4/5/15 | 2/12/17 | 680.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dedi, Nikolin | 4/12/15 | 1/6/20 | 1731.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dedusevic,Gzim | 7/1/14 | 9/30/14 | 92.00 | $4,600.00 | $5,000.00 | $9,600.00 | $4,170,050.00 | 0.23021307% |
| Dega, Mariza | 2/12/18 | 1/6/20 | 694.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dejanovic, Miljan | 10/18/16 | 12/31/16 | 75.00 | $3,750.00 | $5,000.00 | $8,750.00 | $4,170,050.00 | 0.20982962% |
| Del Valle Mendez, William J | 3/14/18 | 3/23/18 | 10.00 | $500.00 | $2,500.00 | $3,000.00 | $4,170,050.00 | 0.07194158% |
| Delgado, Kenny | 1/20/16 | 6/30/16 | 163.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dell'Andrino, Claudio | 9/10/12 | 1/6/20 | 2675.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dema, Denis | 1/29/19 | 1/6/20 | 343.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Demianiv, Alina | 3/22/15 | 7/16/15 | 117.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Deryuga, Vladmir | 1/1/15 | 6/30/15 | 181.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Deryuga,Vladimir | 2/23/15 | 9/11/15 | 201.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Deschamps, Jaroleen | 1/1/15 | 1/1/15 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Desevic, Albin | 5/23/2019 | 6/23/2019 | 32.00 | $1,600.00 | $5,000.00 | $6,600.00 | $4,170,050.00 | 0.15827148% |
| Detoffol, Dino | 6/15/09 | 9/8/12 | 1182.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Di Mauro, Alessandra | 6/22/18 | 7/22/18 | 31.00 | $1,550.00 | $5,000.00 | $6,550.00 | $4,170,050.00 | 0.15707246% |
| Diaz-Garcia, Daniel | 5/13/17 | 2/28/18 | 292.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Diaz, Ivo | 10/24/13 | 11/23/13 | 31.00 | $1,550.00 | $5,000.00 | $6,550.00 | $4,170,050.00 | 0.15707246% |
| Dilorenzo, Michael | 5/22/15 | 12/31/15 | 224.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dixon, Darrel Alan | 10/19/19 | 10/20/19 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Djesevic, Elvis | 6/1/14 | 1/6/20 | 2046.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Djsevic, Elvis | 9/19/12 | 12/14/13 | 452.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dominguez,Andres | 2/2/15 | 3/27/15 | 54.00 | $2,700.00 | $5,000.00 | $7,700.00 | $4,170,050.00 | 0.18465006% |
| Dorjsuren, Erkhembat | 5/25/2017 | 2/28/2018 | 280.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ducu, Vasile T | 2/15/19 | 3/29/19 | 43.00 | $2,150.00 | $5,000.00 | $7,150.00 | $4,170,050.00 | 0.17146077% |
| Dulgeroff, George | 11/8/13 | 12/9/13 | 32.00 | $1,600.00 | $5,000.00 | $6,600.00 | $4,170,050.00 | 0.15827148% |
| Duran, Hernan | 3/14/2013 | 7/13/2018 | 1948.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dutan, Romulo | 10/19/12 | 1/10/13 | 84.00 | $4,200.00 | $5,000.00 | $9,200.00 | $4,170,050.00 | 0.22062086% |

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| Dyevoich, Vincent | 3/5/14 | 12/28/14 | 299.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Dyussembayev, Alibek | 1/30/19 | 2/22/19 | 24.00 | $1,200.00 | $5,000.00 | $6,200.00 | $4,170,050.00 | 0.14867927% |
| Elis, Paul | 5/16/16 | 6/30/16 | 46.00 | $2,300.00 | $5,000.00 | $7,300.00 | $4,170,050.00 | 0.17505785% |
| Enache, Andrei | 10/23/12 | 5/17/13 | 207.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Encalada, Fabian C | 11/14/16 | 5/25/18 | 558.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Encalada, Fabian Cornel | 5/24/2018 | 6/24/2019 | 397.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Endri, Simaku s/b Simaku, Endrit | 10/16/17 | 6/1/18 | 229.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Errico, Mario | 5/22/11 | 3/27/15 | 1406.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Errico, Mario | 5/22/14 | 4/3/15 | 317.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Espinoza, Efrain A | 9/18/12 | 1/8/13 | 113.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Espinoza, Ruben | 9/30/12 | 5/2/13 | 215.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Evangelista, Eric N | 1/11/19 | 1/19/19 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |
| Fadali, Sarra | 8/28/13 | 6/27/15 | 669.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Fareri, Marc | 10/27/15 | 12/31/15 | 66.00 | $3,300.00 | $5,000.00 | $8,300.00 | $4,170,050.00 | 0.19903838% |
| Farrington, Alexandra J | 9/13/16 | 12/31/16 | 110.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Fattorusso, Joseph | 4/12/15 | 1/6/20 | 1731.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ferillo, Edoardo | 8/24/18 | 11/4/18 | 73.00 | $3,650.00 | $5,000.00 | $8,650.00 | $4,170,050.00 | 0.20743157% |
| Fernandez Sanchez, Cesar Enrique | 5/16/19 | 5/16/19 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Fikru, Shuba | 7/20/2013 | 9/30/2014 | 438.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Fisher, Erika Mercedes | 6/11/18 | 6/8/19 | 363.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Flores, Cesar | 10/1/14 | 1/30/15 | 122.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Flores, Diana | 9/4/13 | 1/4/14 | 123.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Flores, Joel | 9/12/13 | 6/21/14 | 283.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Flores, Marcos | 11/1/01 | 11/27/18 | 6236.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Flores, Raul | 12/28/14 | 4/17/19 | 1572.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Flores, Ruben | 3/2/18 | 3/18/18 | 17.00 | $850.00 | $4,250.00 | $5,100.00 | $4,170,050.00 | 0.12230069% |
| Foley, Jeffrey | 3/25/14 | 12/31/14 | 282.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Forero Olaya, Jose G | 4/9/2018 | 4/13/2018 | 5.00 | $250.00 | $1,250.00 | $1,500.00 | $4,170,050.00 | 0.03597079% |
| Forero Olaya, Jose G | 4/25/18 | 5/18/18 | 24.00 | $1,200.00 | $5,000.00 | $6,200.00 | $4,170,050.00 | 0.14867927% |
| Forero, Johan | 3/22/15 | 3/18/16 | 363.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Forlong, Roy | 2/10/16 | 2/21/16 | 12.00 | $600.00 | $3,000.00 | $3,600.00 | $4,170,050.00 | 0.08632990% |
| Frabrizio, Fragola | 7/13/18 | 10/20/18 | 100.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Frangipane, Paul | 3/1/17 | 5/18/17 | 79.00 | $3,950.00 | $5,000.00 | $8,950.00 | $4,170,050.00 | 0.21462572% |
| Gajewska, Magdalena Grazyna | 7/23/18 | 7/24/18 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Ganay,Jose | 11/7/13 | 12/22/13 | 46.00 | $2,300.00 | $5,000.00 | $7,300.00 | $4,170,050.00 | 0.17505785% |
| Garcia Rebollar, Rene | 5/2/18 | 6/1/18 | 31.00 | $1,550.00 | $5,000.00 | $6,550.00 | $4,170,050.00 | 0.15707246% |
| Garcia, Jonathan | 10/10/16 | 2/28/17 | 142.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Garcia, Rey | 9/7/13 | 3/15/14 | 190.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Garcia, Rey | 1/1/2014 | 1/31/2017 | 1127.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gashi, Frank | 10/10/16 | 4/13/19 | 916.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ghita, Ionela | 9/5/12 | 1/6/20 | 2680.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Giancaspro, Vito | 10/12/16 | 12/31/16 | 81.00 | $4,050.00 | $5,000.00 | $9,050.00 | $4,170,050.00 | 0.21702378% |
| Giec, Barbara | 12/12/18 | 4/4/19 | 114.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gifoli, Massimo | 10/15/13 | 12/31/14 | 443.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gjini,Florin | 8/15/13 | 10/11/13 | 58.00 | $2,900.00 | $5,000.00 | $7,900.00 | $4,170,050.00 | 0.18944617% |
| Gjonbalaj, Edon | 5/19/14 | 1/6/20 | 2059.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gjonbalaj, Leutrim | 3/11/17 | 5/21/17 | 72.00 | $3,600.00 | $5,000.00 | $8,600.00 | $4,170,050.00 | 0.20623254% |
| Gjonbalaj, Leutrim | 9/7/13 | 5/24/14 | 260.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gjonbalaj, Pajtim | 9/23/13 | 10/12/13 | 20.00 | $1,000.00 | $5,000.00 | $6,000.00 | $4,170,050.00 | 0.14388317% |
| Gjonbalaj, Reggiano | 9/5/2012 | 12/31/2016 | 1579.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gomez, Mario | 6/18/13 | 6/17/16 | 1096.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gonzales, Antonio | 11/6/12 | 10/28/13 | 357.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gonzalez, Alberto | 5/21/18 | 11/14/18 | 178.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gonzalez, Antonio | 7/9/18 | 8/7/18 | 30.00 | $1,500.00 | $5,000.00 | $6,500.00 | $4,170,050.00 | 0.15587343% |
| Gonzalez, Luis | 6/18/13 | 12/29/17 | 1656.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gonzalez, Oscar A | 5/13/17 | 5/28/17 | 16.00 | $800.00 | $4,000.00 | $4,800.00 | $4,170,050.00 | 0.11510653% |
| Gorolillo, Juan | 3/2/16 | 6/30/16 | 121.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Granobles, Paul | 6/30/14 | 12/31/14 | 185.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Guerreino, Lance | 7/24/13 | 8/16/13 | 24.00 | $1,200.00 | $5,000.00 | $6,200.00 | $4,170,050.00 | 0.14867927% |
| Guilfucci, Megan | 8/19/13 | 9/28/13 | 41.00 | $2,050.00 | $5,000.00 | $7,050.00 | $4,170,050.00 | 0.16906272% |
| Gutierez, Marco | 9/9/13 | 6/1/18 | 1727.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gutierrez -Moctezuma, Fredy | 5/19/14 | 1/6/20 | 2059.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gutierrez Campos, Carlos E | 12/27/18 | 1/4/19 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |

3

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| Gutierrez-Florez, Jose | 6/6/14 | 1/6/20 | 2041.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Gutierrez, Marco | 9/9/13 | 6/1/18 | 1727.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Hamem, Adam | 12/13/18 | 1/6/20 | 390.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Harary, Jon | 1/28/16 | 2/2/16 | 6.00 | $300.00 | $1,500.00 | $1,800.00 | $4,170,050.00 | 0.04316495% |
| Heras, Bolivar | 9/9/13 | 2/22/14 | 167.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Heras, Bolivar | 9/9/13 | 2/22/14 | 167.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Hernandez, Armando | 7/22/19 | 7/22/19 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Hernandez, John | 3/4/16 | 5/25/18 | 813.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Hernandez, John F | 5/15/18 | 1/6/20 | 602.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Hernandez, Rene | 8/15/13 | 9/14/13 | 31.00 | $1,550.00 | $5,000.00 | $6,550.00 | $4,170,050.00 | 0.15707246% |
| Hernandez, Rene | 10/15/12 | 3/31/14 | 533.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Herrera, Amadeo | 12/7/2018 | 4/3/2019 | 118.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Herrera, Guztavo | 2/4/19 | 7/18/19 | 165.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Horn, Michael | 12/27/16 | 12/31/16 | 5.00 | $250.00 | $1,250.00 | $1,500.00 | $4,170,050.00 | 0.03597079% |
| Hosi, Cedrick | 2/15/15 | 4/17/15 | 62.00 | $3,100.00 | $5,000.00 | $8,100.00 | $4,170,050.00 | 0.19424228% |
| Hossain, Alomgir | 8/12/12 | 9/28/14 | 778.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Huerta, Rolando | 1/10/14 | 10/31/14 | 295.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Huerta, Rolando | 10/6/12 | 2/24/13 | 142.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Huerta,Rolando | 7/14/14 | 9/30/14 | 79.00 | $3,950.00 | $5,000.00 | $8,950.00 | $4,170,050.00 | 0.21462572% |
| Iliopoulos, Giorgios | 2/14/19 | 2/19/19 | 6.00 | $300.00 | $1,500.00 | $1,800.00 | $4,170,050.00 | 0.04316495% |
| Ionescu, Lorando | 9/14/15 | 12/31/15 | 109.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Irineo Rivera, Jorge Isaac | 12/4/17 | 2/4/18 | 63.00 | $3,150.00 | $5,000.00 | $8,150.00 | $4,170,050.00 | 0.19544130% |
| Janko, Sanisa | 10/16/17 | 11/17/17 | 33.00 | $1,650.00 | $5,000.00 | $6,650.00 | $4,170,050.00 | 0.15947051% |
| Jara, Hector | 9/6/12 | 2/20/13 | 168.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Jaramillo, Selso | 8/19/12 | 7/27/13 | 343.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Jarrin, Christian | 5/5/16 | 6/13/16 | 40.00 | $2,000.00 | $5,000.00 | $7,000.00 | $4,170,050.00 | 0.16786369% |
| Jasaraj, Ismet | 6/6/18 | 6/14/18 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |
| Jerez, Rene | 1/1/00 | 6/30/15 | 5660.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Jimenez, Juan | 11/24/18 | 6/1/19 | 190.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Juarez, Antonio | 7/8/18 | 7/18/18 | 11.00 | $550.00 | $2,750.00 | $3,300.00 | $4,170,050.00 | 0.07913574% |
| Juarez, Antonio | 8/18/16 | 5/4/18 | 625.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Juarez, Antonio | 12/20/17 | 8/18/18 | 242.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Juarez, Hector | 12/8/16 | 5/14/17 | 158.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Karac, Sinisa | 2/28/19 | 3/11/19 | 12.00 | $600.00 | $3,000.00 | $3,600.00 | $4,170,050.00 | 0.08632990% |
| Karac, Suzana | 11/26/18 | 12/18/18 | 23.00 | $1,150.00 | $5,000.00 | $6,150.00 | $4,170,050.00 | 0.14748025% |
| Kaspetil, Sergio | 6/19/13 | 6/30/13 | 12.00 | $600.00 | $3,000.00 | $3,600.00 | $4,170,050.00 | 0.08632990% |
| Keller, Berkeley | 10/14/13 | 11/7/15 | 755.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Khan, Iman A | 5/6/17 | 3/30/18 | 329.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Kizic, Ruzica | 1/10/17 | 6/1/18 | 508.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Kocabiyik, Ergun | 11/20/17 | 12/1/17 | 12.00 | $600.00 | $3,000.00 | $3,600.00 | $4,170,050.00 | 0.08632990% |
| Kolowiecka, Sylwia | 11/26/18 | 11/6/19 | 346.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Kostic, Marko | 11/12/19 | 1/6/20 | 56.00 | $2,800.00 | $5,000.00 | $7,800.00 | $4,170,050.00 | 0.18704812% |
| Kuball, Caleb | 10/19/15 | 3/15/16 | 149.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lachowski, Samer | 12/22/14 | 7/11/15 | 202.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lara, Alex | 11/13/17 | 5/18/18 | 187.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lee, Chris | 8/9/16 | 8/10/16 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Leinwand, Eric | 10/2/13 | 10/18/13 | 17.00 | $850.00 | $4,250.00 | $5,100.00 | $4,170,050.00 | 0.12230069% |
| Lema Puma, Jaime A | 11/27/17 | 12/29/17 | 33.00 | $1,650.00 | $5,000.00 | $6,650.00 | $4,170,050.00 | 0.15947051% |
| Llanos, Sergio | 11/2/15 | 1/6/20 | 1527.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lliguichuzhca, Gustavo | 9/3/19 | 1/6/20 | 126.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lliguichuzhca, Hector | 6/13/11 | 10/9/18 | 2676.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lliguicota, Luis | 7/18/16 | 9/7/16 | 52.00 | $2,600.00 | $5,000.00 | $7,600.00 | $4,170,050.00 | 0.18225201% |
| Loforese, Giuliana | 12/17/12 | 3/2/13 | 76.00 | $3,800.00 | $5,000.00 | $8,800.00 | $4,170,050.00 | 0.21102864% |
| Lojano, William Fernanog | 4/13/2019 | 5/2/2019 | 20.00 | $1,000.00 | $5,000.00 | $6,000.00 | $4,170,050.00 | 0.14388317% |
| Lopez Echeverry, Valentina | 7/24/19 | 1/6/20 | 167.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lopez Rojas, Guillermo Enrique | 7/22/19 | 1/6/20 | 169.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lopez, Alfredo | 2/8/17 | 2/9/17 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Lopez, Emir | 2/16/19 | 2/24/19 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |
| Lopez, Martin | 11/22/15 | 12/31/15 | 40.00 | $2,000.00 | $5,000.00 | $7,000.00 | $4,170,050.00 | 0.16786369% |
| Lopez, Sebastian | 9/25/15 | 1/6/20 | 1565.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Lopez, Ubaldo | 4/26/15 | 5/1/16 | 372.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Luna, Jose | 5/17/15 | 6/26/15 | 41.00 | $2,050.00 | $5,000.00 | $7,050.00 | $4,170,050.00 | 0.16906272% |
| Maciariello, Vincent | 8/3/13 | 8/17/13 | 15.00 | $750.00 | $3,750.00 | $4,500.00 | $4,170,050.00 | 0.10791238% |

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| Maldonado, Carlos | 11/7/18 | 2/12/19 | 98.00 | $4,900.00 | $5,000.00 | $9,900.00 | $4,170,050.00 | 0.23740723% |
| Mambelli, Cameron | 10/11/14 | 12/31/15 | 447.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mambelli, Cameron | 7/1/14 | 12/31/14 | 184.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mambelli, Christian | 9/25/16 | 10/18/16 | 24.00 | $1,200.00 | $5,000.00 | $6,200.00 | $4,170,050.00 | 0.14867927% |
| Mambelli, Christian | 9/5/2012 | 5/13/2016 | 1347.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mambelli,Claudio | 1/1/09 | 1/6/20 | 4023.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mancini, Claudio | 11/20/18 | 11/20/18 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Mancini, Claudio | 11/14/18 | 1/21/19 | 69.00 | $3,450.00 | $5,000.00 | $8,450.00 | $4,170,050.00 | 0.20263546% |
| Marin, Julian | 5/24/13 | 12/31/14 | 587.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Marin, Julian D | 10/21/13 | 6/11/18 | 1695.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Marin, Julian D | 7/9/18 | 12/11/18 | 156.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Markovic, Goran | 9/30/13 | 7/26/14 | 300.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Markovic, Peter | 5/19/14 | 12/31/14 | 227.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Marquez, Segundo | 9/18/2012 | 5/5/2019 | 2421.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Marquez, Segundo | 9/18/12 | 5/5/19 | 2421.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Martinez, Guillermo | 10/7/13 | 12/31/16 | 1182.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Martinez, Juan | 12/15/15 | 5/4/16 | 142.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Martinez, Maximino | 2/4/16 | 2/5/16 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Masi, Perla | 10/30/18 | 9/19/19 | 325.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mass, Daniel | 9/15/08 | 8/12/12 | 1428.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Massa, Staefano | 7/14/18 | 8/9/18 | 27.00 | $1,350.00 | $5,000.00 | $6,350.00 | $4,170,050.00 | 0.15227635% |
| Matute, Mario | 7/17/18 | 1/6/20 | 539.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Maunsell, Kerrie | 2/16/19 | 3/3/19 | 16.00 | $800.00 | $4,000.00 | $4,800.00 | $4,170,050.00 | 0.11510653% |
| Mazzara, Giuseppe | 9/17/14 | 12/31/14 | 106.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Meci, Endrit | 5/19/14 | 9/8/19 | 1939.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mehmedovic, Hariz | 9/20/13 | 6/7/14 | 261.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Meira, Valdemir | 9/5/12 | 1/6/20 | 2680.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Meira,Valdemir | 8/5/12 | 1/6/20 | 2711.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Meisner,Marilyn | 2/15/15 | 4/3/15 | 48.00 | $2,400.00 | $5,000.00 | $7,400.00 | $4,170,050.00 | 0.17745591% |
| Mendez, Edgar | 4/30/19 | 7/10/19 | 72.00 | $3,600.00 | $5,000.00 | $8,600.00 | $4,170,050.00 | 0.20623254% |
| Mendez, Jhonny | 2/3/16 | 6/30/16 | 149.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Merikhi, Abdelouadoud | 12/20/17 | 1/16/18 | 28.00 | $1,400.00 | $5,000.00 | $6,400.00 | $4,170,050.00 | 0.15347538% |
| Miah, Akbor | 7/18/18 | 12/1/18 | 137.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Miah, Jubair | 9/10/13 | 10/18/14 | 404.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Michieli, Giulia | 7/18/18 | 7/20/18 | 3.00 | $150.00 | $750.00 | $900.00 | $4,170,050.00 | 0.02158248% |
| Milosavljevic, Luka | 6/7/19 | 9/22/19 | 108.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Milosavljevic, Stefan | 4/16/19 | 8/1/19 | 108.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Milovic, Valentina | 7/13/18 | 8/9/18 | 28.00 | $1,400.00 | $5,000.00 | $6,400.00 | $4,170,050.00 | 0.15347538% |
| Minardi, Robert Paul | 7/1/19 | 7/11/19 | 11.00 | $550.00 | $2,750.00 | $3,300.00 | $4,170,050.00 | 0.07913574% |
| Mineo, Johnny | 11/14/16 | 12/31/16 | 48.00 | $2,400.00 | $5,000.00 | $7,400.00 | $4,170,050.00 | 0.17745591% |
| Molina Rivera, Javier P | 5/1/2018 | 11/30/2018 | 214.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Molina, Windsor | 10/15/12 | 1/23/13 | 101.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mondelli, Tommaso | 1/1/00 | 6/30/15 | 5660.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Monte, Luca | 12/28/18 | 1/6/20 | 375.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Morales, Marco Antonio | 8/19/13 | 5/28/17 | 1379.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Moreno, Ruben O | 5/20/17 | 2/2/18 | 259.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Morina, Adem | 4/27/19 | 4/29/19 | 3.00 | $150.00 | $750.00 | $900.00 | $4,170,050.00 | 0.02158248% |
| Morocho,Luis | 10/26/86 | 1/6/20 | 12126.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mott, Roger | 7/20/16 | 12/31/16 | 165.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Movileanu, Liviu | 5/19/14 | 4/24/15 | 341.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Muiro, Luis M | 11/16/16 | 11/20/16 | 5.00 | $250.00 | $1,250.00 | $1,500.00 | $4,170,050.00 | 0.03597079% |
| Mulic, Mirsada | 5/24/13 | 1/6/20 | 2419.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Munguia, Beatrice | 7/6/18 | 10/18/14 | 105.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Mustafaj, Almir | 10/7/13 | 12/14/13 | 69.00 | $3,450.00 | $5,000.00 | $8,450.00 | $4,170,050.00 | 0.20263546% |
| Nakashian,Teela | 6/28/11 | 3/31/12 | 278.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Narvaez, Jaime V | 11/6/2017 | 11/24/2017 | 19.00 | $950.00 | $4,750.00 | $5,700.00 | $4,170,050.00 | 0.13668901% |
| Naula, Hugo | 1/1/09 | 6/30/15 | 2372.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Naula, Prudencio | 1/1/97 | 1/6/20 | 8406.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Navarette, Felipe | 6/18/13 | 12/31/16 | 1293.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Negron, Carlos | 6/18/13 | 6/30/16 | 1109.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Nelson, Henry | 6/18/13 | 10/31/16 | 1232.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Nicoli, Biago | 3/14/07 | 1/6/20 | 4682.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Niola, Alex | 1/1/09 | 6/30/15 | 2372.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Niola, Johnny | 10/1/12 | 6/30/15 | 1003.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Noreci, Olsian | 2/2/18 | 2/10/18 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |
| Obando, Andres | 5/10/13 | 5/14/13 | 5.00 | $250.00 | $1,250.00 | $1,500.00 | $4,170,050.00 | 0.03597079% |
| Ochoa, Diego | 11/15/2016 | 2/4/2018 | 447.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| Ochoa, Diego | 10/30/14 | 12/31/16 | 794.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Offerman, Jose | 11/6/13 | 11/1/14 | 361.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ojeda, Hernan J | 11/20/16 | 11/27/16 | 8.00 | $400.00 | $2,000.00 | $2,400.00 | $4,170,050.00 | 0.05755327% |
| Orellana Jara, Cristihan Luis | 4/3/19 | 4/7/19 | 5.00 | $250.00 | $1,250.00 | $1,500.00 | $4,170,050.00 | 0.03597079% |
| Orlando, Justin | 6/8/14 | 6/21/14 | 14.00 | $700.00 | $3,500.00 | $4,200.00 | $4,170,050.00 | 0.10071822% |
| Ortega, Jose | 1/18/18 | 3/31/18 | 73.00 | $3,650.00 | $5,000.00 | $8,650.00 | $4,170,050.00 | 0.20743157% |
| Ostojic, Aleksa | 10/22/18 | 3/9/19 | 139.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ougribe, Hakima | 8/19/13 | 9/20/14 | 398.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Padilla, Manuel | 11/11/13 | 2/1/14 | 83.00 | $4,150.00 | $5,000.00 | $9,150.00 | $4,170,050.00 | 0.21942183% |
| Palaguachi Tenemaza, Eduardo Isidro | 6/26/19 | 8/18/19 | 54.00 | $2,700.00 | $5,000.00 | $7,700.00 | $4,170,050.00 | 0.18465006% |
| Palaguachi, Luis | 7/8/18 | 7/9/18 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Palaguachi,Luis | 7/28/18 | 1/6/20 | 528.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Palazzo, Stella | 11/19/2019 | 1/6/20 | 49.00 | $2,450.00 | $5,000.00 | $7,450.00 | $4,170,050.00 | 0.17865493% |
| Panora, Carlos | 7/23/12 | 1/6/20 | 2724.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Panora, Manuel | 8/28/13 | 1/11/14 | 137.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Papagiani, Thanassi | 9/13/13 | 4/5/14 | 205.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Paric, Ivana M | 3/29/2018 | 3/29/2018 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Parientti, Marine | 2/19/15 | 3/13/15 | 23.00 | $1,150.00 | $5,000.00 | $6,150.00 | $4,170,050.00 | 0.14748025% |
| Passante, Mario | 6/12/18 | 9/1/18 | 82.00 | $4,100.00 | $5,000.00 | $9,100.00 | $4,170,050.00 | 0.21822280% |
| Pastrana, Jorge Alberto | 11/9/19 | 1/6/20 | 59.00 | $2,950.00 | $5,000.00 | $7,950.00 | $4,170,050.00 | 0.19064520% |
| Pastuizaca, David | 1/1/15 | 1/1/15 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Patino, Alfredo | 8/1/13 | 2/1/14 | 185.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Patricio, Javier | 12/23/13 | 12/31/14 | 374.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Pejovic, Filip | 10/1/14 | 12/31/14 | 92.00 | $4,600.00 | $5,000.00 | $9,600.00 | $4,170,050.00 | 0.23021307% |
| Penafiel, Franklin E | 9/12/12 | 4/25/13 | 226.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Penafiel, Segundo | 12/1/13 | 12/31/14 | 396.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Pera, Leo | 9/5/12 | 1/6/20 | 2680.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Perez, Efrain | 4/23/19 | 4/23/19 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Perez, Juan | 5/8/16 | 9/8/17 | 489.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Pesantez, Hernan | 11/21/14 | 12/31/14 | 41.00 | $2,050.00 | $5,000.00 | $7,050.00 | $4,170,050.00 | 0.16906272% |
| Pietrobon, Dennis | 7/9/14 | 12/31/14 | 176.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Pillacela, Carlos | 10/19/18 | 11/26/18 | 39.00 | $1,950.00 | $5,000.00 | $6,950.00 | $4,170,050.00 | 0.16666467% |
| Pillacela, Carlos | 1/23/18 | 5/25/18 | 123.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Pirrone, Ona LJ | 9/8/17 | 4/1/18 | 206.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Plancarte Reymundo, Mario | 7/14/18 | 1/6/20 | 542.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Plancarte, Mario | 10/26/16 | 6/1/18 | 584.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Pofi, Linda | 12/8/16 | 12/16/16 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |
| Portillo, Christian | 8/19/13 | 5/26/15 | 646.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Portillo, Christian | 6/17/14 | 1/6/20 | 2030.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Portillo, Luis | 6/18/13 | 12/31/15 | 927.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Pressley, Jacob | 2/16/14 | 12/31/14 | 319.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Prykhodko, Darria | 12/12/18 | 12/13/18 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Qorkadiu, Trim | 6/18/13 | 12/31/16 | 1293.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Quarrato, Jean | 9/24/09 | 6/30/15 | 2106.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Quizhpi, Polivio | 3/20/17 | 6/1/18 | 439.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Quizhpi, Polivio G | 5/27/2018 | 12/2/2018 | 190.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Quizpi, Wilson R | 9/5/12 | 1/6/20 | 2680.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rahaman, Hamidur | 3/27/17 | 9/22/17 | 180.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ramirez, Atonio | 8/26/13 | 1/18/14 | 146.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ramirez, Ivancy | 2/4/16 | 12/31/16 | 332.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ramirez, Ivaney | 4/14/17 | 9/17/18 | 522.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Recon Jr., Apolinar C | 4/3/18 | 7/28/18 | 117.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Redrovan, Carlos | 6/17/14 | 1/23/15 | 221.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Redrovan, CarlosBruce | 10/19/2017 | 5/13/2018 | 207.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Redrovan, Freddy | 11/20/2017 | 5/11/2018 | 173.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Reinoso Leon, Jose Vicente | 6/18/18 | 7/21/18 | 34.00 | $1,700.00 | $5,000.00 | $6,700.00 | $4,170,050.00 | 0.16066954% |
| Remache, Edison | 2/16/13 | 1/6/20 | 2516.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Remache, Edison | 1/19/16 | 1/6/20 | 1449.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Restrepo, Andres | 3/7/18 | 3/17/18 | 11.00 | $550.00 | $2,750.00 | $3,300.00 | $4,170,050.00 | 0.07913574% |
| Restrepo, Andres | 7/9/18 | 7/20/18 | 12.00 | $600.00 | $3,000.00 | $3,600.00 | $4,170,050.00 | 0.08632990% |
| Restrepo, Andres | 7/21/14 | 12/31/14 | 164.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rey-Cordona, Andres | 1/23/17 | 3/24/17 | 61.00 | $3,050.00 | $5,000.00 | $8,050.00 | $4,170,050.00 | 0.19304325% |
| Rey-Cordona, Andres | 2/20/2017 | 5/28/2017 | 98.00 | $4,900.00 | $5,000.00 | $9,900.00 | $4,170,050.00 | 0.23740723% |
| Rey, Xoel | 9/20/12 | 12/31/14 | 833.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Reyes Bravo, Jesus | 7/17/18 | 10/27/18 | 103.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Reyes, Jose | 2/2/16 | 2/3/16 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Rezaul, Jaimee | 7/1/14 | 9/30/14 | 92.00 | $4,600.00 | $5,000.00 | $9,600.00 | $4,170,050.00 | 0.23021307% |

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| Rice, Michaela Katherine | 2/16/19 | 3/10/19 | 23.00 | $1,150.00 | $5,000.00 | $6,150.00 | $4,170,050.00 | 0.14748025% |
| Rickman, Christian S | 9/29/16 | 12/31/16 | 94.00 | $4,700.00 | $5,000.00 | $9,700.00 | $4,170,050.00 | 0.23261112% |
| Rios, Jorge | 1/17/15 | 12/31/15 | 349.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rios, Roberto | 1/5/17 | 1/6/17 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| Rivera, Angel | 8/27/13 | 8/23/14 | 362.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rivera, Augusto | 1/18/17 | 5/25/18 | 493.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rivera, Jamie | 8/27/13 | 6/26/16 | 1035.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rivera, Julio | 2/7/17 | 2/15/17 | 9.00 | $450.00 | $2,250.00 | $2,700.00 | $4,170,050.00 | 0.06474743% |
| Rivera, Victor | 5/17/15 | 12/1/17 | 930.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rivera, Victor | 5/17/15 | 12/1/17 | 930.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rivera,Jorge Isaac | 12/4/17 | 2/4/18 | 63.00 | $3,150.00 | $5,000.00 | $8,150.00 | $4,170,050.00 | 0.19544130% |
| Rocco, Lorenzo | 7/13/15 | 6/26/16 | 350.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rodgriguez, Wilson | 6/17/17 | 10/10/17 | 116.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rodic, Andrija | 5/13/19 | 6/21/19 | 40.00 | $2,000.00 | $5,000.00 | $7,000.00 | $4,170,050.00 | 0.16786369% |
| Rodrigo, Chiguil | 4/13/16 | 6/30/16 | 79.00 | $3,950.00 | $5,000.00 | $8,950.00 | $4,170,050.00 | 0.21462572% |
| Rodriguez, Jose | 1/25/2018 | 4/8/2018 | 74.00 | $3,700.00 | $5,000.00 | $8,700.00 | $4,170,050.00 | 0.20863059% |
| Rodriguez, Mario | 6/18/13 | 6/1/18 | 1810.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rodriguez, Rafael | 1/1/2015 | 6/30/2015 | 181.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rodriquez, Rafael | 1/8/14 | 2/1/14 | 25.00 | $1,250.00 | $5,000.00 | $6,250.00 | $4,170,050.00 | 0.14987830% |
| Rodrugez, Richard | 1/1/2015 | 6/30/2015 | 181.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rojas Rosas, Raoul | 6/18/18 | 1/6/20 | 568.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rojas, Cristian | 9/14/12 | 1/6/13 | 115.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rojas, Jessica | 7/1/14 | 9/30/14 | 92.00 | $4,600.00 | $5,000.00 | $9,600.00 | $4,170,050.00 | 0.23021307% |
| Rojas, Juan  Carlos | 2/22/17 | 3/17/17 | 24.00 | $1,200.00 | $5,000.00 | $6,200.00 | $4,170,050.00 | 0.14867927% |
| Rojas, Luis | 10/7/13 | 3/1/14 | 146.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rojas, Raul | 6/18/13 | 6/1/18 | 1810.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Romano, Trinidad | 5/28/14 | 6/30/14 | 34.00 | $1,700.00 | $5,000.00 | $6,700.00 | $4,170,050.00 | 0.16066954% |
| Romero, Antonio | 3/1/15 | 3/27/15 | 27.00 | $1,350.00 | $5,000.00 | $6,350.00 | $4,170,050.00 | 0.15227635% |
| Romero, Ivan | 11/21/16 | 6/1/18 | 558.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Romero, Ivan | 7/16/18 | 12/25/18 | 163.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ronkainen, Logan | 8/7/13 | 10/31/16 | 1182.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Ropus, Antonio | 11/1/19 | 11/6/19 | 6.00 | $300.00 | $1,500.00 | $1,800.00 | $4,170,050.00 | 0.04316495% |
| Ropus, Daniela | 1/22/19 | 11/11/19 | 294.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rosario, Magda | 7/25/19 | 10/25/19 | 93.00 | $4,650.00 | $5,000.00 | $9,650.00 | $4,170,050.00 | 0.23141209% |
| Rosas, Carmelo | 10/15/13 | 3/8/14 | 145.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Rouzot, Julian Pascal Joel | | | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Sadykova, Dilnoza(Sandykova) | 12/18/16 | 6/1/18 | 531.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Saldano, Diego | 7/5/14 | 12/31/14 | 180.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Saldava, Silvio | 5/20/13 | 1/6/20 | 2423.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Salinas, Vittoria | 11/12/15 | 1/29/16 | 79.00 | $3,950.00 | $5,000.00 | $8,950.00 | $4,170,050.00 | 0.21462572% |
| Salsiniia, Roy | 10/15/12 | 2/12/13 | 121.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| San Juan, Jose | 10/30/16 | 12/23/16 | 55.00 | $2,750.00 | $5,000.00 | $7,750.00 | $4,170,050.00 | 0.18584909% |
| Sanay, Diego | 8/4/13 | 12/29/17 | 1609.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sanchez, Albino | 8/1/02 | 6/30/15 | 4717.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sanchez, Eddy | 1/1/2014 | 2/12/2018 | 1504.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sanchez, Gerson A | 10/12/16 | 12/31/16 | 81.00 | $4,050.00 | $5,000.00 | $9,050.00 | $4,170,050.00 | 0.21702378% |
| Sanchez, Juan Paramo | 6/7/11 | 6/14/14 | 1104.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sanchez, Ricardo | 9/5/2012 | 6/30/2016 | 1395.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sanchez, Ricardo | 5/2/19 | 1/6/20 | 250.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sanchez, Richardo | 1/30/17 | 5/21/17 | 112.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sanchez, Rubi | 9/28/11 | 9/16/12 | 355.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Santiago, Eligio | 3/5/18 | 3/9/18 | 5.00 | $250.00 | $1,250.00 | $1,500.00 | $4,170,050.00 | 0.03597079% |
| Santos, Brian Jose | 10/18/2018 | 1/20/2019 | 95.00 | $4,750.00 | $5,000.00 | $9,750.00 | $4,170,050.00 | 0.23381015% |
| Sarmiento, Jorge | 11/16/16 | 12/31/16 | 46.00 | $2,300.00 | $5,000.00 | $7,300.00 | $4,170,050.00 | 0.17505785% |
| Saula, Milton | 1/1/14 | 1/6/20 | 2197.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Secolo, Angelo | 6/17/14 | 6/30/14 | 14.00 | $700.00 | $3,500.00 | $4,200.00 | $4,170,050.00 | 0.10071822% |
| Shannon, Kayla | 2/7/2017 | 2/28/2017 | 22.00 | $1,100.00 | $5,000.00 | $6,100.00 | $4,170,050.00 | 0.14628122% |
| Sheehan, William Fenton | 10/30/19 | 1/6/20 | 69.00 | $3,450.00 | $5,000.00 | $8,450.00 | $4,170,050.00 | 0.20263546% |
| Simaku, Endrit | 10/16/17 | 6/1/18 | 229.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sorce, Gerlando | 1/22/2018 | 2/4/2018 | 14.00 | $700.00 | $3,500.00 | $4,200.00 | $4,170,050.00 | 0.10071822% |
| Spanedda, Ivo | 11/14/11 | 9/30/16 | 1783.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Spasovska, Makedonka | 12/5/18 | 12/9/18 | 5.00 | $250.00 | $1,250.00 | $1,500.00 | $4,170,050.00 | 0.03597079% |
| Stanic,Goran | 9/13/17 | 1/6/20 | 846.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Steedle,Hilary | 3/8/15 | 3/13/15 | 6.00 | $300.00 | $1,500.00 | $1,800.00 | $4,170,050.00 | 0.04316495% |
| Sudru, Alexandruy | 6/17/14 | 9/30/14 | 106.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Sukaj, Anton | 10/7/13 | 1/12/18 | 1559.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Svanidze, Sopiko | 1/9/19 | 4/25/19 | 107.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Tapia, Miguel A | 5/28/14 | 1/6/20 | 2050.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Taza, Carlos | 9/16/13 | 1/6/20 | 2304.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Teles, Rodolfo | 9/30/13 | 12/21/13 | 83.00 | $4,150.00 | $5,000.00 | $9,150.00 | $4,170,050.00 | 0.21942183% |
| Teles, Rodolfo | 10/01/2014 | 03/13/2015 | 164.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |

| Employee | DOH | DOT | Days Worked | NYLL 195(1) Penalty | NYLL 195(3) Penalty | Total Penalty | Class Wide Penalty Amt | Individual Percentage of Classw-wide Amt. |
|---|---|---|---|---|---|---|---|---|
| Telese, Cristina | 7/10/18 | 10/6/18 | 89.00 | $4,450.00 | $5,000.00 | $9,450.00 | $4,170,050.00 | 0.22661599% |
| Telese, Cristina | 12/28/16 | 5/25/18 | 514.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Tello, Edison P | 8/26/12 | 3/31/14 | 583.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Tenezaca, Manuel S | 9/5/12 | 11/20/15 | 1172.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Tinishanay, Michael | 5/5/12 | 12/31/14 | 971.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Tocchetto, Gustavo | 8/26/03 | 3/18/19 | 5684.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Todorov, Bogdan | 7/21/13 | 9/15/13 | 57.00 | $2,850.00 | $5,000.00 | $7,850.00 | $4,170,050.00 | 0.18824714% |
| Toledo Ruiz, Madeline | 7/17/18 | 8/12/18 | 27.00 | $1,350.00 | $5,000.00 | $6,350.00 | $4,170,050.00 | 0.15227635% |
| Tononi, Fabio | 2/22/19 | 1/6/20 | 319.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Topalovic, Marko | 4/22/19 | 1/6/20 | 260.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Torres Olibo, Jose Alberto | 7/2/18 | 9/13/18 | 74.00 | $3,700.00 | $5,000.00 | $8,700.00 | $4,170,050.00 | 0.20863059% |
| Torres, Juan R | 6/5/18 | 10/19/18 | 137.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Torres, Trinidad | 9/20/16 | 10/20/17 | 396.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Torrez, Aldo | 5/27/16 | 6/5/16 | 10.00 | $500.00 | $2,500.00 | $3,000.00 | $4,170,050.00 | 0.07194158% |
| Truscello, Nicholas | 9/30/13 | 6/14/14 | 258.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Tufano, Frank Armand | 6/18/18 | 7/29/18 | 42.00 | $2,100.00 | $5,000.00 | $7,100.00 | $4,170,050.00 | 0.17026175% |
| Tzunun, Jeronimo | 8/9/16 | 10/16/16 | 69.00 | $3,450.00 | $5,000.00 | $8,450.00 | $4,170,050.00 | 0.20263546% |
| Urbina, Leonardo | 11/17/13 | 12/21/13 | 35.00 | $1,750.00 | $5,000.00 | $6,750.00 | $4,170,050.00 | 0.16186856% |
| Valencia, Jose L | 6/6/2018 | 6/6/2018 | 1.00 | $50.00 | $250.00 | $300.00 | $4,170,050.00 | 0.00719416% |
| Valencia, Jose L | 11/18/16 | 6/1/18 | 561.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Valencia, Jose L | 10/25/18 | 2/24/19 | 123.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Varbanciu, Ciprian | 9/10/13 | 8/16/14 | 341.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Vargas Velazquez, Jose L | 10/4/17 | 10/23/17 | 20.00 | $1,000.00 | $5,000.00 | $6,000.00 | $4,170,050.00 | 0.14388317% |
| Vasquez, Marco V | 3/8/17 | 5/18/17 | 72.00 | $3,600.00 | $5,000.00 | $8,600.00 | $4,170,050.00 | 0.20623254% |
| Vera, Wilson | 11/5/2018 | 5/6/2019 | 183.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Vidal, Anthony | 11/6/14 | 12/31/14 | 56.00 | $2,800.00 | $5,000.00 | $7,800.00 | $4,170,050.00 | 0.18704812% |
| Villavicencio, Jorge | 10/25/18 | 11/1/18 | 8.00 | $400.00 | $2,000.00 | $2,400.00 | $4,170,050.00 | 0.05755327% |
| Villota, Gary B | 11/1/12 | 3/20/13 | 140.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Visentin, Elisa | 10/19/18 | 1/6/19 | 80.00 | $4,000.00 | $5,000.00 | $9,000.00 | $4,170,050.00 | 0.21582475% |
| Volk, Jason Edward | 2/26/19 | 3/5/19 | 8.00 | $400.00 | $2,000.00 | $2,400.00 | $4,170,050.00 | 0.05755327% |
| Voshki Korab | 5/18/14 | 7/19/14 | 63.00 | $3,150.00 | $5,000.00 | $8,150.00 | $4,170,050.00 | 0.19544130% |
| Vrancevic, Borivoje | 10/16/17 | 5/25/18 | 222.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Vrancevic, Borivoje | 10/22/18 | 3/9/19 | 139.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Vukotic, Sanja | 10/12/16 | 12/31/16 | 81.00 | $4,050.00 | $5,000.00 | $9,050.00 | $4,170,050.00 | 0.21702378% |
| Vukotic, Sanja | 5/29/2016 | 5/14/2018 | 716.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Wong, Jose | 10/31/16 | 8/16/17 | 290.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Wong, Jose L | 1/1/14 | 1/6/20 | 2197.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Xhaferi, Genci | 9/30/13 | 12/6/14 | 433.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Yupa, Javier | 9/5/2012 | 1/19/2018 | 1963.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Yupa, Javier | 9/5/2012 | 1/19/2018 | 1963.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Zambrano Primor, Modesto | 10/25/17 | 1/13/18 | 81.00 | $4,050.00 | $5,000.00 | $9,050.00 | $4,170,050.00 | 0.21702378% |
| Zarate, Oscar | 5/31/17 | 7/23/17 | 54.00 | $2,700.00 | $5,000.00 | $7,700.00 | $4,170,050.00 | 0.18465006% |
| Zaruma, Victor | 10/17/13 | 12/31/14 | 441.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Zecevic, Miljan | 6/18/13 | 1/28/18 | 1686.00 | $5,000.00 | $5,000.00 | $10,000.00 | $4,170,050.00 | 0.23980528% |
| Zevallos, German | 8/28/2019 | 9/29/2019 | 33.00 | $1,650.00 | $5,000.00 | $6,650.00 | $4,170,050.00 | 0.15947051% |
| Zhindon, Damian | 9/12/12 | 12/1/12 | 81.00 | $4,050.00 | $5,000.00 | $9,050.00 | $4,170,050.00 | 0.21702378% |
| Zinin, Bogdan | 8/3/16 | 8/4/16 | 2.00 | $100.00 | $500.00 | $600.00 | $4,170,050.00 | 0.01438832% |
| | | | | | | $4,170,050.00 | | 100% |