UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HENRY ARGUDO and DIEGO SANAY, on behalf of
themselves and others similarly situated,

               Plaintiff,                         Case No. 18-CV-00678 (JMF)

    -against-

PAREA GROUP LLC, d/b/a TRATTORIA IL
MULINO, IMNY GS LLC d/b/a IL MULINO TRIBECA,
GFB RESTAURANT CORP. d/b/a IL MULINO
DOWNTOWN, WONDERFUL RESTAURANT LLC
d/b/a IL MULINO UPTOWN, K.G. IM MANAGEMENT,
LLC, PASTA PERFECT LLC, IM 60 STREET, IL
MULINO USA, IM LLC-1, BRIAN GALLIGAN,
and GERALD KATZOFF,

               Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW OF ELLENOFF GROSSMAN & SCHOLE LLP IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR CERTAIN DEFENDANTS

                                                        ELLENOFF GROSSMAN & SCHOLE LLP
                                                        Amanda M. Fugazy
                                                        Paul P. Rooney
                                                        Ilan Weiser
                                                        Nicole Vescova
                                                        1345 Avenue of the Americas, 11th Fl.
                                                        New York, New York 10105
                                                        Tel: (212) 370-1300

                                                        *Attorneys for Defendants IMNY GS LLC,*
                                                       *GFB Restaurant Corp., Wonderful*
                                                       *Restaurant LLC, K.G. IM Management LLC,*
                                                       *Pasta Perfect LLC, IM 60 Street, Il Mulino*
                                                       *USA, IM LLC-1, Brian Galligan, Gerald*
                                                       *Katzoff*

Dated:  January 11, 2021
          New York, New York

{00887612.DOCX.3}

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT .............................................................................................. 1
SUMMARY OF FACTS ........................................................................................................... 1
ARGUMENT .............................................................................................................................. 5
POINT I: DEFENDANTS' COUNSEL'S MOTION SATISFIES LOCAL CIVIL RULE 1.4 ...... 5
POINT II: EGS HAS STRONG GROUNDS TO WITHDRAW ............................................. 6
    A.    A Conflict of Interest Has Arisen Between the BSP Defendants and Katzoff Defendants. ................................................................................................................. 6
    B.    The BSP Defendants Have Engaged Separate Counsel Pursuing Its Own Settlement Strategy. ...................................................................................................... 9
    C.    The Entities' Principals Have Not Communicated With EGS ..................................... 10
    D.    Il Mulino USA ................................................................................................................ 10
POINT III: WITHDRAWAL WILL NOT CAUSE PREJUDICE OR UNDUE DELAY IN THE CASE .......................................................................................................................................... 10
CONCLUSION ......................................................................................................................... 11

**Cases**

Alabama Opinion 82-591 (Mar. 17, 1982) ......................................................................................9

*Allegretti-Freeman v. Baltis*,
 205 A.D.2d 859, 613 N.Y.S.2d 449 (N.Y. App. 1994) ...............................................................9

*Fischer v. Biman Bangladesh Airlines*,
 No. 96-CV-3120 (SHS) (AJP), 1997 WL 411446 (S.D.N.Y. 1997) .........................................10

*Int'l Bus. Counselors, Inc. v. Bank of Ikeda, Ltd.*,
 1990 WL 29345 (S.D.N.Y. Mar. 9, 1990) ) ................................................................................6

*Joseph Brenner Assocs., Inc., v. Starmaker Entm't, Inc.*,
 82 F.3d 55 (2d Cir. 1996) ............................................................................................................9

*K.G. IM, LLC, et al.*,
 Case No. 20-11723 (MG) ............................................................................................................2

*Lasser v. Nassau Comm. College*,
 91 A.D. 2d 973 (2d Dep't 1983) ..................................................................................................9

*Louima v. City of New York,*
  2004 WL 2359943 (E.D.N.Y. 2004) ..........................................................................................9

*Mars Production, Inc. v. U.S. Media Corp.*,
 198 A.D.2d 175 (1st Dep't 1993) ................................................................................................9

*SEC v. Pentagon Capital Mgt. PLC*,
 2013 WL 5815374 (S.D.N.Y. Oct. 29, 2013) ...........................................................................11

*Winkfield v. Kirschenbaum & Phillips, P.C.*,
 2013 WL 371673 (S.D.N.Y. Jan. 29, 2013) ................................................................................5

**Statutes, Rules and Secondary Sources**

1B *Carmody-Wait 2d* § 3:413 (2021) ............................................................................................7

Local Civil Rule 1.4 and the New York Rules of Professional Conduct .......................................5

Rule 1.6 of the New York Rules of Professional Conduct ............................................................7

Rule 1.7(a) of the New York Rules of Professional Conduct  .......................................................6

N.Y. Code of Professional Responsibility EC 5–15 ......................................................................9

**PRELIMINARY STATEMENT**

The Court should grant the motion of Ellenoff Grossman & Schole LLP ("Ellenoff Grossman"), Amanda M. Fugazy, Esq., Paul P. Rooney, Esq., Ilan Weiser, Esq. and Nicole Vescova, Esq. ("Defendants' Counsel") to withdraw from representing Pasta Perfect, LLC, IM 60 Street, Wonderful Restaurant, LLC and Brian Galligan (collectively, the "BSP Defendants"), as well as Il Mulino USA, LLC ("Il Mulino USA").

Continued representation of the BSP Defendants constitutes a conflict of interest because the BSP Defendants engaged other counsel to secretly negotiate a compromise of the settlement due on their behalf, potentially to the detriment of IMNY GS LLC, GFB Restaurant Corp., K.G. IM Management, LLC and Gerald Katzoff (the "Katzoff Defendants"). EGS cannot attempt to negotiate a compromise or allocation of the settlement in the best interest of the Katzoff Defendants while it still represents the BSP Defendants. In the interim, the BSP Defendants are attempting to exploit the temporary paralysis this has placed on EGS in order to get a better deal for themselves. This clear conflict of interest mandates EGS's withdrawal from representing the BSP Defendants.

The withdrawal will not prejudice any party or cause any delay in the proceedings.

As to Il Mulino USA, it declared bankruptcy and has declined to engage EGS as its special litigation counsel. As an automatic stay has been, and remains, in place as to Il Mulino USA. EGS's withdrawal as to this Defendant is a formality.

In light of these facts, the Court should grant EGS's motion to withdraw from representation of the BSP Defendants and Il Mulino USA.

**SUMMARY OF FACTS**

On January 26, 2018, Plaintiffs Henry Argudo and Diego Sanay commenced the instant matter by filing a Complaint in the United States District Court, Southern District of New York

{00887612.DOCX.3}                                1

(the "Court"), alleging violations of the Fair Labor Standards Act and the New York Labor Law. *See*, Complaint, ECF Dkt. No. 4.

On February 19, 2020, Mr. Katzoff was the controlling member of all the Defendant entities in this matter and he and Mr. Galligan retained EGS. Affidavit of Amanda M. Fugazy ("Fugazy Aff.") ¶ 8. EGS was substituted for the Law Office of Mark Krassner as attorneys for record for all Defendants. *See* ECF Dkt. 151.

Following extensive discovery and settlement negotiations, the parties settled this case. Fugazy Aff. ¶ 9. On July 16, 2020, Plaintiffs filed a Motion for Preliminary Approval of the Class Action Settlement. *See* ECF Dkt. 217. The Court granted preliminary approval. *See* ECF Dkt. 220. The Settlement Agreement provided that Defendants would jointly and severally fund a settlement common fund. Fugazy Aff. ¶ 9. To date, Defendants have yet to fund the settlement common fund. Fugazy Aff. ¶ 18. The deadline for Plaintiffs' to file their motion for final approval of the settlement is currently, January 21, 2021, and a fairness hearing is currently scheduled for January 28, 2021. *See* Order, ECF Dkt. 242.

On or around July 28, 2020, Defendant Il Mulino USA filed for chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of New York in a case captioned *In re: K.G. IM, LLC, et al.*, Case No. 20-11723 (MG). Fugazy Aff. ¶ 10. Il Mulino USA filed a notice of bankruptcy in this Court on August 11, 2020 and a stay was extended to Il Mulino USA. *See* ECF Dkt. 222 & 223. Ellenoff Grossman does not represent Il Mulino USA in the bankruptcy proceeding. *See* Fugazy Aff. ¶ 3.

Thereafter, the Bankruptcy Court approved a bidding process for the sale of the assets of the debtors in the bankruptcy proceeding. Fugazy Aff. ¶ 11. Certain designees that Benefit Street Partners control (collectively with the designees hereinafter "BSP") purchased substantially all the

{00887612.DOCX.3}   2

debtors' assets, including Il Mulino USA's assets, on December 24, 2020. Fugazy Aff. ¶ 12. Due to BSP's asset purchase, there has been a change in control with respect to Defendants IM 60th Street, Pasta Perfect, LLC, and Wonderful Restaurant, LLC – each is now directly or indirectly owned, or controlled, by BSP or its affiliates. Fugazy Aff. ¶ 13.

Until recently, EGS understood that Craig Boucher, who the Bankruptcy Court had appointed as Chief Restructuring Officer of the debtor entities in the Il Mulino bankruptcy, controlled and spoke for those entities. Fugazy Aff. ¶ 17. However, EGS received no response to an email, sent January 6, 2020, asking if Mr. Boucher is in charge of these entities and, if not, who is. *Id.*, Exhibit "A."

On January 6, 2021, EGS filed a letter with the Court requesting an adjournment of a conference scheduled for January 7, 2021 in response to a letter from Plaintiff's counsel arguing that Defendants should be held in contempt for failing to fund the settlement. EGS stated that it required additional time to sort out issues regarding representation. The adjournment was denied. Fugazy Aff. 19.

On January 7, 2021, at 12:13 a.m., EGS received an email from Goodwin Procter LLP ("Goodwin"), attorneys for BSP in the bankruptcy case. The email stated, "We do not represent Wonderful Restaurant LLC, K.G. IM Management LLC, Pasta Perfect, LLC and IM 60 Street. We do not agree that there is a conflict that would preclude your firm from representing all defendants in the *Argudo* case based on the pending litigation between BSP and Gerald Katzoff." *See* Fugazy Aff. ¶ 20, Exhibit "B."

On January 7, 2021, at 7:39 a.m., EGS wrote to Goodwin: "[Y]ou state that you do not represent Wonderful Restaurant LLC, K.G. IM Management LLC, Pasta Perfect, LLC and IM 60

Street. If that is the case, then you have no position here. I need to speak with someone who does. Can you tell me who I speak with please?" Fugazy Aff. ¶ 21, Exhibit "B."

On January 7, 2021, at 8:39 a.m., the Court issued an order denying the adjournment request. On January 7, 2021, at 9:06 a.m., EGS received an email from Goodwin: "You represent those entities, so there is no one else to speak to at this time. The Buyer's involvement here is solely with respect to its management rights regarding Pasta Perfect, LLC and IM 60th Street, LLC (which is not a named defendant). If you are interested in talking to the Buyer in this respect, we are available." *See* Fugazy Aff., ¶¶ 22-23, Exhibit "C."

On January 7, 2021, at 9:17 a.m., EGS wrote in response, "The conference was not adjourned and I need a client to speak with." Fugazy Aff., ¶ 24, Exhibit "C."

Later that morning, Amanda M. Fugazy, Esq. of EGS received a call from Jordan Weiss, Esq., of Goodwin. Mr. Weiss informed EGS that he was authorized to speak on behalf of Pasta Perfect, LLC and Defendant IM 60 Street. Mr. Weiss told Ms. Fugazy that that EGS was authorized and expected to represent Pasta Perfect, LLC and IM 60 Street at the court conference. In follow-up emails, Mr. Weiss instructed that EGS could not represent that those two entities were seeking new counsel to represent them. Ms. Fugazy asked Mr. Weiss if Pasta Perfect, LLC and Defendant IM 60 Street would consent to EGS's withdrawal and the substitution of counsel. Mr. Weiss said he would raise the issue with his clients. Fugazy Aff., ¶ 25, Exhibit "D."

The afternoon of January 7, 2021, the Court held the scheduled conference, and issued various scheduling orders. ECF Dkt. No. 242.

On January 8, 2021, Plaintiff's counsel Maimon Kirschenbaum, Esq. informed Ms. Fugazy that attorneys from Goodwin had called him and attempted to settle the claims against Pasta Perfect, LLC and IM 60 Street. EGS was not informed of this effort beforehand. *See* Fugazy Aff.

{00887612.DOCX.3}                                  4

¶ 27. On that same date, after learning this, EGS sent Goodwin a form of substitution of counsel replacing EGS as counsel for Pasta Perfect, LLC and IM 60 Street and asked them to return it. EGS has yet to receive it back. *Id.*

On January 11, 2021, Mr. Kirschenbaum copied EGS on an email stating that Goodwin had made a settlement offer to Plaintiffs on behalf of Mr. Galligan and Wonderful Restaurant, LLC as well as Pasta Perfect, LLC and IM 60 Street. Fugazy Aff, ¶ 28, Exhibit

## ARGUMENT

EGS wishes to withdraw from representation of the BSP Defendants for the reasons set forth below pursuant to Local Civil Rule 1.4. The Court should allow EGS to withdraw because good grounds for withdrawal exist and the withdrawal will not unduly delay the proceedings.

## POINT I:
## DEFENDANTS' COUNSEL'S MOTION SATISFIES LOCAL CIVIL RULE 1.4

Withdrawal of attorneys is governed by Local Civil Rule 1.4 and the New York Rules of Professional Conduct. Local Civil Rule 1.4 provides, in pertinent part, as follows: "An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."

When considering whether to grant a motion to withdraw under Rule 1.4, a court analyzes two factors: (1) the reasons for withdrawal; and (2) the impact of the withdrawal on the timing of the proceeding. *See, e.g.*, *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

Here, EGS has ample reason to withdraw from representing the BSP Defendants. EGS Counsel has submitted an affirmation herewith showing satisfactory reasons for withdrawal, specifically, that a conflict of interest now exists between the BSP Defendants and the remaining Defendants in this action.

As the BSP Defendants already are, in substance being represented in this case by Goodwin, and a final approval hearing of the settlement in this case will take place on January 28, 2021, the impact of the withdrawal will be little if any; the withdrawal will not prejudice the BSP Defendants or the Plaintiffs and should not delay the case in any way.

## POINT II:
## EGS HAS STRONG GROUNDS TO WITHDRAW

The Court should allow EGS to withdraw from representing the BSP Defendants because: (a) a conflict of interest now exists between the BSP Defendants and the Katzoff Defendants; and (b) the BSP Defendants have engaged separate counsel that is pursuing a different strategy than EGS; and the (c) the principals of the BSP Defendants have declined to communicate with EGS.

The Court should allow EGS to withdraw from representing Il Mulino USA because it declared bankruptcy and has declined to retain EGS.

### A. A Conflict of Interest Has Arisen Between the BSP Defendants and Katzoff Defendants.

This Court allows attorneys to withdraw when a conflict of interest arises. *Int'l Bus. Counselors, Inc. v. Bank of Ikeda, Ltd.*, 1990 WL 29345, at *2 (S.D.N.Y. Mar. 9, 1990) ("In light of the obvious conflict of interest . . . I will . . . grant counsel leave to withdraw"). Because EGS's continued representation of the BSP Defendants would present a conflict of interest, the Court should allow EGS to withdraw from representing the BSP Defendants.

Rule 1.7(a) of the New York Rules of Professional Conduct (the "Rules") provides that "(a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . (1) the representation will involve the lawyer in representing differing interests."  In the situations covered by the foregoing provisions, a lawyer may represent a client if the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client, the representation is not prohibited by law, the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal, and ach affected client gives informed consent, confirmed in writing."  1B *Carmody-Wait 2d* § 3:413 (2021).

Rule 1.6(a) provides that "[a] lawyer shall not knowingly reveal confidential information, as defined in this Rule, or use such information to the disadvantage of a client or for the advantage of the lawyer or a third person . . ."

In light of BSP's attorneys' efforts to secretly settle claims against the BSP Defendants, a conflict has been created between EGS's duties to the Katzoff Defendants and the BSP Defendants under Rule 1.7. Moreover, if EGS were to assist the Katzoff Defendants in pursuing that course of action, EGS would be required under Rule 1.6 to keep that information secret from the BSP Defendants; this creates another obstacle to EGS's continued representation of all Defendants. Such a situation would force EGS to make a Hobson's choice between revealing one client's intentions or denying another client information that is relevant to its decision making.

Moreover, it appears that Pasta Perfect, LLC and IM 60 Street deliberately stalled (saying at first that EGS represented them and that Goodwin did not) and has continued to withhold consent for EGS to withdraw.  It seems obvious the BSP Defendants continue to withhold consent to withdraw for the purpose of giving them a window of opportunity to use different counsel to

negotiate a secret settlement for themselves. Under Rule 1.7, this situation cannot be allowed to persist.

Ethics opinions and state court opinions support this reading of Rule 1.7. The New York State Bar Association Committee on Professional Ethics addressed a similar question in Opinion No. 639 (Dec. 7, 1992). At issue was whether a lawyer may represent two plaintiffs injured in the same fire in separate suits against a defendant, when there is likely to be insufficient assets available to satisfy fully all of the parties' claims. Neither client caused or contributed to the fire or the other's respective injuries. Although the inquiry concerned the attorney's ethical obligations in accepting potentially adverse multiple representations under a rule patterned on the Model Code DR 5-105, the Code and Model Rules are substantially similar and the outcome would likely be similar under Rule 1.7. At that time, New York's DR 5-105(A) prohibited a lawyer from accepting a case which is likely to involve representation of "differing interests," including conflicting, inconsistent, diverse and other interests that will adversely affect the judgment or loyalty of an attorney to a client. The Committee concluded that the interests of the two clients would be inconsistent, and hence were "differing interests" within the meaning of DR 5-105, if the available assets are likely to be insufficient to satisfy the judgments that realistically might be obtained by the clients in the aggregate.

In reaching this result, the Committee relied on Alabama Opinion 82-591 (Mar. 17, 1982) (a lawyer may not represent all plaintiffs in an automobile accident case where the assets are not sufficient for the full satisfaction of all potential claims and a recovery by one claimant would reduce the assets available for the satisfaction of the other claims).

In the same vein, the New York State Appellate Division has stated that a lawyer "should never represent in litigation multiple clients with differing interests; and there are few situations

in which [the lawyer] would be justified in representing in litigation multiple clients with potentially differing interests" *Allegretti-Freeman v. Baltis*, 205 A.D.2d 859, 861, 613 N.Y.S.2d 449, 451 (N.Y. App. 1994) (quoting N.Y. Code of Professional Responsibility EC 5–15).

In the case at bar, the amount the BSP Defendants pay towards the settlement affects the amount the Katzoff Defendants will have to pay. Now that the BSP Defendants and Katzoff Defendants are both: (a) no longer controlled by the same person; and (b) in apparent disagreement of how much each group of parties should pay towards the settlement, a conflict, similar to those discussed in the opinions cited above, exists. Accordingly, EGS must withdraw from representing the BSP Defendants.

### B. The BSP Defendants Have Engaged Separate Counsel Pursuing Its Own Settlement Strategy.

The Court should also grant EGS's withdrawal motion because the BSP Defendants have hired separate counsel who is pursuing its own strategy.

Both the federal and state courts of New York have held that "[w]ithdrawal under the rules is also permissible if the client renders it unreasonably difficult for the lawyer to carry out employment effectively, by hiring new or additional counsel who interferes with the strategies of the original attorney." *Louima v. City of New York,* 2004 WL 2359943 (E.D.N.Y. 2004) (internal quotation marks omitted). "Thus, if new counsel or additional counsel interferes with an attorney's litigation strategy, that may be a justified basis for withdrawal." *Id.*; *Joseph Brenner Assocs., Inc., v. Starmaker Entm't, Inc.,* 82 F.3d 55, 57 (2d Cir. 1996) (finding withdrawal justified where the initial attorney perceived the new counsel's position to be that of a "back-seat driver."); *see Mars Production, Inc. v. U.S. Media Corp.,* 198 A.D.2d 175 (1st Dep't 1993) ("The order granting counsel leave to withdraw was not an abuse of discretion, since there had been a long history of non-payment by the client, [and] additional counsel was interfering with the movant's litigation

{00887612.DOCX.3}  9

strategy"); *see also Lasser v. Nassau Comm. College,* 91 A.D. 2d 973 (2d Dep't 1983) (finding withdrawal justified where attorney was "required to seek approval, as to all future actions regarding the case, of another attorney who was representing plaintiff in a closely related matter").

Here, the BSP Defendants have engaged separate counsel (Goodwin) and engaged in secret settlement negotiations with Plaintiffs without informing EGS. Under the cases cited above, this conduct gives EGS ample additional justification for EGS to withdraw.

### C. The Entities' Principals Have Not Communicated With EGS

Finally, the Court should allow EGS to withdraw from representation of Pasta Perfect, LLC, IM 60 Street and Wonderful Restaurant, LLC because no principal or agent of any of these entities is willing to communicate with EGS. Only counsel purportedly representing their buyer have been in communication with EGS, not the principals of any entity.

This court has held that "lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal." *Fischer v. Biman Bangladesh Airlines,* No. 96-CV-3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. 1997). The Pasta Perfect, LLC, IM 60 Street and Wonderful Restaurant, LLC principals' unwillingness to communicate with EGS constitutes such lack of cooperation that justifies withdrawal by EGS.

### D. Il Mulino USA

Il Mulino declared bankruptcy on July 28, 2020. Il Mulino has declined to engage EGS as its special litigation counsel. Accordingly, in substance, Il Mulino has terminated EGS as its counsel. Accordingly, the Court should grant EGS's motion to withdraw.

### POINT III:
### WITHDRAWAL WILL NOT CAUSE PREJUDICE OR UNDUE DELAY IN THE CASE

Withdrawal will not cause undue delay in the case or prejudice the BSP Defendants. This case has long been settled. The final approval hearing is now scheduled for January 28, 2021. The

Plaintiffs' final approval brief is due January 21, 2021. All Defendants have agreed not to oppose the motion so long as it conforms to the settlement agreement. Withdrawal of EGS from representing the BSP Defendants will not prejudice them or delay the case—in fact, it should cause no delay at all as they are already represented by other counsel.

Accordingly, the Court should exercise its "considerable discretion in deciding a motion for withdrawal of counsel" to grant EGS's motion. *SEC v. Pentagon Capital Mgt. PLC*, 2013 WL 5815374, at *4 (S.D.N.Y. Oct. 29, 2013).

## CONCLUSION

For the foregoing reasons, EGS requests that the Court grant its motion to withdraw from representing Defendants Pasta Perfect, LLC, IM 60 Street, Wonderful Restaurant, LLC, Brian Galligan, and Il Mulino USA.

                                                Respectfully submitted,

                                                ELLENOFF GROSSMAN & SCHOLE LLP

                                                BY:       /S/              
                                                     Amanda M. Fugazy
                                                     Paul P. Rooney
                                              1345 Avenue of the Americas, 11th Fl.
                                              New York, New York 10105
                                              Tel: (212) 370-1300
                                              *Attorneys for Defendants IMNY GS LLC, GFB Restaurant Corp., Wonderful Restaurant LLC, K.G. IM Management LLC, Pasta Perfect LLC, IM 60 Street, Il Mulino USA, IM LLC-1, Brian Galligan, Gerald Katzoff*

Dated: January 11, 2021
       New York, New York