# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

January 14, 2021

**VIA ECF**

Honorable Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Argudo, et al. v. Parea Group Ltd., et al.*, 18-CV-0678 (JMF)

Dear Judge Furman,

  We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Class in the above-referenced matter.  We write in response to the letter filed earlier today by Goodwin Proctor LLP on behalf of the "Acquired Parties" (Defendants Pasta Perfect, LLC and IM 60th Street, LLC) they now represent.

  Earlier in the day, Goodwin filed a Notice of Appearance on behalf of the Acquired Parties, presumably to address Ellenoff Grossman & Scholl LLP's (EGS) motion to withdraw as attorney for Defendants Pasta Perfect, LLC, IM 60 Street LLC, Wonderful Restaurant, LLC and Brian Galligan, as well as Il Mulino USA, LLC.  In short, Goodwin now represents two of the five Defendants from which EGS move to withdraw as counsel.

  At the risk of stating the obvious: The entirety of Goodwin's letter to the Court is puzzling.  Goodwin does not deny that all Defendants are jointly and severally liable for the obligations in the Settlement Agreement.  To be sure, there is no relief sought in the Letter.  We can only surmise that Goodwin hoped to throw their clients' frustrations with the other Defendants and/or with Plaintiffs' Counsel (it is unclear what those would be) against the wall and hope that somehow this magically results in some sort of relief from their clients' uncontested obligations under the Settlement Agreement.

  It appears Goodwin is attempting to "negotiate" a settlement off of the existing settlement through a letter to Your Honor.  What exactly do they expect?  That the Court will grant them a release from their clear obligations under the Agreement (which, again, they do not contest) because of their stated frustrations with Mr. Katzoff and/or Ms. Fugazy?!  While we do

not believe any such discussion is appropriately before the Court, we note that Defendants "offer" of $500,000 indicates that the Acquiring Defendants have access to some money that should have been used to partially fund the settlement. It seems that what the Acquired Parties are saying is they will not do what they committed to Plaintiffs and to the Court unless they obtain a completely unjustified relief from their obligations.

      We simply respectfully note: (A) the aforementioned absurdities of Goodwin's letter, (B) that Wonderful Restaurant, LLC and Brian Galligan still have until January 19, 2021 to oppose EGS's motion, and if it is granted, Mr. Galligan (who can appear *pro se*) and Wonderful Restaurant LLC have plenty of time to find new counsel, and (C) with respect to Il Mulino USA, LLC—we note that there is technically no conflict between them and the Defendants EGS has not sought a withdrawal for. Given that Il Mulino USA's appearance at the Fairness Hearing would be solely for the purpose of liquidating their claim in bankruptcy (any enforcement proceeding would be subject to the automatic stay in that bankruptcy), their representation should not hold up the Fairness Hearing. If the only way to avoid that is a denial of EGS's motion with respect to that one Defendant, we oppose the motion in that one respect. We are prepared to file a formal opposition on this point if the Court deems one necessary.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**


   /s/ *D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)