UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY ARGUDO and DIEGO SANAY, on behalf of themselves and others similarly situated<br><br>    Plaintiffs,<br> v.<br><br>PAREA GROUP LLC, d/b/a TRATTORIA IL MULINO, IMNY GS LLC d/b/a IL MULINO TRIBECA, GFB RESTAURANT CORP. d/b/a IL MULINO DOWNTOWN, WONDERFUL RESTAURANT LLC d/b/a IL MULINO UPTOWN, K.G. IM MANAGEMENT, LLC, PASTA PERFECT LLC, IM 60 STREET, IL MULINO USA, LLC, IM LLC-I, BRIAN GALLIGAN, and GERALD KATZOFF,<br><br>    Defendants. | 18 CV 678 (JMF) |

## FINAL ORDER AND JUDGMENT

The Court, having considered the Settlement Agreement and Release dated July 15, 2020 ("Agreement") and all other materials properly before the Court hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Agreement.

2. The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Class Members, and the Collective Action Members.

3. The Court also has jurisdiction over IMNY GS LLC d/b/a Il Mulino Tribeca, GFB Restaurant Corp. d/b/a Il Mulino Downtown, Wonderful Restaurant LLC d/b/a Il Mulino Uptown, K.G. IM Management, LLC, Pasta Perfect LLC, IM 60 Street, IM LLC-I, Brian Galligan, and Gerald Katzoff (the "Non-Debtor Defendants").

4. The Court also has jurisdiction over Defendant Il Mulino USA, LLC solely for the purposes of consummating and effectuating the terms of the Settlement Agreement and Release. (Il Mulino USA, LLC together with the Non-Debtor Defendants are referred collectively as the "Settling Defendants.")

5. The Agreement was reached between Plaintiffs, as Class Representatives of the Fed. R. Civ. P. Rule 23 Class in this matter, and the Settling Defendants.

6. The Court finds that the Agreement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the settlement, including the releases and other terms, as fair, reasonable and adequate as to the Settling Defendants, the Claimants, and the Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

7. The Court finds that the procedures for notifying the Class Members about the settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members provided adequate, due, sufficient, and valid notice of the settlement.

8. The action is dismissed on the merits and with prejudice with respect to the Settling Defendants, permanently barring the Plaintiffs and all other Authorized Claimants and Class Members from filing, commencing, prosecuting, or pursuing the claims released by the Agreement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

9. The amount payable to individual Claimants totals $1,072,733.08.

10. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $830,302 for attorneys' fees, and $9,091.86 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case.

11. The service awards of $10,000 each for the Named Plaintiffs, as set forth in Section 3.3 of the Agreement, are approved to reimburse them for their unique services in initiating and maintaining this litigation.

12. The Court awards the Claims Administrator $39,186.50 for its reasonable costs expended in administering the Settlement.

13. Accordingly, in accordance with the terms of Section 3.1(A) of the Agreement, Judgment is entered against the Settling Defendants, jointly and severally, in the following amounts ("Judgment Amounts"):

| Defendant | Judgment Amount |
|---|---|
| Pasta Perfect, LLC | $1,500,000.00 |
| Il Mulino USA, LLC | $1,500,000.00 |
| IM LLC-1 | $1,500,000.00 |
| IMNY GS, LLC | $1,971,313.44 |
| GFB Restaurant Corp. | $1,971,313.44 |
| Wonderful Restaurant, LLC | $1,971,313.44 |
| K.G. IM Management, LLC | $1,971,313.44 |
| IM 60 Street | $1,971,313.44 |
| Brian Galligan | $1,971,313.44 |
| Gerald Katzoff | $1,971,313.44 |

14. The entire Lawsuit is dismissed with prejudice and without costs to any party. All Class Members are barred and permanently enjoined from participating in any other individual or class lawsuit against the releasees concerning the released claims.

15. Pursuant to Fed. R. Civ. P. 62(a), this Judgment shall not be stayed for 30 days and shall be effective immediately upon entry and the Class is authorized seek immediate enforcement of the Judgment.

16. The Court awards post-judgment interest at the rate set forth in 28 U.S.C. § 1961 against the Settling Defendants — with the exception of Il Mulino USA LLC which is subject to an automatic stay in bankruptcy — from the date this Judgment is entered until the Settling Defendants comply with the Judgment.

17. Pursuant to New York Labor Law § 198(4), interest on all monies not paid within ninety (90) days of this Judgment shall be automatically awarded at the rate of 15% of the Judgment. For the avoidance of doubt, each Settling Defendants' Judgment Amount set forth in paragraph 13 above — with the exception of Il Mulino USA LLC's Judgment Amount which is subject to an automatic stay in bankruptcy — shall be increased by 15% if it is not paid within 90 days of this Judgment and Order.

18. In addition to the Judgment Amounts set forth above, the Court Ordered Defendants to pay $62,000 as a discovery sanction (which has already been paid), *see* ECF No. 130. These sums shall be distributed to Class Counsel and Claimants on a *pro rata* basis. For the avoidance of doubt, Class Counsel shall recover one-third of this sum and the remaining two-thirds of the sum shall be paid to each Claimant on a *pro rata* basis based on the percentage of Net Settlement Fund that each of them is entitled to.

19. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

20. The Parties are ordered to carry out the Settlement as provided in the Agreement.

21. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

22. Defendant Parea Group LLC is not a party to the Settlement Agreement and proceedings against it have been automatically stayed by reason of Section 362 of the Bankruptcy Code. ECF No. 77. In light of the resolution of all other claims and the stay, the **Clerk of Court is directed to administratively close this case** subject to the right of either Plaintiffs or Parea Group LLC to reopen within 21 days of the conclusion of bankruptcy proceedings, or the lifting or modification of the automatic stay as applied to this action.

23. The Clerk of Court is also directed to terminate ECF Nos. 262 and 264.

IT IS SO ORDERED.

Dated: January 29, 2021
New York, New York

_____
Honorable Jesse M. Furman, U.S.D.J.